MITCHELL L. PASHKIN, ATTORNEY AT LAW

DEBT COLLECTIONDEFENSE    CONSUMER PROTECTION

COURT ACTIONS, TRIALS AND APPEALS

Mitchell L. Pashkin, Esq., Principal

<u>Admitted</u>
Supreme Court of the United States
United States Court of Appeals for the Second Circuit
Eastern, Southern and Western Federal District of New York
New York State

                           Cell:  (631) 335-1107
                            Tel:  (631) 629-7709
                            Fax:  (631) 824-9328

[mpash@verizon.net](mailto:mpash@verizon.net)

<u>775 PARK AVENUE, STE. 255, HUNTINGTON, NY  11743</u>

Honorable Roanne L. Mann
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York  11201

Re:    Opposition to Plaintiff's Motion for
        A Nunc Pro Tunc Order Allowing Late Filing of Proof of Service
        Prage v Kavulich & Associates, P.C., et. al, 16-cv-1627-CBA-RLM

September 28, 2016

Dear Magistrate Mann:

       I represent Defendants.  Plaintiff's motion seeks a nunc pro tunc Order allowing Plaintiff to file proof of service on Defendant Gary Kavulich.

       Plaintiff commenced this action by filing a Complaint in this court on April 2, 2016.  Per the Affidavit of Service (ECF 19), Plaintiff allegedly served Gary Kavulich on May 11, 2016.  Plaintiff did not file the Affidavit of Service or any other proof of service with this court until September 8, 2016.  See ECF 19.  Therefore, Plaintiff filed proof of service over 5 months after Plaintiff commenced this action.

In Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist., 89 F.Supp.3d 450 (E.D.N.Y., 2015), the Honorable Arthur Spatt held that FRCP 4(m) required a plaintiff to file proof of service within 120 days or show good cause for a failure to file proof of service within 120 days. Since the plaintiff failed to show good cause for the failure to file proof of service within 120 days, Judge Spatt dismissed the action. The pertinent provisions of Judge Spatt's decision are set forth below:

> "If a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice or order that service be made within a specified time," unless "the plaintiff shows good cause for the failure." Fed.R.Civ.P. 4(m).
>
> A plaintiff is also required to file proof of such service, *see Hiller v. Farmington Police Dep't,* No. 3:12–CV–1139–(CSH), 2014 WL 992790, at *2 (D.Conn. Mar. 13, 2014). The district courts in this circuit have generally interpreted Rule 4(m) to require plaintiffs to do so within the aforementioned 120–day period. *Id.; Funches v. Connecticut Dep't of Pub. Health,* No. 308–CV–1714 (RNC), 2010 WL 122445, at *1 (D.Conn. Jan. 7, 2010) ("Plaintiff failed to submit proof of service of process within 120 days of filing the complaint, as required by Fed.R.Civ.P. 4(m)."); *Nieves v. Gonzalez,* No. 05–CV–00017S (SR), 2006 WL 758615, at *7 (W.D.N.Y. Mar. 2, 2006) (same), although concededly the provision does not expressly require that action. The Court follows this interpretation of Rule 4(m) because to hold otherwise—that is, to hold that failure to file proof of service within the 120–day period does not mandate dismissal of the action—would eviscerate the remedial provisions of Rule 4(m)."
>
> "As stated above, the Freeport Defendants removed this action on July 9, 2014. More than 120 days have since elapsed without the Plaintiff filing proof of service of the summons and complaint on the Non–Freeport Defendants, namely Jane Doe and the three infant defendants. Because Plaintiff has failed to file proof of service on these Defendants within the 120–day window or show "good cause" for the delay, Rule 4(m) provides that the Court "must dismiss the action without prejudice ... or order that service be made within a specified time." Therefore, the Court dismisses the action against the Non–Freeport Defendants without prejudice. *Richardson v. City of N.Y.,* No. 11 Civ. 02320(LGS), 2013 WL 6476818, at *11 (S.D.N.Y. Dec. 10, 2013)."

Plaintiff's motion argues for this court to issue a nunc pro tunc Order allowing Plaintiff to file proof of service on Defendant Gary Kavulich pursuant to FRCP 4(l)(3). However, FRCP 4(l)(3) only sets forth that "[t]he court may permit proof of service to be amended." FRCP 4(l)(3) does not contain any provision regarding the actual filing of the proof of service or excusing the untimely actual filing of the proof of service. Based on the other provisions of FRCP 4(l), the amendment of the proof of service allowed by FRCP 4(l)(3) must refer only to the contents of the proof of service rather than the timeliness of the actual filing of the proof of service. Plaintiff's motion does not set forth a case which holds that FRCP 4(l)(3) covers the timeliness of the actual filing of the proof of service. Reid ex

rel. Roz B. v. Freeport Pub. Sch. Dist., 89 F.Supp.3d 450 (E.D.N.Y., 2015) contradicts Plaintiff's reliance on FRCP 4(l)(3).

Plaintiff's motion does not set forth any reasons for Plaintiff's failure to file proof of service until September 8, 2016. Plaintiff therefore has not shown good cause for this court to excuse Plaintiff's failure to timely file proof of service. As a result, Plaintiff's motion must be denied or this court must dismiss this action as against Defendant Gary Kavulich. Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist., 89 F.Supp.3d 450 (E.D.N.Y., 2015).

Plaintiff also filed proof of service on the other Defendants beyond the time allowed by the FRCP. See Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist., 89 F.Supp.3d 450 (E.D.N.Y., 2015). Even if the state law provision regarding service on these Defendants does not require the filing of proof of service, this action was commenced in this court; and the FRCP requires timely filing of proof of service. The late filing of proof of service on the other Defendants as well as on Defendant Gary Kavulich without a showing of good cause to excuse the late filing should result in the dismissal of this entire action. Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist., 89 F.Supp.3d 450 (E.D.N.Y., 2015).

Sincerely,
*Mitchell L. Pashkin*
Mitchell L. Pashkin