# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900
FAX:  (877) 496-7809

February 7, 2017

VIA ECF
Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East

    Re:    **Plaintiff's request for pre-motion conference for Plaintiff's proposed Motion for Summary Judgment.**
*Romain Prage v. Kavulich & Associates, 1:16-cv-01627-cba-rlm,* **EDNY**

Dear Judge Mann,

    The undersigned represents Plaintiff in this Fair Debt Collection Practices Act and General Business Law case. Plaintiff submits this letter requesting a pre-motion conference for Plaintiff's proposed Motion for Summary Judgment.

### *Statement of facts*

    This suit arises from the unlawful debt collection practices of Defendants during a state court collection case against now-Plaintiff Romain Prage. Defendants restrained and attempted to seize Plaintiff's statutorily exempt funds, objected to Mr. Prage's notice of exemption without a reasonable basis to do so, and intentionally misstated New York law in the process (both orally and in written submissions to the underlying state court). Defendants then refused to withdraw their objection in the face of indisputable documentary evidence that the funds were entirely statutorily exempt, all for the purpose of attempting to coerce Mr. Prage to make payments from an exempt source and in the hope that Mr. Prage would default by failing to appear at state court hearings on the exemption objection. Indeed, on or about May 7, 2015, Plaintiff presented his proof to Jonathan Kingston, an appearance attorney handling the state court hearing on behalf of the judgment creditor. Mr. Kingston dismissed the evidence and told Plaintiff "I do not want to hear about your case unless you are willing to settle."[1]

### *Summary of FDCPA claims*

Plaintiff has two major FDCPA claims for which he is moving for summary judgment:

1. Kavulich lied to the least sophisticated consumers about their rights to challenge an objection to their claim the funds in their restrained accounts were exempt.

---

[1] Kavulich has filed a motion to quash the deposition of Mr. Kingston, a key witness whose testimony is important to remove any factual dispute that Kavulich was provided the April 16 affirmation that provided irrefutable evidence that the money in the account was entirely exempt. Mr. Prage also provided additional documentation on May 7, 2015, providing further proof that the only money in the account was exempt unemployment benefits.

1

2. Kavulich continued to object to the exemption claim despite irrefutable evidence that the money in the account was exempt unemployment benefits.

Both of these violations are similar to suing or threatening to sue on a time-barred debt, a practice that all courts agree violates the FDCPA. *See, e.g., Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32–22 (3d Cir. 2011) (per curiam); *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 332–33 (6th Cir. 2006). In both instances, the debt collector advances a legal claim—a lawsuit or an objection—that represents to the least sophisticated consumer an entitlement to relief not legally available.

The least sophisticated consumer, who—like Mr. Prage—typically lacks legal representation, is simply not in a position to know that the debt collector has an unwinnable claim. *See Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987) ("Because few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts, such consumers would unwittingly acquiesce to such lawsuits."); *see also Cameron v. LR Credit 22, LLC*, 998 F. Supp. 2d 293, 300 (S.D.N.Y. 2014) ("the threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate") (citation omitted);

Kavulich's April 16, 2015 affirmation in support of the objection to Mr. Prage's exemption claim contained the following misstatements of law:

1. "[i]f [exempt] funds were/are co-mingled with non-exempt funds, the law clearly states that the otherwise exempt funds lose their protected status**";**

2. "[w]ithout comprehensive proof of what funds are in the subject account(s) and that they meet the statutory requirements entitling those funds to an exemption, Plaintiff/Judgment/Creditor is entitled to any non-exempt funds to satisfy the underlying judgment."

Remarkably, Kavulich admits that both of these statements are false, and further that these are boilerplate objections he makes in all objections to exemption claims. Allowing debt collectors to raise frivolous objections to unmistakably valid exemption claims encourages similar manipulation and misuse, leading the least sophisticated consumers to assume that they have no valid exemption claim and no choice but to surrender their exempt funds. As the NYS legislature noted, these conditions cause debtors to make payments of exempt funds to judgment creditors. "All too often . . . creditors ignore[d] calls from debtors, demand[ed] a debt payment as a condition of releasing the account, or insist[ed] on proof of the exemption." Senate Introducer's Memorandum in Support, NY S.6203-B (2008).

Further, under CPLR 5222-a(d) a judgment creditor must "demonstrate a reasonable belief that [a] judgment debtor's account contains funds that are not exempt from execution and the amount of such nonexempt funds." An affidavit or affirmation submitted by the judgment creditor in accordance to CPLR 5222-a(d) "is required to show the factual basis upon which the reasonable belief is based." Yet, the April 16, 2015 Affirmation did not show any factual basis for Kavulich's assertion that funds in the Savings Account were not exempt from execution, nor does the Affirmation state the amount in the Savings Account that Defendants believed was not

exempt from execution. Rather, the Affirmation contained only boilerplate and conclusory statements in support of the Objection.

To facilitate the prompt release of an account containing exempt funds, the Exemption Claim Form instructs judgment debtors to submit "proof" that the funds in their account are exempt. N.Y. CPLR 5222-a(b)(2). Proof of an exemption can "include an award letter from the government, an annual statement from your pension, pay stubs, copies of checks, bank records showing the last two months of account activity, or other papers showing that the money in your bank account is exempt." *Id.* Where an Exemption Claim Form sent to the judgment creditor "is accompanied by information demonstrating that all funds in the account are exempt" the restraint is deemed void and the judgment creditor must instruct the banking institution to release the account within seven days of the postmark on the envelope containing the Exemption Claim Form. N.Y. CPLR 5222-a(c)(4).

At each step along the way, from April 3, 2014, the date on which Kavulich froze Mr. Prage's Savings Account, through May 22, 2014 when the state court made the judicial finding that the money in the account was exempt and ordered its release, Mr. Prage provided Kavulich more and more proof that all of the money in the account constituted exempt unemployment benefits. By May 8, 2015, Mr. Prage provided Kavulich with what by any standard was irrefutable documentary proof of complete exemption. Yet Kavulich refused to release the account until directly ordered to do so by the state court on May 22, 2015, and then improperly restrained Mr. Prage's account yet again on July 30, 2015.

## **CONCLUSION**

Kavulich's misstatements of law and refusal to release funds that it knew to be exempt from execution constitute a clear violation of the FDCPA. Plaintiff therefore requests leave to file his Motion for Summary Judgment.


Dated February 7, 2017:

Brooklyn, New York

/s/
Ahmad Keshavarz

CC: all counsel of record via ECF.

3