```
                                                                    1

1    UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
2
     ------------------------------x
3                                             16-CV-01627(CBA)
     PRAGE,
4                                             United States Courthouse
              Plaintiff,                      Brooklyn, New York
5
              - versus -                      March 08, 2017
6                                             3:00 p.m.
     KAVULICH & ASSOCIATES, P.C.,
7    et al,

8             Defendants.

9    ------------------------------x

10         TRANSCRIPT OF CIVIL CAUSE FOR PREMOTION CONFERENCE
                  BEFORE THE HONORABLE CAROL B. AMON
11                    UNITED STATES DISTRICT JUDGE

12
     APPEARANCES
13
     Attorney for Plaintiff:   LAW OFFICE OF AHMAD KESHAVARZ
14                             16 Court Street, 26th Floor
                               Brooklyn, New York 11241
15                             BY:  AHMAD KESHAVARZ, ESQ.

16                             SUSAN SHIN, ESQ.
                               Economy Project
17
     Attorney for Defendant:   MITCHELL PASKIN ATTORNEY AT LAW
18                             775 Park Avenue
                               Huntington, New York 11743
19                             BY:  MITCHELL PASHKIN, ESQ.

20
     Court Reporter:           RIVKA TEICH CSR, RPR, RMR
21                             Phone:  718-613-2268
                               Email:  RivkaTeich@gmail.com
22
     Proceedings recorded by mechanical stenography.  Transcript
23   produced by computer-aided transcription.

24

25

                       Rivka Teich CSR, RPR, RMR
                         Official Court Reporter
```

1           (In open court.)

2           COURTROOM DEPUTY: 16-CV-1627, Prage V. Kavulich &

3    Associates, on for premotion conference.

4           THE COURT: All right. Will the parties state their

5    appearances, please.

6           MR. KESHAVARZ: Ahmad Keshavarz for the plaintiff.

7           MS. SHIN: Susan Shin, Economy Project, also for the

8    plaintiff.

9           MR. PASHKIN: Mitchell Pashkin for the defendants,

10   your Honor. Good afternoon.

11          THE COURT: Good afternoon. Now I understand

12   originally that plaintiff had wanted to move for summary

13   judgment but you realize there is a potentially dispositive

14   case before the Second Circuit.

15          MR. PASHKIN: That's correct.

16          THE COURT: And do you agree if the Second Circuit

17   opposed the decision of the judge of the Southern District,

18   this should be dismissed?

19          MR. KESHAVARZ: As to one of the claims. There are

20   two claims, one which might be governed by Arias on appeal.

21   And the second claim about twice executing on the judgment on

22   my client's exempt money after he won in state court.

23          The Court says the money is exempt. They then

24   execute on his bank account again. I sue them and they

25   execute his bank account again. But those have nothing to do

1 with Arias.

2 THE COURT: What kind of cause of action?

3 MR. KESHAVARZ: That's FDCPA violation, unfair and
4 inconscionable conduct.

5 THE COURT: The decision in the Second Circuit
6 wouldn't cover that?

7 MR. KESHAVARZ: No, it wouldn't affect that issue.

8 THE COURT: You want to stay this case pending the
9 decision in the Circuit.

10 MR. KESHAVARZ: I think it would make more sense.
11 Because one of the issues will be dispositive on one of the
12 claims. We could do briefing, and then the Second Circuit
13 could rule, and it could have an effect one way or another on
14 one of our main claims. I don't know if it would be most
15 efficient way to have the motion. But we had a deadline to
16 file a letter for a premotion conference to reserve our
17 rights, I want to make sure we do that. Oral argument is in
18 April. Obviously we can't tell how long the Second Circuit
19 might take to issue an opinion

20 THE COURT: What is your position, Mr. Pashkin?

21 MR. PASHKIN: It's hard to say whether the Second
22 Circuit decision would be dispositive because I think the
23 Second Circuit can go three ways. Of course they could just
24 reverse the lower court decision, but they could uphold it,
25 and it depends on how they uphold it. For example, the lower

1   court decision was based on substantially two factors.  One
2   was that the debt collector in that case, they followed the
3   procedure authorized by state law; and therefore, they did not
4   commit any misrepresentations.  But the other aspect of the
5   case, was the principal that when the state court is available
6   to provide the protections to a consumer that the FDCPA is
7   designed to provide, then the FDCPA is not applicable.
8           So if the Second Circuit relies on that portion of
9   the decision, then there is really nothing left of this aspect
10  of the case.
11          But, if they don't solely rely on that and for
12  example they turn to whether there were false
13  misrepresentations or could be false representations, even
14  when a debt collector is complying with state law, then what
15  we could be left with this cause of action no matter how the
16  Second Circuit rules because it could be still be fact-driven.
17          For example, the Second Circuit in Eades V. Kennedy,
18  has come out and said in the context of litigation papers,
19  when we file papers in a state court, they've already said
20  pretty much that there could be a cause of action if the
21  filing is frivolous or baseless, versus there is no cause of
22  action if the only problem is that the debt collector did not
23  have or may not have had sufficient evidence at the time they
24  filed.  So, we could still be back here with a fact-driven
25  determination as to whether the filings by the defendants were

1 frivolous or baseless, or just, perhaps lack sufficient
2 evidence.
3     THE COURT: The question is, do you object to a
4 stay?
5     MR. PASHKIN: You know, no, I don't.
6     THE COURT: Okay. Then I'll just stay any further
7 proceedings in terms of having to file this motion you're on
8 record if you want to file it. And plaintiffs counsel has
9 responsibility of advising the Court as soon as that case is
10 decided so we can get this back on the record if we need to.
11     MR. PASHKIN: For the record, your Honor, I would
12 also like to file a cross motion for summary judgment when the
13 time comes.
14     THE COURT: Did you file a letter indicating that?
15     MR. PASHKIN: No, because before the time expired to
16 file the letters you had ordered this conference, so I did not
17 take that step, but basically it would be --
18     THE COURT: Why don't you put into a letter now what
19 your motion would be about.
20     MR. PASHKIN: Okay.
21     THE COURT: All right, thank you.
22     MR. KESHAVARZ: Thank you, your Honor.
23     (Matter concluded.)
24
25