CONSUMER CREDIT TRANSACTION. THIS IS AN ATTEMPT TO COLLECT A DEBT
AND ANY INFORMATION OBTAINED WILL BE USED TO COLLECT THIS DEBT.
CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------X

Kelly Street Realty, Inc.,
                    Plaintiff.

**100350**

INDEX NO.
FILE NO. 4778

        -against-

SUMMONS
Place of Venue is Plaintiff's
place of business:

Laura Marrero,

928 Kelly Street
Bronx, NY 10459

                    Defendant(s)

-----------------------------------------------------X

To the above named defendants(s):

   YOU ARE HEREBY SUMMONED to appear at the CIVIL COURT OF THE CITY OF
NEW YORK, COUNTY OF BRONX at the office of the clerk of the said Court at 851 Grand
Concourse, Bronx, NY 10451, in the COUNTY OF BRONX, State of New York, within the
time provided by law as noted below and to file an answer to the below complaint with the
clerk: upon your failure to answer, judgment will be taken against you for the sum of
$23,338.92 with interest thereon from May 1, 2003 together with costs of this action.

DATED:  October 22, 2008

By: Gary Kavulich, Esq.,
Kavulich & Associates, P.C.
Attorney for Plaintiff
30 Church Street
Suite 26
New Rochelle, NY  10801
(914) 355-2074

Defendant's Address:
 Laura Marrero
2303 Belmont Avenue, Apt. 5
Bronx, NY 10458-8343

Note:  The law provides that: (a) If the summons is served by its delivery to you personally
within the City of New York, you must appear and answer within TWENTY days after such
service; or (b) If the summons is served by any means other than personal delivery to you
within the City of New York, you must appear and answer within THIRTY days after proof of
service thereof is filed with the Clerk of this Court.

## COMPLAINT

**FIRST ACTION**: Plaintiff seeks to recover damages from defendant(s) for breach of a lease agreement in the sum of $22,838.92 representing rental arrears for the months of May, 2003 balance of $625.70; June, 2003 through and including October, 2004 at the agreed monthly sum of $1,306.66 for the premises known as 928 Kelly Street, Apt.#1 Bronx, NY 10459 together with costs and disbursements of this action and for such other and further relief as the court may deem just.

SECOND ACTION: Plaintiff seeks to recover damages from the defendant in the sum of $0.00 representing damages together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**THIRD ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $500.00 representing reasonable attorneys fees together with costs and disbursements of this action and for such other further relief as the Court may deem just.

**WHEREFORE**, Plaintiff demands judgment (A) on the First Action, in the sum of $22,838.92 plus interest from May 1, 2003 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (B) on the Second Action, in the sum of 0.000 plus interest from May 1, 2003 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (C) on the Third Action, in the sum of $500.00 together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

The Plaintiff in this action is NOT required to be licensed by the New York City Department of Consumer Affairs.

TRANSACCION DE CREDITO DEL CONSUMIDOR IMPORTANTE!! UD. HA SIDO DEMANDADO! ESTE ES UN DOCUMENTO LEGAL-UNA CITACION! NO LA BOTE!! CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). ISI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES (PROPIEDAD) Y PERJUDICAR SU CREDITO!! TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR TODOS LOS GASTOS LEGALES (COSTOS)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE IMMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO LA CORTE LE AYUDARA.

COURTE CIVIL DE LA CUIDAD DE NUEVA YORK,
Condado de Bronx

Indice #
-------------------------------------------------------X      Claim # 4778

Kelly Street Realty, Inc.,

                              Demandante,        CITATION
                                                 La razon de haber designado
                                                 Esta Corte es:
        -contra-                                 928 Kelly Street
                                                 Bronx, NY 10459

Laura Marrero,
                       Demandado(s).

-------------------------------------------------------X

Al demandado arriba mecionado:

   USTED ESTA CITADO  a comparecer en la Corte Civil de la Ciudad de Nueva York, Condado de Bronx a la oficiana del Jefe Principal de dicha Corte en  851 Grand Concourse, Bronx, NY 10451, in the COURTE CIVIL DE LA CUIDAD DE NUEVA YORK, NY en el Condado de Nueva York Ciudad y Estado de Bronx, dentro del tiempo provisto por la ley segun abajo indicado y presentar respuesta a la Demanda ajunta al Jefe de la Corte, si usted no comparece a contester, se diclara juicio en contra suya en la suma de $23,338.92 con intereses May  1, 2003, incluyendo los costos de esta causa.

Fechado: October  22, 2008

                                        By: Gary Kavulich, Esq.
                                        Kavulich & Associates, P.C.
                                        30 Church Street, Suite 26
                                        New Rochelle, NY 10801
                                        914-355-2074

Defendant's Address
Laura Marrero
2303 Belmont Avenue Apt. 5
Bronx, NY, 10458-8343
Nota: La ley provee que: (a) Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparece y responder dentro de Viente dias despuesde la entrega, (b) Si esta citacion es entregada a otra persona que no fuera usted personalmente, o si fuera entregada afuera de la Ciudad de Nueva York, o por medio de publicacion, o por otros medios que no fueran entrega personal a usted en le Ciudad de Nueva York, usted tiene Treinta dias para comparecer y responder la demanda, despues de haberse presentado prueba de entrega de a citacion al Jefe de esta Corte.

# COMPLAINT

**PRIMERA ACCIÓN:** el Demandante procura recuperar daños del demandao (s) para la violación de un acuerdo de arriendo en la suma de $22,838.92 dólares que representan atrasos de alquiler para los meses del equilibrio May, 2003  balance of $625.70;  dólares; June, 2003  a través de e incluso  October, 2004  en la suma mensual concordada de $1,306.66 local conocido come 928 Kelly Street #1  Bronx, NY 10459 juntos con gastos y desembolsos de esta acción y para tal otro alivio y adicional como el tribunal puede juzgar sólo.

**SEGUNDA ACCIÓN:** el Demandante procura recuperar daños del demandado en la suma de $ 0 dólares que representan daños juntos con gastos y desembolsos de esta acción y para tal otro alivio y adicional cuando el Tribunal puede juzgar sólo.

**TERCERA ACCIÓN:** el Demandante procura recuperar daños del demandado en la suma de $ 500.00  dólares que representan honorarios de abogados razonables juntos con gastos y desembolsos de esta acción y para tal otro alivio y adicional cuando el Triunal puede juzgar sólo.

**POR QUE**, el Demandante exige el juicio (A) en la Primera Acción, en la suma de $22,838.92 Dólares más el interés a partir del May 1, 2003 juntos con gastos y desembolsos de esta acción y para tal otro alivio y adicional cuando el Tribunal puede juzgar sólo, (B) en la Segunda Acción, en la suma de $0 dólares más el interés el 1 de May 1, 2003 juntos con gastos y desembolsos de esta acción y para tal otro alivio y adicional come el Tribunal pueden juzgar sólo, (C) en la Tercera Acción, en la suma de $500.00 dólares más el interés el  juntos con gastos y desembolsos de esta acción y para tal otro alivio y adicional cuando el Tribunal puede juzgar solo.

El Demandante en Esta Accion no esta obligado a ser licenciado por el Departamento de asuntos de Consumidor de la Ciudad de Nueva York.

## AFFIDAVIT OF SERVICE

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 100350/08
Filed: _____

Attorneys: Kavulich & Associates, P.C.
Address: 30 Church Street, Suite 26, New Rochelle, NY 10801     File No. 4778

KELLY STREET REALTY INC,
vs.
LAURA MARRERO,

State of New York County of Nassau SS:
Aston G. Evans II, being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age. On November 8, 2008 at 6:41p.m.
At: 2303 Belmont Avenue, Apt. 5, Bronx, NY 10458 served the within Summons and Complaint
on: LAURA MARRERO, Defendant therin named

| | |
|---|---|
| Individual<br>[] | By delivering a true copy of each to said recipient: deponent knew the person served to be the person described as said person therein. |
| Corporation<br>[ ] | By delivering to and leaving with _____ and that deponent knew the person so served and authorized to accept service on behalf of the Corporation |
| Suitable Age<br>Person<br>[] | By delivering a true copy of each to a person of suitable age and discretion Said premises is recipients [ ] actual place of business [] dwelling house within the state. |
| Affixing<br>to Door<br>[X] | By affixing a true copy of each to the door of said premises, which is recipients [ ] actual place of business   [X] dwelling house (place of abode) within the state |
| Mail Copy<br>[ X ] | On November 10, 2008 deponent completed service under the last two sections by depositing a copy of the Summons and Complaint to the above address in a 1st Class properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. |

Deponent was unable, with due diligence to find the recipient or a person of suitable age and discretion having called thereat:

On the 5th day of November, 2008  at 9:45a.m.
On the 7th day of November, 2008  at 4:20p.m.
On the 8th day of November, 2008  at 6:41p.m.

Description  A description of the Defendant, or other person served on behalf of the Defendant
[] Sex:__Color of skin: ____Color of Hair: _____Age: _____Height:____ Weight: ____

Military Svce  Deponent asked person spoken to whether the recipient was presently in military
[X]       service of the United States Government or of the State of New York and was
         informed that the recipient is not. Recipient wore civilian clothes and no military uniform

Other
[X]"John Doe" neighbor stated that the Defendant is not in the military.

Sworn to before me on this 10 day of 11/08

_____
New York State Notary Public
County of Bronx
Cheryl Marsh
Lic. No. 01MA6042816
Commission Expires June 5,2010

Aston G. Evans II
LIC# 1220069

## AFFIDAVIT OF SERVICE

CIVIL COURT OF THE CITY OF NEW YORK                Index No. 100350/08
COUNTY OF BRONX                                    Filed: _____

Attorneys: Kavulich & Associates, P.C.
Address: 30 Church Street, Suite 26, New Rochelle, NY 10801        File No. 4778

KELLY STREET REALTY INC.
vs.
LAURA MARRERO,

State of New York County of Nassau SS:
Aston G. Evans II, being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age. On November 8, 2008 at 6:41p.m.
At: 2303 Belmont Avenue, Apt. 5, Bronx, NY 10458 served the within Summons and Complaint
on: LAURA MARRERO. Defendant therin named

| | |
|---|---|
| Individual<br>[ ] | By delivering a true copy of each to said recipient; deponent knew the person served to be the person described as said person therein. |
| Corporation<br>[ ] | By delivering to and leaving with _____ and that deponent knew the person so served and authorized to accept service on behalf of the Corporation |
| Suitable Age<br>Person<br>[ ] | By delivering a true copy of each to a person of suitable age and discretion Said premises is recipients [ ] actual place of business [] dwelling house within the state. |
| Affixing<br>to Door<br>[X] | By affixing a true copy of each to the door of said premises, which is recipients [ ] actual place of business   [X] dwelling house (place of abode) within the state |
| Mail Copy<br>[ X ] | On November 10, 2008 deponent completed service under the last two sections by depositing a copy of the Summons and Complaint to the above address in a 1st Class properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. |

    Deponent was unable, with due diligence to find the recipient or a person of suitable age and discretion having called thereat:

        On the 5th day of November, 2008  at 9:45a.m.
        On the 7th day of November, 2008  at 4:20p.m.
        On the 8th day of November, 2008  at 6:41p.m.

| | |
|---|---|
| Description | A description of the Defendant, or other person served on behalf of the Defendant<br>[] Sex:__Color of skin: ____Color of Hair: _____Age: _____Height: ____ Weight: ____ |
| Military Svce<br>[ X ] | Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or of the State of New York and was informed that the recipient is not. Recipient wore civilian clothes and no military uniform |
| Other | [X]"John Doe" neighbor stated that the Defendant is not in the military. |

Sworn to before me on this 10 day of 11/08

_____

                        Aston G. Evans II
                        LIC# 1220069

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

INDEX NO. 100350/08

Kelly Street Realty, Inc.,

FILE NO. 4778

PLAINTIFF(S)                              JUDGMENT

-AGAINST-

Laura Marrero

928 Kelly Street
Bronx, NY 10459

DEFENDANT(S)

| | |
|---|---:|
| AMOUNT CLAIMED LESS PMTS ON ACCT. | $22,838.92 |
| INTEREST FROM 5/1/2003 | $10,319.75 |
| | $33,158.67 |

| | |
|---|---:|
| COSTS BY STATUTE | $50.00 |
| SERVICE OF SUMMONS AND COMPLAINT | $25.00 |
| FILING OF SUMMONS AND COMPLAINT | $45.00 |
| PROSPECTIVE MARSHALL'S FEE | $40.00 |
| NOTICE OF INQUEST | $0.00 |
| TRANSCRIPT & DOCKETING | $0.00 |
| | $160.00 |
| TOTAL | $33,318.67 |

STATE OF NEW YORK, COUNTY OF WESTCHESTER:
    THE UNDERSIGNED, ATTORNEY AT LAW OF THE STATE OF NEW YORK, ON OF THE
ATTORNEY(S) OF RECORD FOR THE PLAINTIFF(S) IN THE ABOVE ENTITLED ACTION,
STATES THAT THE DISBURSEMENTS ABOVE SPECIFIED HAVE BEEN OR WILL NECESSARILY BE MADE OR INCURRED
THEREIN AND ARE REASONABLE IN AMOUNT: UPON FAILURE TO ANSWER THE TIME OF THE DEFENDANT TO APPEAR
AND ANSWER HEREIN HAS EXPIRED AND THE SAID DEFENDANT HAS NOT APPEARED AND ANSWERED HEREIN.
THE UNDERSIGNED AFFIRMS THIS STATEMENT TO BE TRUE UNDER THE PENALTIES OF
PERJURY.
DATED: WESTCHESTER, NY
    2/12/2009                              ---------------------------------
                                          KAVULICH & ASSOCIATES, P.C.
                                          BY: GARY KAVULICH, ESQ.
                                          30 CHURCH STREET, SUITE 26
JUDGMENT ENTERED ON                       NEW ROCHELLE, NY 10801
SERVICE OF SUMMONS AND COMPLAINT IN THIS ACTION ON THE DEFENDANT(S)
HEREIN HAVING BEEN COMPLETED ON 12/27/2008 WITHIN THE CITY OF NEW YORK ON THAT DAY AND MORE THAN 20
DAYS
    HAVING ELAPSED,
    BY FILING ON SAID DAY OF PROOF OF THE SERVICE THEREOF BY SUBSTITUED SERVICE ON DEFENDANT(S)
AND MORE THAN 30 DAYS HAVING ELAPSED SINCE THE DAY OF COMPLETION OF SERVICE AND THE TIME OF SAID
DEFENDANT(S) TO APPEAR AND ANSWER HAVING EXPIRED, AND
    NOW ON MOTION OF KAVULICH & ASSOCIATES, P.C. ATTORNEY(S) FOR THE PLAINTIFF(S) IT IS, ADJUDGED THAT
Kelly Street Realty, Inc.
RESIDING AT: 928 Kelly Street Bronx, NY 10459
RECOVER OF   Laura Marrero
RESIDING AT: 2303 Belmont Avenue Apt. 5 Bronx, NY 10458-8343
THE SUM OF $22,838.92 WITH INTEREST OF $10,319.75 MAKING A TOTAL OF $33,158.67 TOGETHER WITH $160.00 COSTS
AND DISBURSEMENTS, AMOUNTING IN ALL TO THE SUM OF $33,318.67 AND THAT PLAINTIFF HAVE EXECUTION
THEREFORE.
SECOND AND THIRD CAUSES OF ACTION ARE HEREBY WAIVED.

                                          _____
                                          CLERK

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
----------------------------------------

Kelly Street Realty, Inc.,

PLAINTIFF(S)

AGAINST

Laura Marrero

DEFENDANT(S)
----------------------------------------

AFFIDAVIT OF FACTS
CONSTITUTING THE CLAIM
THE DEFAULT AND THE
AMOUNT DUE

STATE OF NEW YORK COUNTY OF WESTCHESTER
SS: GARY KAVULICH, ESQ. HEREBY DEPOSES AND SAYS UNDER THE PENALTIES OF PERJURY, THAT DEPONENT IS THE
ATTORNEY FOR THE PLAINTIFF(S) IN THE WITHIN ACTION; THIS ACTION WAS COMMENCED BY SUBSTITUED SERVICE
OF THE SUMMONS AND COMPLAINT UPON DEFENDANT(S) AND IS AN ACTION FOR RENT DUE AND OWING FOR (AFTER
APPLICATION OF PAYMENT AND SECURITY DEPOSIT)
May, 2003 balance of $625.70
June, 2003  $1,306.66
July, 2003  $1,306.66
August, 2003  $1,306.66
September, 2003  $1,306.66
October, 2003  $1,306.66
November, 2003  $1,306.66
December, 2003  $1,306.66
January, 2004  $1,306.66
February, 2004  $1,306.66
March, 2004  $1,306.66
April, 2004  $1,306.66
May, 2004  $1,306.66
June, 2004  $1,306.66
July, 2004  $1,306.66
August, 2004  $1,306.66
September, 2004  $1,306.66
October, 2004  $1,306.66
AT THE AGREED MONTHLY RENTAL OF $1,306.66
ALL OTHER CAUSES OF ACTION ARE HEREBY WAIVED AND DISPOSED. AFTER A COMPLETE AND THOROUGH
INVESTIGATION THE DEFENDANT IS FOUND NOT TO BE IN THE MILITARY AND RESIDES WITHIN THE CITY OF NEW
YORK. RENT WAS NOT PAID BY ANY OTHER SOURCE. I MAKE THIS AFFIRMATION UPON INFORMATION AND BELIEF, A
BELIEF PREDICATED UPON CONVERSATIONS WITH MY CLIENT, MY INVOLVEMENT IN THE PROCEEDING AND READING
THE FILE IN THIS CASE.
SECOND AND THIRD CAUSES OF ACTION ARE HEREBY WAIVED.
    WHEREFORE DEPONENT DEMANDS JUDGMENT AGAINST DEFENDANT(S) FOR $22,838.92 WITH INTEREST FROM
5/1/2003 TOGETHER WITH COSTS AND DISBURSEMENTS OF THE ACTION.

----------------------------------------
KAVULICH & ASSOCIATES, P.C.
BY: GARY KAVULICH, ESQ.
30 CHURCH STREET, SUITE 26
NEW ROCHELLE, NY 10801

TO THE DEFENDANT(S): PLEASE TAKE NOTICE THAT THE WITHIN IS A TRUE COPY OF A JUDGMENT MADE AND
ENTERED IN THE WITHIN ENTITLED ACTION AND DULY FILED IN THE OFFICE OF THE CLERK OF THE COUNT ON

DATED: WESTCHESTER, NY                          YOURS, ETC.,
       2/12/2009                                        ATTORNEYS FOR PLAINTIFF

STATE OF NEW YORK, COUNTY OF                    SS:
BEING DULY SWORN, DEPOSES AND SAYS; THAT DEPONENT IS NOT A PARTY TO THE ACTION, IS OVER 18 YEARS OF AGE
AND RESIDES IN

THAT ON            DEPONENT SERVED A TRUE COPY OF THE WITHIN JUDGMENT AND NOTICE OF ENTRY THEREOF
(EACH OF) THE FOLLOWING NAMED DEFENDANT(S) AT THE ADDRESS(ES) INDICATED (FOR EACH):

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------

Kelly Street Realty, Inc.,                                    INDEX NO. 100350/08

                        PLAINTIFF(S)                         AFFIDAVIT OF
                                                             MAILING OF ADDITIONAL
                    -AGAINST-                                NOTICE OF SUIT

Laura Marrero

                        DEFENDANT(S)
--------------------------------------------------------

STATE OF NEW YORK)
COUNTY OF WESTCHESER)  SS:

          GARY KAVULICH, ESQ., BEING DULY SWORN HEREBY DEPOSES AND SAYS:

1  I AM THE ATTORNEY FOR THE PLAINTIFF(S) HEREIN.

2. THE ABOVE ENTITLED ACTION IS AGAINST A NATURAL PERSON AND IS BASED
UPON NON PAYMENT OF A CONTRACTUAL OBLIGATION.

3. ON 11/25/2008, I MAILED A COPY OF THE SUMMONS AND COMPLAINT IN THE ABOVE ENTITLED ACTION BY
DEPOSITING THE ENVELOPE IN AN OFFICIAL DEPOSITORY UNDER THE EXCLUSIVE CARE AND CUSTODY OF THE U.S.
POSTAL SERVICE WITHIN NEW YORK STATE. SAID MAILING WAS BY FIRST CLASS MAIL IN A POSTPAID ENVELOPE,
PROPERLY ADDRESSED TO THE DEFENDANT(S), THE ENVELOPE BORE THE LEGEND
"PERSONAL & CONFIDENTIAL" AND THERE WAS NO INDICATION ON THE OUTSIDE OF THE ENVELOPE THAT THE
COMMUNICATION WAS FROM AN ATTORNEY OR CONCERNED AN ALLEGED DEBT.  AT DEFENDANT(S):

----X-LAST KNOWN ADDRESS AT:  Laura Marrero: 2303 Belmont Avenue Apt. 5 Bronx, NY  10458-8343

-------PLACE OF EMPLOYMENT AT:

THE ENVELOPE BORE THE LEGEND "PERSONAL & CONFIDENTIAL" AND THERE
WAS NO INDICATION ON THE OUTSIDE OF THE ENVELOPE THAT THE
COMMUNICATION WAS FROM AN ATTORNEY OR CONCERNED AN ALLEGED DEBT.

-------A KNOWN ADDRESS OF THE DEFENDANT AT:

THIS ADDRESS IS NOT THE RESIDENCE OR PLACE OF EMPLOYMENT OF THE DEFENDANT.

THE AFOREMENTIONED MAILING:

----X-HAS NOT BEEN RETURNED UNDELIVERABLE BY POSTAL SERVICE.

-------WAS RETURNED UNDELIVERABLE BY POSTAL SERVICE AND WAS RESENT TO THE DEFENDANT AT:

SWORN TO BEFORE ME
ON THIS 30 DAY OF Dec., 2008                GARY KAVULICH, ESQ.

                        FRANK G. BUGLIONE
                   Notary Public, State of New York
                        No. 02BU5020150
                   Qualified in Westchester Co.
                   Commission Expires January 21,
                                2011

                                                             Page 9

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------X

Kelly Street Realty, Inc.,

                            PLAINTIFF,

         -AGAINST-

Laura Marrero,

                 DEFENDANT(S)

---------------------------------------------------------------X

INDEX NO:
FILE NO: 4778

AFFIRMATION OF FACTS
CONSTITUTING THE
AMOUNT DUE

*Anto Culaj*

hereby deposes and says under the penalties of perjury, ss:

That deponent is the managing agent of Kelly Street Realty, Inc., Plaintiff in the within action; this action was commenced by substituted service of the summons and complaint upon defendant(s) and is an action for breach of a lease agreement in the amount of $22,838.92 for the months May, 2003 balance of $625.70;June, 2003 through and including October, 2004 at the agreed monthly rental amount of $1,306.66 per month; (after application of security and after application of payments) no part having been paid, although duly demanded. All other causes of action are hereby waived and disposed of. After a complete and thorough investigation, as I have been informed by Plaintiff's counsel, the defendant(s) is/are found not to be in the military and reside(s) in the City of New York. Rent was not paid by any other source. I make this affirmation upon personal Knowledge.

WHEREFORE, Plaintiff demands judgment against defendant for $22,838.92 with interest from May 1, 2003 together with costs and disbursements of the action.

Dated: 10/22/2008

Sworn to before me
on this 3day of November 2008

*Notary Public*

17,2008

*Anto Culaj*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------X

Kelly Street Realty, Inc.,

Index No. 100350/08
File No. 4778

Plaintiff,

-against-

**AFFIDAVIT OF
INVESTIGATOR**

Laura Marrero

Defendant(s).

-------------------------------------------------------------X

STATE OF NEW YORK      )
                          )SS.:
COUNTY OF NEW YORK    )

I am over 18 years of age, am not a party to this action and reside in Westchester County, State of New York.

I have been requested by Kavulich & Associates, P.C. attorney for the Plaintiff, to make an investigation to ascertain if the Defendant(s) Laura Marrero is at the present time in military service for the purpose of entry of judgment.

On February 12, 2009, I Denise Miranda, contacted the Defense manpower Data Center concerning the Defendant Laura Marrero military status.

I inputted the social security number, as provided by the Defendant, into the Defense Manpower Data Center.

Under the Defendant's social security number I received an affidavit from the Defense Manpower Data Center stating that the said Defendant is not currently in the military service of the United States and the State of New York (National Guard).

Denise Miranda

Sworn to before me this
16 Day of _feb_, 2009

Notary Public

FRANK G. BUGLIONE
Notary Public, State of New York
No. 02BU5071950
Qualified in Westchester County
Commission Expires January 21 2009
2011

Page 11



Department of Defense Manpower Data Center

FEB-12-2009 11:38:21

Military Status Report
Pursuant to the Servicemembers Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|---|---|---|---|---|
| MARRERO | LAURA | | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Military.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The Department of Defense strongly supports the enforcement of the Servicemembers Civil Relief Act [50 USCS Appx. §§ 501 et seq] (SCRA) (formerly the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's active duty status by contacting that person's Military Service via the "defenselink.mil" URL provided below. If you have evidence the person is on active-duty and you fail to obtain this additional Military Service verification, provisions of the SCRA may be invoked against you.

If you obtain further information about the person ( e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects current active duty status only. For historical information, please contact the Military Service SCRA points-of-contact.

See: http://www.defenselink.mil/faq/pis/PC09SLDR.html

WARNING: This certificate was provided based on a name and Social Security number (SSN) provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.

*Report ID:ELTQRUZKAX*

Bronx County Civil Court
CIVIL JUDGMENT

Plaintiff(s):
KELLY STREET REALTY INC.

vs.

Defendant(s):
LAURA MARRERO

Index Number: CV-100350-08/BX

Judgment issued: On Default

On Motion of:

KAVULICH & ASSOCIATES, P.C.
30 CHURCH STREET, SUITE 26, NEW
ROCHELLE, NY 10801-

| Amount claimed | $22,838.92 | Cost By Statute | $50.00 | Transcript Fee | $0.00 |
|---|---|---|---|---|---|
| Less Payments made | $0.00 | Index Number Fee | $45.00 | County Clerk Fee | $0.00 |
| Interest | $10,319.75 | Service Fee | $25.00 | Enforcement Fee | $40.00 |
| Attorney fees | $0.00 | Non Military | $0.00 | Other Disbursements | $0.00 |
| | | Notice of Trial | $0.00 | Other Costs | $0.00 |
| | | Jury Demand | $0.00 | | |

| Total Damages | $33,158.67 | Total Costs & Disbursements | $160.00 | Judgment Total | $33,318.67 |

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) KELLY STREET REALTY INC.
928 KELLY STREET, BRONX, NY 10459-

Shall recover of the following parties, addresses and identified debtors below

Defendant debtor(s) and address

i) LAURA MARRERO
2303 BELMONT AVENUE, APT 5, BRONX, NY 10458-

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK in the total amount of **$33,318.67 on 02/26/2009 at 11:05 AM.**

Judgment sequence 1

_Jack Baer_

Jack Baer, Chief Clerk Civil Court

Page 1 of 1

**Civil Court of the City of New York**

County of ___Bronx___

Part 34

Index Number ___CV 100350-08 BX___

Kelly Street Realty, Inc

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Laura Marrero

Defendant(s)/Respondent(s)

**DECISION/ORDER**

Defendant moves the Court seeking to vacate the default judgment entered against her.

Defendant argues that she never received notice of the lawsuit and that she vacated the subject premises due to a fire which resulted in her being placed in an emergency shelter by the Red Cross and being ultimately relocated.

Defendant further argues that she does not owe the debt in question because the tenancy at issue was subsidized by Section 8.

Plaintiff opposes the motion on the ground that defendant knowingly disregarded execution measures and lacks an excusable default and meritorious defense.

It is well-settled that Courts favor disposition on the merits. While the Court is not unmindful of the length of time which has

Date _____                    Judge, Civil Court

CIV-GP-41 (January, 1998)

page 1 of 3

**Civil Court of the City of New York**

County of ___Bronx___

Part 34

Index Number ___CV 100350-08 BX___

Kelly Street Realty. Inc

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

**DECISION/ORDER**

Laura Marrero

Defendant(s)/Respondent(s)

elapsed since the judgment was entered, serious questions are raised regarding the whether the debt here, to wit. Rental arrears, are attributable to the defendant. Aside from the obvious troubling issue of a fire allegedly decimating the subject premises, Section 8 rules prohibit the tenant being charged for more than his/her "tenant-share." of the rent. Accordingly, the Court is satisfied that the defendant has come forward with an excusable default and meritorious defense to warrant granting the instant order to show cause. The judgment is vacated and any and all income or wage garnishments, bank restraints and executions, sheriff or marshal levies are vacated. Any monies collected in connection with the judgment shall be returned forthwith.

The answer annexed to the defendant's order to show cause

Date _____

Judge, Civil Court

CIV-GP-41 (January, 1998)

Page 2 of 3

**Civil Court of the City of New York**
County of _Bronx_

Part _34_

Index Number _CV 100350-08 Bx_

Kelly Strut Realty, Inc

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

**DECISION/ORDER**

Laura Morrero

Defendant(s)/Respondent(s)

is deemed filed and interposed in this matter and the defendant may amend same within 20 days of the date of this order.

The matter is restored to the calendar for a pre-trial conference July 8, 2015 at 9:30 A.M. Defendant is to subpoena Section 8.

Defendant shall serve a copy of this order with notice of entry within 10 days by 1st class mail with certificate of mailing.

This constitutes the decision and order of the Court.

ENTERED:
BRONX COUNTY

MAY 1 2 2015

Civil Court
of the
City of New York

_5/7/15_
Date

Judge, Civil Court
HON. VERENA L. SAUNDERS

CIV-QP-41 (January, 1998)

Page 3 of 3

Page 16

34   (1)   DIY

Index Number: CV-100350-08/BX

Civil Court of the City of New York
County of Bronx

KELLY STREET REALTY INC.
           -against-
LAURA MARRERO

**ORDER TO SHOW CAUSE**

To vacate the defendants default, and any
judgment, lift restraints and executions, order
restitution and dismiss or stay the action for 90
days or restore to the calender or allow a
proposed answer

**UPON** the annexed affidavit of LAURA MARRERO, sworn to on March 10, 2015, and upon all papers and proceedings
herein:

Let the Plaintiff(s) or Plaintiff(s) attorney(s) show cause at:

**Bronx Civil Court**
**851 Grand Concourse**
**Bronx, NY 10451**
**Part 34C - Room 504**
on *March 23, 2015*   at   9:30 AM

3/23/15

or as soon thereafter as counsel may be heard, why an order should not be made granting any of the following relief

court deems appropriate:

Vacating the defendants default and any judgment, lifting restraints and executions, ordering restitution or dismiss

staying the action for 90 days or restoring the action to the calendar or allowing a proposed answer.

**PENDING** the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the p

Plaintiff(s), Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforce

Judgment be stayed.

**SERVICE** of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

Plaintiff(s) or named attorney(s);
(Judge to Initial)

_____ by Personal Service by " In Hand Delivery"
_____ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office
        Certificate of Mailing

Sheriff or Marshal:
(Judge to Initial)

_____ by Personal Service by " In Hand De
_____ by Certified Mail, Return Receipt R
_____ by First Class Mail with offic
        Certificate of Mailing

on or before   *March 16th, 2015* , shall be deemed good and sufficient

PROOF OF SUCH SERVICE may be filed with the Clerk in the Part
indicated above on the return date of this Order to Show Cause.

Mail to Attorney or party:
Kavulich & Associates PC (Counsel for Pltf),
181 Westchester Avenue, Suite 500C,
Port Chester, NY 10573

Sheriff/Marshal:
Marshal of the City of New York
Biegel, Stephen, Marshal
109 W 38 Street
Suite 200
New York, NY 10018-3615

2015 MAR 12 PM 1:58

March 10, 2015
_____
        DATE

Hon. Verna Saunders, Civil Court Judge (NYC)

HON. VERNA L. SAUNDERS

adj 5/11/15
opp by 4/14/15
(reply in court

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. cv10035008bx

**AFFIDAVIT IN SUPPORT OF AN
ORDER TO SHOW CAUSE
To Vacate a Judgment For Failure
to Answer**

**Kelly street reality inc,**
      Plaintiff,

– against –

**LAURA MARRERO,**
      Defendant.

Movant's address:
1468 BRYANT AVE, Apt.
4B
BRONX, NY, 10460

**State of New York, County of Bronx ss.:**

LAURA MARRERO, being duly sworn, deposes and says:

1. I am a defendant and I am making this request in support of the Order to Show Cause to vacate a default judgment, and dismiss this case for lack of personal jurisdiction pursuant to CPLR 5015(a)(4).

2. The court lacks personal jurisdiction because the Summons and Complaint were not served properly. I WAS NOT SERVED I DID NOT RECIEVE ANY PAPER REGARDING THIS CASE AND I WAS BURNED OUT OF THIS RESIDENCE.

3. Alternatively, the default judgment should be vacated pursuant to CPLR 5015(a)(1) and the case restored to the calendar and the attached Proposed Answer deemed timely filed.

4. I did not file an answer to the Complaint with the court because of the following excusable default:

   a. I never received the court papers.

5. I have the following meritorious defense(s):

   a. I do not owe the money.

   b. I WAS BURNED OUT OF THIS APARTMENT RED CROSS PICKED MY FAMILY UP AND PUT US IN EMERGANCY SHELTER I HAVE NO IDEA

Affidavit in Support of an Order to Show Cause to Vacate a Default Judgment
Made using the NYS Courts FREE DIY Forms
Page 1 of 2
Page 18

WHY I AM BEING SUED AND NEVER FOUND OUT ABOUT THIS UNTIL I STARED BEING GARNISHED FROM MY PAY CHECK WHICH IS NOW YEARS LATER AFTER LIVING THEIR.

6. I want to tell the judge the following: I DONT BELIEVE I OWE THIS DEBT ME AND MY FAMILY WERE BURBNED OUT OF THIS APARTMENT WE LOST EVERYTHING YEARS LATER I AM BEING SUED MOVEING FOWARD THIS GARNISHMENT HAS PUT A FINICHAL HARDSHIP ON ME AND MY FAMILY.

7. I have not asked for a previous Order to Show Cause in this case.

8. **My salary has been garnished. I am employed at ALIIED BARTON SECURITY SERVICES LLC ATTN PAYROLL 161 WASHINGTON ST STE 600 8 TOWER BRDG CONSHOHOCKEN PA 19428.**

### Relief

9. WHEREFORE, I request that the judge vacate any judgment, lift any and all restraints and executions, order restitution, and upon vacatur, dismiss this case for lack of personal jurisdiction, or in the alternative, deem the attached Proposed Answer timely filed, restore the case to the calendar, grant me permission to serve these papers myself, and grant me such other and further relief as may be just.

Laura Marrero, Defendant

Sworn to before me this _____ day
of _____ **MAR 1 0 2015** _____.

Notary Public or Court Clerk

I.D. Presented Type: *NYS DL*
_____ No I.D. Provided

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Kelly street reality inc,
    Plaintiff,

    – against –

LAURA MARRERO,
    Defendant.

Index No. cv10035008bx

**PROPOSED ANSWER CONSUMER CREDIT TRANSACTION**

Movant's address:
1468 BRYANT AVE, Apt. 4B
BRONX, NY, 10460

LAURA MARRERO, answers the Complaint as follows:

1. General Denial: I deny the allegations of the Complaint.

2. I do not owe the money.

3. I WAS BURNED OUT OF THIS APARTMENT RED CROSS PICKED MY FAMILY UP AND PUT US IN EMERGANCY SHELTER I HAVE NO IDEA WHY I AM BEING SUED AND NEVER FOUND OUT ABOUT THIS UNTIL I STARED BEING GARNISHED FROM MY PAY CHECK WHICH IS NOW YEARS LATER AFTER LIVING THEIR.

4. I have the following counterclaim(s): I WANT WHAT WAS GARNISHED. I am seeking $3,000.

## VERIFICATION

State of New York, County of Bronx ss.:

LAURA MARRERO, being duly sworn, deposes and says: I am the Defendant in this action, I have read the Proposed Answer Consumer Credit Transaction and know the contents to be true to my own knowledge, except for those matters alleged to be on information and belief, and as to those matters, I believe them to be true.

_____
Laura Marrero, Defendant

Sworn to before me this MAR 1 0 2015 _____ day

of _____, 20 _____

_____
Notary Public or Court Clerk

I.D. Presented Type: NSDL
No I.D. Provided



# NEW YORK CITY MARSHAL
## Stephen W. Biegel

109 West 38th Street, Suite 200 • New York, NY 10018

Phone: (212) MARSHAL (627-7425) • Fax: (212) 398-2000

MarshalBiegel@aol.com • www.NewYorkCityMarshal.com

October 22, 2012

ALLIED BARTON SECURITY SERVICE
LLC   ATTN PAYROLL
161 WASHINGTON ST
STE 600 8 TOWER BRDG
CONSHOHOCKEN PA 19428

367084 - NY BW2

OCT 24 2012

**JUDGMENT CREDITOR**
KELLY STREET REALTY INC

vs.

LAURA MARRERO
875
**JUDGMENT DEBTOR**

## INCOME EXECUTION - NOTICE OF LEVY PURSUANT TO SEC. 5231 OF THE CPLR

Please take notice that the enclosed Income Execution is a levy on the salary, wages, earnings, commissions, etc of the Judgment Debtor (your employee) and that you are required to immediately deduct and remit 10% of the debtor's gross salary, wages, earnings, commissions, etc.

Keep the Income Execution for your files. If there is a prior Income Execution against the Judgment Debtor, keep this one on file until completion of the prior and then start remitting on this Income Execution. If the employee resigns and later is rehired, the Income Execution is still in effect unless the Marshal advises you to the contrary in writing.

**Please include the judgment debtor's name and the docket # below to receive proper credit.**

**MARSHAL'S DOCKET # G4150**

```
JUDGMENT ...........................................$33,318.67
STATUTORY MARSHAL FEES ......   $20.00
POUNDAGE ................................$2,216.47
EXPENSE ..................................   $12.39
FILING FEE ................................$0.00
INTEREST TO DATE...................$10,978.44
TOTAL......................................$46,545.97
```

In addition, **interest from 10/22/12,** will be calculated and when payments approach completion, you will be notified of the final balance due. Please fill out and return the attached form:

(SNDSRVS1)

Page 22

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

| | Court Index No. 100350/08 |
| --- | --- |
| | File No. 4778.0 |

Kelly Street Realty, Inc.,

Plaintiff.

Against

Laura Marrero,

Defendant(s).

**INCOME EXECUTION**

**The People of the State of New York**

The following judgment was duly entered in favor of the plaintiff (judgment creditor) in the office of the clerk of the within court:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
| --- | --- | --- | --- | --- |
| CIVIL COURT OF THE CITY OF NEW YORK | 2/26/2009 12:00:00 AM | $33,318.67 | $33,318.67 | 2/26/2009 12:00:00 AM |
| COUNTY OF BRONX | | | | |

The judgment was recovered against     Laura Marrero                                    defendant (judgment debtor)
And transcripted with the county clerk(s) of     Bronx                                    defendant (judgment debtor)

WHEREAS, this execution is issued against     Laura Marrero           defendant (judgment debtor)
Whose last known address is:     2303 Belmont Avenue
                                            Apt. 5   Bronx, NY   10458-8343
and said defendant (judgment debtor) is receiving or will receive from the Employer* whose name and address is :
Allied Barton Security Services LLC   161 Washington Street, Ste. 600 8 Tower Bridge
Conshohocken, PA 19428   ATTN: Payroll

| More than $ | per week, to wit $ | to be paid weekly installment of $ | each |
| --- | --- | --- | --- |
| Title or position | See Sec. and/ pension No. | Bureau, Office or Subdivision | Badge |
| No | | | |

9875

You are directed to satisfy the judgment with interest together with your fees' and expense, out of all monies now and hereafter due owing to the judgment debtor from the Employer pursuant to CPLR % 5231 d 15 U.S.C 1671, et. Seq
Direction to Judgment Debtor: You are notified and commanded within 20 days to start paying to the Enforcement Officer serving a copy of this Income Execution on you installments amounting to 10(but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income execution are fully paid and satisfied, and if you fail to do so this Income Execution will be served upon the Employer by the Enforcement Officer.
Direction to the Employer: You are commanded to withhold and pay over to the Enforcement Officer serving a copy of this Income Execution on you installment's amounting to 10% (but no more than the Federal Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to judgment debtor until the judgment with interest and fees and expenses of this Income Execution are fully paid and satisfied.

Dated
9/26/2012

Gary Kavulich Esq.
Kavulich & Associates, P.C.
181 Westchester Avenue, Suite 500C
Port Chester, NY 10573
(914) 355-2074

• *Employer,* herein, includes any payor of money to Judgment Debtor.

## Important Statement

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules % 5231 and 15 United States Code % 1671 et seq.

I.     **Limitation on the amount that can be withheld**
   A.   An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

B.  If a judgment debtor' weekly disposable earnings are less than thirty (30) times the current federal minimum wage ($5.85 per hour), or $176.5* No deduction can be made from the judgment debtor's earnings under this income execution.

C.  A judgment debtor's weekly disposable earnings cannot reduced below the amount arrived at by multiplying thirty (30) time the current federal minimum wage($5.85* per hour), or$175.50* under this income execution.

D.  If deductions are being made from a judgment debtor's earning under any orders for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent(25%) of the judgment debtor's disposable earnings, no deduction can be made from the judgment debtor's earning under this income execution.

E.  if deductions are being made from a judgment debtor's earning under any order for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five percent(25%) of the judgment debtor's disposable earnings, deductions may be made from the judgment debtor's earnings under this income execution. However, the amount arrived at by adding the deductions from earnings made under this execution to the deductions made from earning under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent(25) of the judgment debtor's disposable earnings.

NOTE: Nothing in this notice limits the proportion or amount, which may be deducted under any order for alimony, support or maintenance for family members or former spouses.

II. Explanation of Limitations
Definitions

.... able Earnings – Disposable earning are that ... of an individual's earning ... after deducting those amounts that are required to be withheld (for example, taxes, social security and unemployment insurance, but not deduction for union dues, insurance ...as, etc...)

Gross Income· Gross income is salary, wages or other income, including any and all overtime earnings, commissions, and income from trusts, before any deductions are made from such income.

Illustrations regarding earnings

If disposable earnings is:

(a) 30 times federal minimum wage is:
   ($175.50*) or less                                    Amount to pay or deduct from earning under this income execution
                                                         No payment or deduction allowed.

(b) More than 30 times federal minimum
   Wage ($175.50*        ) and less than
   40 times federal minimum wage
   ($234.00*        )                                    The less of: the excess over 30 times the federal minimum wage
                                                         ($175.50*       ) in disposable earnings, or 10% of gross earnings.

(c) 40 times the federal minimum wage
   ($234.00*        ) or more                            The less of: 25% o disposable earnings or 10% of gross earnings.

III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR% 5231 (i) and CPLR% 5240

If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment.
If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged.

CPLR % 5231 (i) Modification. At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.

CPLR % 5240 Modification or protective order: supervision of enforcement. At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure. Including the use of income executions.
*Based upon $4.25 minimum hourly wage. Recalculate and insert correct figures if the minimum hourly wage changes.
Endorsement:
Date and Time execution received:

Installments paid to _____ have satisfied the judgment to the extent of $_____

Principal and $_____ interest. _____
Return to the judgment creditor or his attorney on _____  Levying officer _____ County _____
                                                                                      because of inability to
Find garnishee in the county. _____
                                Levying officer _____        County _____

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34
----------------------------------------------------------------X

INDEX NO. 100350/08
FILE NO. 4778

KELLY STREET REALTY, INC.,

               Plaintiff,

     -against-

**AFFIRMATION IN
OPPOSITION**

LAURA MARRERO,

              Defendant.

----------------------------------------------------------------X

Matthew Kasper, Esq., an attorney duly admitted to practice law before the Court of the State of New York, hereby affirms under the penalty of perjury:

1. I am an associate of Kavulich & Associates, P.C., attorneys for the Plaintiff herein. As such, I am fully familiar with the facts and circumstances of the within proceeding, except as to those matters stated upon information and belief, as to those matters I believe them to be true. The basis of my belief is information supplied to me by my client, information contained within the court file and information maintained within my office.

2. I make this affirmation in opposition to the Defendant VERONICA MORENO's Order to Show Cause which seeks to vacate the instant judgment issued on default. Please see Respondent's instant Order to Show Cause and Proposed Answer annexed hereto as Exhibit "1."

## STATEMENT OF THE UNDISPUTED FACTS

1. The parties executed a lease agreement for the premises known as 928 Kelly Street, Unit 1, Bronx, New York, Plaintiff's building. Annexed hereto as Exhibit "2" is the affidavit of Anto Lulaj, agent of Plaintiff.

2. The term of the lease agreement was for two years commencing October 5, 2002 and ending October 14, 2004.

3. Almost immediately thereafter, Defendant began to accumulate rental arrears.

4. As such, Plaintiff commenced a nonpayment proceeding in Housing Court under the L&T Index No. 2898/2012.

5. Defendant vacated the subject premises on or about October 31, 2014 leaving a substantial rental arrears balance.

3. As such, Defendant owes Plaintiff the sum of $22,838.92 representing rental arrears for the May, 2003 balance of $625.70 and for the months of June, 2003 through and including October, 2004 at the agreed monthly rent of $1,306.66.

4. Defendant was served with a summons and complaint via conspicuous service on November 8, 2008. Annexed hereto as Exhibit "3" is a copy of the summons, complaint, and affidavit of service.

5. The Plaintiff had not been contacted by the Defendant since they vacated the subject-premises and until many years after she was notified by the wage garnishment that was issued by your affirmant's office. Annexed hereto as Exhibit "4" is a copy of the income execution.

6. Defendant now moves to vacate the default judgment issued on February 26, 2009.

### THE DEFENDANT'S INSTANT MOTION DOES NOT DEMONSTRATE AN EXCUSABLE DEFAULT AND MERETORIOUS DEFENSE. THEREFORE THE MOTION SHOULD BE DENIED

7. In order to prevail on this instant motion, Defendant must prove both an excusable default *and* meritorious defense as upon showing of both of those prongs, vacating a default judgment is proper. CPLR 5051(a)(1); *Bank of Am. v. Faracco*, 89 AD3d 879 [2d Dep't 2011]; *Community Preserva. Corp. v. Bridgewater condominiums, LLC.*, 89 AD3d 784 [2d Dep't 2011].

8. Moreover, should Defendant demonstrate a reasonable excuse for the default, a Court must nonetheless uphold the default judgment when the Respondent's papers submitted in support thereof are replete with self-serving, vague, unsubstantiated denials, and unsupported

legal conclusions. *Thapt v. Lutheran Med. Ct.*, 89 AD3d 837 [2d Dep't 2011]; *Garal Wholesalers, Ltd. v. Raven Brands, Inc.*, 82 AD3d 1041 [2d Dep't 2011].

9. It is respectfully stated to the Court that Defendant has failed to demonstrate both prongs and that this motion must be denied.

10. Defendant alleges that she was not served with the summons and complaint, however she offers no support for this such as an explanation of where she was living at the time or a suggestion as to how process did not end up in her possession.

11. A process server's affidavit constitutes prima facie evidence of proper service pursuant to CPLR 308(4). *City of New York v. Miller*, 2010 NY Slip Op 03059 (2d Dep't 2010).

12. Defendant's self-serving and conclusory statements are insufficient to rebut the presumption of service.

13. Moreover, Defendant alleges that she was "burned out of this residence."

14. Again, without support or even an iota of specificity as to when this purported fire took place, and what happened during the fire requiring Defendant's vacature.

15. In fact, Defendant vacated the apartment due to the commencement of a housing court case as a result of her failure to pay rent. Please see the aforementioned Exhibit "2."

16. Accordingly, Defendant fails to set forth a legally cognizable meritorious defense and reasonable excuse for her default.

## DEFENDANT IS CHARGED WITH NOTICE OF THE INSTANT LITIGATION SUCH THAT HER APPLICATION IS UNTIMELY AS A MATTER OF LAW

17. CPLR 317 requires an applicant seeking to vacate a default judgment to have an application within one year of knowing of the judgment.

18. A New York City Civil Court, in a case on point applying CPLR 317 and involving a judgment-debtor's Order to Show Cause pursuant to CPLR 5051 seeking vacatur of a default judgment after ignoring an income execution of twenty-months - denied the judgment-debtor's

application. *Elite Recovery Services, Inc. v. R. Howard Helrich*, 31 Misc. 3d 1222, 930 N.Y.S.2d

174 (2011).

19. In denying the judgment-debtor's application for vacatur, the Court discussed its rationale

as follows:

> Defendant has not set forth any excuse as to why he ignored an
> income execution against his wages for twenty-months. The
> execution went into effect in June 2009 and defendant did not
> make this motion until February 2011. It is not credible that the
> defendant did not have either actual or constructive knowledge of
> the litigation as he had been having his wages garnished for over a
> year. As noted above, the policy of this court is to try to have all
> cases decided on the merits. However, the justice system assumes
> that people will act to challenge a judgment wrongfully entered
> against them within a reasonable amount of time after obtaining
> notice of it and that they will act in an expeditious manner to
> address such a situation. The actions of the defendant do not even
> approach "diligence" let alone "due diligence."

> *Id.* at *4.

20. Here, Defendant was served with an income execution on September 26, 2012.

21. As a result, her income was continuously garnished from **December 5, 2012** (the first

payment) through to the service of the instant Order to Show Cause on or about **March 10, 2015**

– <u>over two years.</u>

22. In fact, Defendant states that she "never found out about this until I <u>started</u> being

garnished from my pay check …." Please see the aforementioned Exhibit "1." (emphasis added).

23. Defendant admits knowing about the garnishment the day it began, yet waited over two

years to make the instant application which, as held in *Elite Recovery*, is not even close to due

diligence as required by CPLR 317.

24. Therefore, even assuming *arguendo* that the Defendant offers an excusable default and

meritorious defense, the Defendant's failure to address her default in almost 2 years combined

with her knowing disregard for the aforementioned execution measures should not be countenanced.

25. As such, Defendant's Order to Show Cause should be denied as untimely pursuant to CPLR 317.

WHEREFORE, as no legal or equitable basis has been stated or exists, Plaintiff respectfully asks that this Court deny the instant motion.

Dated: April 10, 2015
      Port Chester, NY

                                  Kavulich & Associates, P.C.
                                  By: Matthew Kasper, Esq.
                                  Attorney for Plaintiff
                                  181 Westchester, Ave., Suite 500C
                                  Port Chester, NY 1057
                                  (914) 355-2074

# EXHIBIT 1

4778

**DIY**

Civil Court of the City of New York
County of Bronx

Index Number: CV-100350-08/BX

KELLY STREET REALTY INC.
          -against-
LAURA MARRERO

**ORDER TO SHOW CAUSE**
To vacate the defendants default, and any
judgment, lift restraints and executions, order
restitution and dismiss or stay the action for 90
days or restore to the calender or allow a
proposed answer

UPON the annexed affidavit of LAURA MARRERO, sworn to on March 10, 2015, and upon all papers and proceedings herein:

Let the Plaintiff(s) or Plaintiff(s) attorney(s) show cause at:
   **Bronx Civil Court**
   **851 Grand Concourse**
   **Bronx, NY 10451**
   Part 34C - Room 504
   on *March 23, 2015* at 9:30 AM

3/23/15

or as soon thereafter as counsel may be heard, why an order should not be made granting any of the following relief as the court deems appropriate:

Vacating the defendants default and any judgment, lifting restraints and executions, ordering restitution or dismissing or staying the action for 90 days or restoring the action to the calendar or allowing a proposed answer.

PENDING the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Plaintiff(s), Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of sa Judgment be stayed.

SERVICE of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

Plaintiff(s) or named attorney(s):
(Judge to Initial)

_____ by Personal Service by " In Hand Delivery"
_____ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office
               Certificate of Mailing

Sheriff or Marshal:
(Judge to Initial)

_____ by Personal Service by " In Hand Delivery"
_____ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office
               Certificate of Mailing

on or before ___*March 16th, 2015*___ , shall be deemed good and sufficient

PROOF OF SUCH SERVICE may be filed with the Clerk in the Part
indicated above on the return date of this Order to Show Cause.

Mail to Attorney or party:
Kavulich & Associates PC (Counsel for Pltf),
181 Westchester Avenue, Suite 500C,
Port Chester, NY 10573

Sheriff/Marshal:
Marshal of the City of New York
Biegel, Stephen, Marshal
109 W 38 Street
Suite 200
New York, NY 10018-3615

March 10, 2015
_____
          DATE

Hon. Verna Saunders, Civil Court Judge (NYC)
HON. VERNA L. SAUNDERS

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. cv10035008bx

AFFIDAVIT IN SUPPORT OF AN
ORDER TO SHOW CAUSE
To Vacate a Judgment For Failure
to Answer

Kelly street reality Inc,
　　　　　　　Plaintiff,

-- against --

LAURA MARRERO,
　　　　　　　Defendant.

Movant's address:
1468 BRYANT AVE, Apt.
4B
BRONX, NY, 10460

**State of New York, County of Bronx ss.:**

LAURA MARRERO, being duly sworn, deposes and says:

1. I am a defendant and I am making this request in support of the Order to Show Cause to vacate a default judgment, and dismiss this case for lack of personal jurisdiction pursuant to CPLR 5015(a)(4).

2. The court lacks personal jurisdiction because the Summons and Complaint were not served properly. I WAS NOT SERVED I DID NOT RECIEVE ANY PAPER REGARDING THIS CASE AND I WAS BURNED OUT OF THIS RESIDENCE.

3. Alternatively, the default judgment should be vacated pursuant to CPLR 5015(a)(1) and the case restored to the calendar and the attached Proposed Answer deemed timely filed.

4. I did not file an answer to the Complaint with the court because of the following excusable default:

　　a. I never received the court papers.

5. I have the following meritorious defense(s):

　　a. I do not owe the money.

　　b. I WAS BURNED OUT OF THIS APARTMENT RED CROSS PICKED MY FAMILY UP AND PUT US IN EMERGANCY SHELTER I HAVE NO IDEA

Affidavit in Support of an Order to Show Cause to Vacate a Default Judgment
**Made using the NYS Courts FREE DIY Forms**

Page 1 of 2

WHY I AM BEING SUED AND NEVER FOUND OUT ABOUT THIS UNTIL I STARED BEING GARNISHED FROM MY PAY CHECK WHICH IS NOW YEARS LATER AFTER LIVING THEIR.

6. I want to tell the judge the following: I DONT BELIEVE I OWE THIS DEBT ME AND MY FAMILY WERE BURBNED OUT OF THIS APARTMENT WE LOST EVERYTHING YEARS LATER I AM BEING SUED MOVEING FOWARD THIS GARNISHMENT HAS PUT A FINICHAL HARDSHIP ON ME AND MY FAMILY.

7. I have not asked for a previous Order to Show Cause in this case.

8. **My salary has been garnished. I am employed at ALIIED BARTON SECURITY SERVICES LLC ATTN PAYROLL 161 WASHINGTON ST STE 600 8 TOWER BRDG CONSHOHOCKEN PA 19428.**

## Relief

9. WHEREFORE, I request that the judge vacate any judgment, lift any and all restraints and executions, order restitution, and upon vacatur, dismiss this case for lack of personal jurisdiction, or in the alternative, deem the attached Proposed Answer timely filed, restore the case to the calendar, grant me permission to serve these papers myself, and grant me such other and further relief as may be just.

Laure Marrero, Defendant

Sworn to before me this _____ day

of _____ MAR 1 0 2015

Notary Public or Court Clerk

I.D. Presented Type: _____
No I.D. Provided

Affidavit in Support of an Order to Show Cause to Vacate a Default Judgment
Made using the NYS Courts FREE DIY Forms

Page 2 of 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. cv10035008bx
PROPOSED ANSWER CONSUMER
CREDIT TRANSACTION

Kelly street reality inc,
              Plaintiff.

    -- against --

LAURA MARRERO,
           Defendant.

Movant's address:
1468 BRYANT AVE, Apt.
4B
BRONX, NY, 10460

LAURA MARRERO, answers the Complaint as follows:

1. General Denial: I deny the allegations of the Complaint.

2. I do not owe the money.

3. I WAS BURNED OUT OF THIS APARTMENT RED CROSS PICKED MY FAMILY
   UP AND PUT US IN EMERGANCY SHELTER I HAVE NO IDEA WHY I AM BEING
   SUED AND NEVER FOUND OUT ABOUT THIS UNTIL I STARED BEING
   GARNISHED FROM MY PAY CHECK WHICH IS NOW YEARS LATER AFTER
   LIVING THEIR.

4. I have the following counterclaim(s): I WANT WHAT WAS GARNISHED. I am
   seeking $3,000.

Proposed Answer -- Consumer Credit Transaction
    Made using the NYS Courts FREE DIY Forms

Page 1 of 2

## VERIFICATION

**State of New York, County of Bronx ss.:**

LAURA MARRERO, being duly sworn, deposes and says: I am the Defendant in this action, I have read the Proposed Answer Consumer Credit Transaction and know the contents to be true to my own knowledge, except for those matters alleged to be on information and belief, and as to those matters, I believe them to be true.

_____
Laura Marrero, Defendant

Sworn to before me this 15 _____ day
MAR 1 0 2015

of _____, 20 _____.

_____
Notary Public or Court Clerk

I.D. Presented Type: _____
No I.D. Provided

# EXHIBIT 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 100350/08
File No. 4778

-----------------------------------------------------------------x

KELLY STREET REALTY, INC.,

Plaintiff,

**AFFIDAVIT**

-against-

LAURA MARRERO,

Defendant.

-----------------------------------------------------------------x

STATE OF NEW YORK     )
                      ) SS
COUNTY OF BRONX       )

I, Anto Lulaj, being duly sworn deposes and says:

1. I am the agent for the Plaintiff, KELLY STREET REALTY, INC., herein and, as such, I am fully familiar with the facts and circumstances of this proceeding as I am responsible for, *inter alia*, leasing of apartments, and overseeing maintenance of the property when required.

2. I was the agent during the time in issue of this proceeding.

3. The parties executed a lease agreement for the premises known as 928 Kelly Street, Unit 1, Bronx, New York, Plaintiff's building.

4. The term of the lease agreement was for two years commencing October 5, 2002 and ending October 14, 2004.

5. Almost immediately thereafter, Defendant began to accumulate rental arrears.

6. As such, Plaintiff commenced a nonpayment proceeding in Housing Court under the L&T Index No. 2898/2012.

7. Defendant vacated the subject premises on or about October 31, 2014 leaving a substantial rental arrears balance.

8.  As such, Defendant owes Plaintiff the sum of $22,838.92 representing rental arrears for the May, 2003 balance of $625.70 and for the months of June, 2003 through and including October, 2004 at the agreed monthly rent of $1,306.66.

9.  My attorneys have advised me that judgment was entered against the Defendant and that we have been collecting on an income execution since December, 2012.

WHEREFORE, your deponent respectfully requests that the instant motion be granted in all respects and for such other and further relief as to this Court may seem just and proper.

Sworn to before me this
7th day of April, 2015

_____
Notary Public

_____
Anto Lulaj

> **GARY KAVULICH**
> Notary Public, State of New York
> No. 02KA6205615
> Qualified in Westchester County
> Commission Expires May 11, 2017

# EXHIBIT 3

CONSUMER CREDIT TRANSACTION. THIS IS AN ATTEMPT TO COLLECT A DEBT
AND ANY INFORMATION OBTAINED WILL BE USED TO COLLECT THIS DEBT.
CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------x

Kelly Street Realty, Inc.,

           Plaintiff,

       -against-

Laura Marrero,

           Defendant(s)

-----------------------------------------------------x

INDEX NO.
FILE NO. 4778

SUMMONS
Place of Venue is Plaintiff's
place of business:

928 Kelly Street
Bronx, NY 10459

To the above named defendants(s):

  YOU ARE HEREBY SUMMONED to appear at the CIVIL COURT OF THE CITY OF
NEW YORK, COUNTY OF BRONX at the office of the clerk of the said Court at 851 Grand
Concourse, Bronx, NY 10451, in the COUNTY OF BRONX, State of New York, within the
time provided by law as noted below and to file an answer to the below complaint with the
clerk: upon your failure to answer, judgment will be taken against you for the sum of
$23,338.92 with interest thereon from May 1, 2003 together with costs of this action.

DATED: October 22, 2008

                       By: Gary Kavulich, Esq.,
                       Kavulich & Associates, P.C.
                       Attorney for Plaintiff
                       30 Church Street
                       Suite 26
                       New Rochelle, NY 10801
                       (914) 355-2074

Defendant's Address:
 Laura Marrero
 2303 Belmont Avenue, Apt. 5
 Bronx, NY 10458-8343

Note: The law provides that: (a) If the summons is served by its delivery to you personally
within the City of New York, you must appear and answer within TWENTY days after such
service; or (b) If the summons is served by any means other than personal delivery to you
within the City of New York, you must appear and answer within THIRTY days after proof of
service thereof is filed with the Clerk of this Court.

## COMPLAINT

**FIRST ACTION**: Plaintiff seeks to recover damages from defendant(s) for breach of a lease agreement in the sum of $22,838.92 representing rental arrears for the months of May, 2003 balance of $625.70; June, 2003 through and including October, 2004 at the agreed monthly sum of $1,306.66 for the premises known as 928 Kelly Street, Apt.#1 Bronx, NY 10459 together with costs and disbursements of this action and for such other and further relief as the court may deem just.

**SECOND ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $0.00 representing damages together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**THIRD ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $500.00 representing reasonable attorneys fees together with costs and disbursements of this action and for such other further relief as the Court may deem just.

**WHEREFORE**, Plaintiff demands judgment (A) on the First Action, in the sum of $22,838.92 plus interest from May 1, 2003 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (B) on the Second Action, in the sum of 0.000 plus interest from May 1, 2003 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (C) on the Third Action, in the sum of $500.00 together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

The Plaintiff in this action is NOT required to be licensed by the New York City Department of Consumer Affairs.

AFFIDAVIT OF SERVICE

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 100350/08
Filed: _____

Attorneys: Kavulich & Associates, P.C.
Address: 30 Church Street, Suite 26, New Rochelle, NY 10801

File No. 4778

KELLY STREET REALTY INC,
vs.
LAURA MARRERO.

State of New York County of Nassau SS:
Aston G. Evans II, being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age. On November 8, 2008 at 6:41p.m.
At: 2303 Belmont Avenue, Apt. 5, Bronx, NY 10458 served the within Summons and Complaint
on: LAURA MARRERO. Defendant therin named

Individual
[]

By delivering a true copy of each to said recipient; deponent knew the person
served to be the person described as said person therein.

Corporation
[ ]

By delivering to and leaving with _____ and that deponent knew the
person so served and authorized to accept service on behalf of the Corporation

Suitable Age
Person
[]

By delivering a true copy of each to a person of suitable age and discretion
Said premises is recipients [ ] actual place of business [] dwelling house within the
state.

Affixing
to Door
[X]

By affixing a true copy of each to the door of said premises, which is recipients
[ ] actual place of business   [X] dwelling house (place of abode) within the state

Mail Copy
[ X ]

On November 10, 2008 deponent completed service under the last two sections by
depositing a copy of the Summons and Complaint to the above address in a 1st
Class properly addressed envelope marked "Personal and Confidential" in an official
depository under the exclusive care and custody of the United States Post Office in the State
of New York.
      Deponent was unable, with due diligence to find the recipient or a person of suitable age
and discretion having called thereat:

      On the 5th day of November, 2008  at 9:45a.m.
      On the 7th day of November, 2008  at 4:20p.m.
      On the 8th day of November, 2008  at 6:41p.m.

Description   A description of the Defendant, or other person served on behalf of the Defendant
[] Sex:__Color of skin: ____Color of Hair: ____Age: ____Height:____ Weight: ____

Military Svce   Deponent asked person spoken to whether the recipient was presently in military
[ X ]      service of the United States Government or of the State of New York and was
      informed that the recipient is not. Recipient wore civilian clothes and no military uniform

Other
[X]"John Doe" neighbor stated that the Defendant is not in the military.

Sworn to before me on this 10 day of 11/08

Aston G. Evans II
LIC# 1220069

Page 42

# EXHIBIT 4

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

| | | Court Index No.   100350/08 |
| | | File No.      4778.0 |

Kelly Street Realty, Inc.,

                                        Plaintiff.

Against

Laura Marrero,

                                        Defendant(s).

**INCOME EXECUTION**

## The People of the State of New York

The following judgment was duly entered in favor of the plaintiff (judgment creditor) in the office of the clerk of the within court:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|---|
| CIVIL COURT OF THE CITY OF NEW YORK AM COUNTY OF BRONX | 2/26/2009 12:00:00 AM | $33,318.67 | $33,318.67 | 2/26/2009 12:00:00 |

The judgment was recovered against          Laura Marrero
And transcripted with the county clerk(s) of          Bronx                                        defendant (judgment debtor)

WHEREAS, this execution is issued against          Laura Marrero          defendant (judgment debtor)
Whose last known address is:          2303 Belmont Avenue
                                        Apt. 5   Bronx, NY   10458-8843
and said defendant (judgment debtor) is receiving or will receive from the Employer* whose name and address is :
                                        Allied Barton Security Services LLC   161 Washington Street, Ste. 600 8 Tower Bridge
                                        Consbohocken, PA 19428   ATTN: Payroll

| More than $ Title or position No | per week, to wit $ Soc. Sec. and pension No. | to be paid weekly installment of $ Bureau, Office or Subdivision | each: Each |
|---|---|---|---|
| | 9875 | | |

You are directed to satisfy the judgment with interest together with your fees and expense, out of all monies now and hereafter due owing to the judgment debtor from the Employer pursuant to CPLR ¶ 5231 d 15 U.S.C 1671, et. Seq
Direction to Judgment Debtor: You are notified and commanded within 20 days start paying to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10(but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income execution are fully paid and satisfied, and if you fail to do so this Income Execution will be served upon the Employer by the Enforcement Officer.
Direction to the Employer: You are commanded to withhold and pay over to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to judgment debtor until the judgment with interest and fees and expenses of this Income Execution are fully paid and satisfied.

Dated
9/26/2012

                                        Gary Kavalich Esq.
                                        Kavalich & Associates, P.C.
                                        181 Westchester Avenue, Suite 500C
                                        Port Chester, NY 10573
                                        (914) 355-2074

* "Employer," herein, includes any payor of money to Judgment Debtor.

### Important Statement

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules ¶ 5231 and 15 United State Code ¶ 1671 et seq.

I.      Limitation on the amount that can be withheld

        A.   An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

B. If a judgment debtor' weekly disposable earnings are less than thirty (30) times the current federal minimum wage ($6.85        per hour), or $175.5*        No deduction can be made from the judgment debtor's earnings under this income execution.

C. A judgment debtor's weekly disposable earnings cannot reduced below the amount arrived at by multiplying thirty (30) times the current federal minimum wage($5.86*        per hour), or$175.50*        under this income execution.

D. If deductions are being made from a judgment debtor's earnings under any order for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent(25%) of the judgment debtor's disposable earnings, no deduction can be made from the judgment debtor's earning under this income execution.

E. if deductions are being made from a judgment debtor's earning under any order for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five percent(25%) of the judgment debtor's disposable earnings, deductions may be made from the judgment debtor's earnings under this income execution. However, the amount arrived at by adding the deductions from earnings made under this execution to the deductions made from earning under any order for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent(25) of the judgment debtor's disposable earnings.

NOTE: Nothing in this notice limits the proportion or amount, which may be deducted under any order for alimony, support or maintenance for family members or former spouses.

## II. Explanation of Limitations
Definitions

....able Earnings -- Disposable earning are that part of an individual's ................. after deducting those amounts that are required ........ withheld (for example, taxes, social security and unemployment in................, but not deduction for union dues, insurance ....ms, etc...)

Gross Income· Gross income is salary, wages or other incomes, including any and all overtime earnings, commissions, and income from trusts, before any deductions are made from such incomes.

Illustrations regarding earnings

If disposable earnings is:

| | |
|---|---|
| (a) 30 times federal minimum wage is:  ($175.50*) or less | Amount to pay or deduct from earning under this income execution  No payment or deduction allowed |
| (b) More than 30 times federal minimum Wage ($175.50*        ) and less than 40 times federal minimum wage ($234.00* ) | The less of: the excess over 30 times the federal minimum wage ($175.50*        ) in disposable earnings, or 10% of gross earnings. |
| (c) 40 times the federal minimum wage ($234.00*        ) or more | The less of: 25% o disposable earnings or 10% of gross earnings. |

III. Notice· You may be able to challenge this income execution through the procedures provided in CPLR% 5231 (i) and CPLR% 5240

If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment.
If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged.

CPLR % 5231 (i) Modification. At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.

CPLR % 5240 Modification or protective order· supervision of enforcement. At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure. Including the use of income executions.
*Based upon $4.25 minimum hourly wage. Recalculate and insert correct figures if the minimum hourly wage changes.
Endorsement:
Date and Time execution received:

Installments paid to _____ have satisfied the judgment to the extent of $_____

Principal and $_____ interest. _____
                          Levying officer
Return to the judgment creditor or his attorney on _____        _____ County
                                                                                                because of inability to
Find garnishee in the county. _____
                                        Levying officer                    _____ County

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

INDEX NO. 100350/08
FILE NO. 4778

--------------------------------------------------------------------X

KELLY STREET REALTY, INC.,

Plaintiff,

-against-

AFFIRMATION OF
SERVICE

LAURA MARRERO,

Defendant.

--------------------------------------------------------------------X

Gary Kavulich, Esq., an attorney duly admitted to practice law before the courts of the State of New York hereby affirms the following under the penalty of perjury.

On April 10, 2015, I served the within Affirmation in Opposition upon the movant in this action, by depositing a true copy in a post-paid envelope addressed to:

Laura Marrero
1468 Bryant Ave., Apt. 4B
Bronx, NY 10460

in an official depository under the exclusive dominion and control of the United States Postal Service within the State of New York via regular first class mail.

Gary Kavulich, Esq.

INDEX NO. 100350/08

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

KELLY STREET REALTY, INC.,

Plaintiff,

- against -

LAURA MARRERO,

Defendant.

AFFIRMATION IN OPPOSITION

Signature Rule 130-1.1-a

Print Name Beneath -

Matthew Kasper, Esq.

Kavulich & Associates, P.C.
Attorneys for Plaintiff
181 Westchester Ave., Suite 500C
Port Chester, NY 10573
(914) 355-2074

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX : PART 34
------------------------------------------------------------------X

KELLY STREET REALTY, INC.,

                        Plaintiff,                Index No. CV 100350-08

       -against-                     **DECISION and ORDER**

LAURA MARRERO,

                        Defendant.
------------------------------------------------------------------X

**HON. VERNA L. SAUNDERS, J.C.C.:**

     Recitation, as required by CPLR 2219(a), of the papers considered in the review of Plaintiff's motion to reargue.

| Papers | Numbered |
|---|---|
| Order to Show Cause | ...........................................................................................1 |

     The Court, in its prior decision/order of May 8, 2015, granted defendant's motion to vacate a default judgment entered against her. The underlying case between the parties was a landlord-tenant matter and the motion was granted, in part, on the basis that the judgment was comprised, from monies owed by Section 8. Plaintiff here moves for relief arguing that the Court overlooked or misapprehended facts or misapplied controlling law, specifically CPLR §317.

     A motion to reargue is addressed to the discretion of the trial court and is designed to afford a party opportunity to establish that the Court overlooked or misapprehended relevant facts or misapplied controlling principles of law in determining the prior motion. See *CPLR §2221(d)*. Here, the plaintiff argues that the Court failed to consider CPLR § 317 in determining the prior motion. Plaintiff avers that vacatur of the default judgment is precluded as the defendant failed to timely request relief inasmuch as a period of two years after judgment elapsed before plaintiff moved the court.

     As to the underlying motion to vacate the judgment, the unrepresented defendant moved the court pursuant to CPLR §5015 (a)(4), not CPLR § 317. While the court can consider a single motion

under both CPLR sections 317 and 5015, see *Pena v Mittleman*, 179 AD2d 607 (App Div, 1st Dept) (1992), here, the movant articulated the section under which relief was sought, (CPLR §5015 (a)(4)) and substantiated the basis for the motion. Plaintiff argues that meeting the strictures of CPLR § 317 is a prerequisite to relief being granted under CPLR§ 5015(a)(4). However, relief sought pursuant to CPLR§ 5015 (a)(4) has no time stated time limit and the request can be made at any time. See *Caba v Rai*, 63 AD3d 578 (App Div, 1st Dept) (2009) citing, *Siegel Practice Commentaries, McKinney's Cons Laws Book* 7B, CPLR §C5015:3, at 205-206.

Here, the Court found the defendant's assertions credible. Further, the allegations that the tenancy was subsidized by federal Section 8 rules and that there was a fire in the premises necessitating defendant's vacatur of the premises and subsequent relocation, constitute a sound basis upon which relief was granted. Again, it is well-settled that courts favor disposition on the merits.

Accordingly, the motion is denied and the May 8, 2015 order of the Court vacating the default judgment stands. As this matter was previously calendared for November 5, 2015, 9:30 A.M., all parties shall appear on that date.

This constitutes the decision and order of the Court.

Dated: Bronx, New York
October 14, 2015

VERNA L. SAUNDERS, J.C.C

Kauvalich & Associates, PC
By: Matthew Kasper, Esq.
*Attorneys for Plaintiff*

Laura Marrero
*Respondent*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

------------------------------------------------------X   Index No. 100350/08

KELLY STREET REALTY, INC.,                                File No. 4778

                      Plaintiff,          **ORDER TO SHOW CAUSE**

- against -

LAURA MARRERO,                                            £ is Mandatory in Special Term,
                                                          Civil Court City of NY - Bronx County
                 Defendant.         for Litigants and Attorneys to APPEAR
                                                          in Court on the Return Calendar Date
------------------------------------------------------X   to Respond to ORDERS TO SHOW CAUSE

      UPON THE ANNEXED AFFIRMATION OF Matthew Kasper, Esq., sworn on

June 2, 2015, and upon all prior papers and proceedings heretofore had herein,

      LET DEFENDANT AND/OR HER ATTORNEYS SHOW CAUSE before ME

OR ONE OF THE Judges of this Court at Part 34C, Room 504 in the Civil Court of

the City of New York, County of Bronx, State of New York, located at 851 Grand

Concourse, New York, on the 26th day of June, 2015 at 9:30 am in the forenoon of

that day or as soon thereafter as counsel can be heard why an Order should not be made

pursuant to CLPR 2221:

1. Granting reargument of Defendant's motion seeking vacatur of the instant
   judgment;

2. Amending Judge Saunders' Decision and Order dated May 12, 2015 to the extent
   that Defendant's motion is denied;

3. Alternatively, vacating Judge Saunders' Decision and Order dated May 12, 2015
   and issuing a new Decision and Order denying Defendant's motion in its entirety.

      LET all proceedings on the part of the Defendant, Defendant's attorney, agents,

successors and assignees be stayed.

NOW, SUFFICIENT CAUSE HAVING BEEN ALLEGED AND APPEARING

THEREFOR, let service of a copy of this Order, and the papers upon which it is based,

upon the Defendant at 1468 Bryant Ave., Apt. 4B, Bronx, New York 10460, by

Certified mail Return Receipt Requested, on or before the 17th day of June, 2015, be

deemed service good and sufficient.

Dated: Bronx, New York
     June 9, 2015

JUN 0 9 2015

J.C.C

HON. VERNA L. SAUNDERS

**PROOF OF SERVICE SHALL BE FILED
WITH THE CLERK OF CIVIL COURT
ON THE RETURN DATE.**

INDEX NO: 100350/08

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

KELLY STREET REALTY, INC.,

                                        Plaintiff,

            - against -

LAURA MARRERO,

                                        Defendant.

ORDER TO SHOW CAUSE

Signature Rule 130-1.1-a

_____          _____
Print Name Beneath                 Matthew Kasper, Esq.

Kavulich & Associates, P.C.
Attorney for Plaintiff
181 Westchester Ave., Suite 500-C
Port Chester, NY 10573
(914)355-2074

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

Index No. 100350/08
File No. 4778

---------------------------------------------------------------X

KELLY STREET REALTY, INC.,

                      Plaintiff,

**AFFIRMATION OF
SERVICE**

      - against -

LAURA MARRERO,

                    Defendant.

---------------------------------------------------------------X

       Matthew D. Kasper, Esq., an attorney duly admitted to practice law before the courts of the State of New York hereby affirms the following under the penalty of perjury.

       On June 9, 2015 I served the within Order to Show Cause upon Laura Marrero the Defendant in this action by depositing a true copy in a post paid envelope addressed to:

       Laura Marerro
       1468 Bryant Ave., Apt. 4B
       Bronx, NY 10460

       in a depository under the exclusive dominion and control of the United States Postal Service within the State of New York via certified mail, return receipt requested, referenced by the tracking number 917199793522867334.

                               Matthew D. Kasper, Esq.

# ◢USPS.COM

## USPS Tracking™



**Customer Service ›**
Have questions? We're here to help.



**Get Easy Tracking Updates ›**
Sign up for My USPS.

**Tracking Number: 9171999991703522867334**

**Updated Delivery Day: Saturday, June 13, 2015**

## Product & Tracking Information

**Postal Product:**

**Features:**
Certified Mail™

### Available Actions

**Text Updates**

**Email Updates**

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| June 18, 2015 , 1:21 pm | Delivered | BRONX, NY 10450 |

Your item was delivered at 1:21 pm on June 18, 2015 in BRONX, NY 10450

| | | |
|---|---|---|
| June 13, 2015 , 3:24 pm | Notice Left (No Authorized Recipient Available) | BRONX, NY 10460 |
| June 13, 2015 , 9:23 am | Out for Delivery | BRONX, NY 10460 |
| June 13, 2015 , 9:13 am | Sorting Complete | BRONX, NY 10460 |
| June 13, 2015 , 8:24 am | Arrived at Unit | BRONX, NY 10460 |
| June 13, 2015 , 4:43 am | Departed USPS Facility | NEW YORK, NY 10199 |
| June 12, 2015 , 9:31 am | Arrived at USPS Facility | NEW YORK, NY 10199 |
| June 11, 2015 , 8:32 pm | Departed USPS Facility | WHITE PLAINS, NY 10610 |
| June 11, 2015 , 4:24 pm | Arrived at USPS Facility | WHITE PLAINS, NY 10610 |

## Track Another Package

Tracking (or receipt) number

[                                    ]   Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary

Sign up for My USPS ›



CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34
-----------------------------------------------------------X
KELLY STREET REALTY, INC.,

Index No. 100350/08
File No. 4778

Plaintiff,

**ORDER TO SHOW CAUSE**

- against -

LAURA MARRERO,

Defendant.
-----------------------------------------------------------X

It is Mandatory in Special Term,
Civil Court City of NY - Bronx County
for Litigants and Attorneys to APPEAR
in Court on the Return Calendar Date
to Respond to ORDERS TO SHOW CAUSE

UPON THE ANNEXED AFFIRMATION OF Matthew Kasper, Esq., sworn on June 2, 2015, and upon all prior papers and proceedings heretofore had herein,

LET DEFENDANT AND/OR HER ATTORNEYS SHOW CAUSE before ME OR ONE OF THE Judges of this Court at Part 34C, Room 504 in the Civil Court of the City of New York, County of Bronx, State of New York, located at 851 Grand Concourse, New York, on the 26th day of June, 2015 at 9:30 am in the forenoon of that day or as soon thereafter as counsel can be heard why an Order should not be made pursuant to CLPR 2221:

1. Granting reargument of Defendant's motion seeking vacatur of the instant judgment;

2. Amending Judge Saunders' Decision and Order dated May 12, 2015 to the extent that Defendant's motion is denied;

3. Alternatively, vacating Judge Saunders' Decision and Order dated May 12, 2015 and issuing a new Decision and Order denying Defendant's motion in its entirety.

LET all proceedings on the part of the Defendant, Defendant's attorney, agents, successors and assignees be stayed.

JUDGE SAUNDERS

NOW, SUFFICIENT CAUSE HAVING BEEN ALLEGED AND APPEARING

THEREFOR, let service of a copy of this Order, and the papers upon which it is based,

upon the Defendant at 1468 Bryant Ave., Apt. 4B, Bronx, New York 10460, by

Certified mail Return Receipt Requested, on or before the 17TH day of JUNE, 2015, be

deemed service good and sufficient.

Dated: Bronx, New York
June 9, 2015

JUN 0 9 2015

J.C.C

HON. VERNA L. SAUNDERS

PROOF OF SERVICE SHALL BE FILED
WITH THE CLERK OF CIVIL COURT
ON THE RETURN DATE.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X
KELLY STREET REALTY, INC.,

                    Plaintiff,

       - against -

LAURA MARRERO,

                     Defendant.
-----------------------------------------------------------X

INDEX NO. 100350/08
FILE NO. 4778

**AFFIRMATION IN
SUPPORT OF ORDER TO
SHOW CAUSE**

Matthew Kasper, Esq., an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under the penalty of perjury.

1.    I am an associate of the law firm of Kavulich & Associates, P.C., attorneys for the Plaintiff, herein. As such, I am fully familiar with the facts and circumstances of the within proceeding, except as to those matters stated to be based upon information and belief, and as to those matters I believe them to be true. The basis of my belief is information furnished to me by my client, information contained within the Court's file, and information contained within the file as maintained by your affirmant's office.

2.    I make this affirmation which seeks an order granting reargument of Defendant's motion seeking vacatur of the instant judgment; amending Judge Saunders' Decision and Order dated May 12, 2015 to the extent that Defendant's motion is denied; alternatively, vacating Judge Saunders' Decision and Order dated May 12, 2015 and issuing a new Decision and Order denying Defendant's motion in its entirety. Annexed hereto as Exhibit "1" is a copy of this Court's Decision and Order at issue. Annexed hereto as Exhibit "2" is a copy of Defendant's motion and Plaintiff's opposition.

3.   CPLR 2221(d) states that a motion to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion."

4.   "A motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law." *Foley v. Roche*, 68 A.D.2d 558, 567 (1st Dep't 1979); *McGill v. Goldman*, 261 A.D.2d 593 (2d Dep't 1999); *Opton Handler Gottlieb Feiler Landau & Hirsch v. Patel*, 203 A.D.2d 72 (1st Dep't 1994); *Loris v. S&W Realty Corp.*, 16 A.D.3d 729, 730 (3d Dep't 2005) (noting that a motion for leave to reargue is left to the sound discretion of the court, and may be granted even when "the criteria for granting a reconsideration motion are not technically met").

5.   Plaintiff respectfully raises issue as to the omission in Judge Saunders' Decision/Order dated May 7, 2015 of any discussion addressing Plaintiff's argument asserting that granting Defendant's motion would facially violate CPLR 317.

6.   CPLR 317 states in relevant part as follows:

> A person served with a summons other than by personal delivery to him or to his agent for service designated under rule 318, within or without the state, who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment ....

7.   Here, Plaintiff raised this argument in paragraph 17 of its affirmation in opposition.

8.   Moreover, Plaintiff cited a New York City Civil Court case which is on all fours with the facts of the instant case illustrating the application of CPLR 317. *See Elite*

*Recovery Services, Inc. v. R. Howard Helrich,* 31 Misc. 3d 1222, 930 N.Y.S.2d 174 (2011).

9.      Simply stated, **Defendant admitted knowing of the instant judgment for more than two years** and failed to move to vacate the judgment, in fact she acquiesced in the existence of the judgment. *(See Paragraphs 18-25 of Plaintiff's affirmation in opposition annexed hereto as Exhibit 2).*

10.     Further, Defendant submitted no reply and offered no response to the Plaintiff's argument applying the one year limitation as set forth in CPLR 317.

11.     Respectfully, the applicability of CPLR 317 was not discussed or even mentioned in Judge Saunders' decision and order dated May 7, 2015.

12.     Stated another way, the existence and applicability of CPLR 317 precludes the CPLR 5051 (meritorious defense / excusable default) analysis.

13.     The fact that Defendant may have an excusable default and a meritorious defense is immaterial if she failed to move within the CPLR 317 one year limitation.

14.     Without any factual support or argument against the applicability of CPLR 317, this Court is powerless to vacate the judgment as it did in the aforementioned decision and order.

15.     As such, allowing the decision and order at issue to remain in force and effect would be clear error.

16.     Furthermore, Plaintiff has expended a substantial amount of time and money in overseeing and conducting the over two year collection effort which took place while Defendant hesitated and acquiesced in the existence of the judgment in clear violation of CPLR 317.

17.     Allowing the judgment to now be vacated would operate as prejudice to Plaintiff to the extent that the lengthy and costly lawful collection efforts expended by Plaintiff will all go to waste.

18.     Therefore, this Court must grant Plaintiff's instant application and either (a) amend Judge Saunders' Decision and Order dated May 12, 2015 to the extent that Defendant's motion is denied; or (b) alternatively, vacate Judge Saunders' Decision and Order dated May 12, 2015 and issue a new Decision and Order denying Defendant's motion in its entirety on the basis that Defendant failed to move within one year of knowing of the existence of the judgment in accord with CPLR 317.

19.     This is Plaintiff's first Order to Show Cause to reargue this Court's decision and order dated May 7, 2015.

20.     This Order to Show Cause is timely as the underlying decision and order was entered on May 12, 2015 and a notice of entry was served on May 19, 2015 thereby allowing Plaintiff until June 18, 2015 to make the instant application. Annexed hereto as Exhibit "3" is a copy of the notice of entry.

WHEREFORE, your affirmant respectfully requests that the instant motion be granted in all respects and for such other and further relief as to this Court may seem just and proper.

Dated:      Port Chester, New York
            June 2, 2015

_____
Matthew Kasper, Esq.

# EXHIBIT 1

**Civil Court of the City of New York**

County of _____

Part _____

Index Number _____

Kelly Thai Realty, Inc

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Laura Hopkins

Defendant(s)/Respondent(s)

## DECISION/ORDER

Defendant alleges the court erring to write the default judgment entered against her.

Defendant argued that she never received notice of the lawsuit and that she avoided the complaint default judgment for a fine which resulted in her being placed in an emergency shelter by the Red Cross and being ultimately relocated.

Defendant further argues that she does not owe the rent in question because the financial cost was subsidized by Section 8.

(Plaintiff) oppose the motion on the ground that defendant Kennedy disregarded executive measures and have an excess to default as maintain a defense.

It is well settled that Courts favor disposition on the merits. While the Court is not warranted, the length of time which has

_____          _____
Date                                                                      Judge, Civil Court

Page 62

**Civil Court of the City of New York**

County of _Bronx_

Part _34_

Keily Street Realty Inc

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Laura Mann

Defendant(s)/Respondent(s)

Index Number _01 100550 / 16_

## DECISION/ORDER

elapsed since the judgment was entered, serious questions are raised regarding the whether the debt here, to wit, rental arrears, are attributable to the defendant. Made part the obvious troubling issue i.e. the alleged by demolishing the subject premises. Both 8 Rules prohibit the tenant being charged for more than his/her "fair- and share" of the rent. Accordingly, the Court is satisfied that the defendant has come forward with an arguable default and meritorious defense to warrant granting the instant order to show cause

The judgment is vacated and any and all arrears or monies judgments, bank restraints and executions, thereof, or otherwise levies are vacated. Any monies collected pursuant to the judgment shall be refunded forthwith.

The answer annexed to the defendant's order to show cause

Date

Judge, Civil Court

CIV-GP-41 (January, 1990)

pag 2 / 3

Page 63

**Civil Court of the City of New York**

County of _Bronx_

Part _34_

Kaly Shal Realty Inc.

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Luan Marone

Defendant(s)/Respondent(s)

Index Number _PL 100270-08 EX_

## DECISION/ORDER

It deemed filed and interposed in this matter and the defendant may amend same within 30 days of the date of this order.

The matter is restored to the calendar for a pre trial conference July 8, 2015 at 9:30 AM. Defendant is a subject Section 8.

Defendant shall serve a copy of this order with notice of entry within 10 days by 1st class mail with certificate of mailing.

This constitutes the decision and order of the Court.

ENTERED
BRONX COUNTY

MAY 1 2 2015

Civil Court
of the
City of New York

5/7/15
Date

Judge, Civil Court   HON. VERNA L. SAUNDERS

CIV-GP-41 (January, 1991)

# EXHIBIT 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

------------------------------------------------------------X

KELLY STREET REALTY, INC.,

                    Plaintiff,

          -against-

LAURA MARRERO,

                    Defendant.

------------------------------------------------------------X

INDEX NO. 100350/08
FILE NO. 4778

**AFFIRMATION IN**
**OPPOSITION**

Matthew Kasper, Esq., an attorney duly admitted to practice law before the Court of the State of New York, hereby affirms under the penalty of perjury:

1. I am an associate of Kavulich & Associates, P.C., attorneys for the Plaintiff herein. As such, I am fully familiar with the facts and circumstances of the within proceeding, except as to those matters stated upon information and belief, as to those matters I believe them to be true. The basis of my belief is information supplied to me by my client, information contained within the court file and information maintained within my office.

2. I make this affirmation in opposition to the Defendant VERONICA MORENO's Order to Show Cause which seeks to vacate the instant judgment issued on default. Please see Respondent's instant Order to Show Cause and Proposed Answer annexed hereto as Exhibit "1."

## STATEMENT OF THE UNDISPUTED FACTS

1. The parties executed a lease agreement for the premises known as 928 Kelly Street, Unit 1, Bronx, New York, Plaintiff's building. Annexed hereto as Exhibit "2" is the affidavit of Anto Lulaj, agent of Plaintiff.

2. The term of the lease agreement was for two years commencing October 5, 2002 and ending October 14, 2004.

Page 66

3. Almost immediately thereafter, Defendant began to accumulate rental arrears.

4. As such, Plaintiff commenced a nonpayment proceeding in Housing Court under the L&T Index No. 2898/2012.

5. Defendant vacated the subject premises on or about October 31, 2014 leaving a substantial rental arrears balance.

3. As such, Defendant owes Plaintiff the sum of $22,838.92 representing rental arrears for the May, 2003 balance of $625.70 and for the months of June, 2003 through and including October, 2004 at the agreed monthly rent of $1,306.66.

4. Defendant was served with a summons and complaint via conspicuous service on November 8, 2008. Annexed hereto as Exhibit "3" is a copy of the summons, complaint, and affidavit of service.

5. The Plaintiff had not been contacted by the Defendant since they vacated the subject premises and until many years after she was notified by the wage garnishment that was issued by your affirmant's office. Annexed hereto as Exhibit "4" is a copy of the income execution.

6. Defendant now moves to vacate the default judgment issued on February 26, 2009.

### THE DEFENDANT'S INSTANT MOTION DOES NOT DEMONSTRATE AN EXCUSABLE DEFAULT AND MERETORIOUS DEFENSE, THEREFORE THE MOTION SHOULD BE DENIED

7. In order to prevail on this instant motion, Defendant must prove both an excusable default *and* meritorious defense as upon showing of both of those prongs, vacating a default judgment is proper. CPLR 5051(a)(1); *Bank of Am. v. Faracco*, 89 AD3d 879 [2d Dep't 2011]; *Community Preserve. Corp. v. Bridgewater condominiums. LLC.*, 89 AD3d 784 [2d Dep't 2011].

8. Moreover, should Defendant demonstrate a reasonable excuse for the default, a Court must nonetheless uphold the default judgment when the Respondent's papers submitted in support thereof are replete with self-serving, vague, unsubstantiated denials, and unsupported

legal conclusions. *Thapt v. Lutheran Med. Ct.*, 89 AD3d 837 [2d Dep't 2011]; *Garal Wholesalers, Ltd. v. Raven Brands, Inc.*, 82 AD3d 1041 [2d Dep't 2011].

9. It is respectfully stated to the Court that Defendant has failed to demonstrate both prongs and that this motion must be denied.

10. Defendant alleges that she was not served with the summons and complaint, however she offers no support for this such as an explanation of where she was living at the time or a suggestion as to how process did not end up in her possession.

11. A process server's affidavit constitutes prima facie evidence of proper service pursuant to CPLR 308(4). *City of New York v. Miller*, 2010 NY Slip Op 03059 (2d Dep't 2010).

12. Defendant's self-serving and conclusory statements are insufficient to rebut the presumption of service.

13. Moreover, Defendant alleges that she was "burned out of this residence."

14. Again, without support or even an iota of specificity as to when this purported fire took place, and what happened during the fire requiring Defendant's vacature.

15. In fact, Defendant vacated the apartment due to the commencement of a housing court case as a result of her failure to pay rent. Please see the aforementioned Exhibit "2."

16. Accordingly, Defendant fails to set forth a legally cognizable meritorious defense and reasonable excuse for her default.

## DEFENDANT IS CHARGED WITH NOTICE OF THE INSTANT LITIGATION SUCH THAT HER APPLICATION IS UNTIMELY AS A MATTER OF LAW

17. CPLR 317 requires an applicant seeking to vacate a default judgment to have an application within one year of knowing of the judgment.

18. A New York City Civil Court, in a case on point applying CPLR 317 and involving a judgment-debtor's Order to Show Cause pursuant to CPLR 5051 seeking vacatur of a default judgment after ignoring an income execution of twenty-months - denied the judgment-debtor's

application. *Elite Recovery Services, Inc. v. R. Howard Helrich*, 31 Misc. 3d 1222, 930 N.Y.S.2d 174 (2011).

19. In denying the judgment-debtor's application for vacatur, the Court discussed its rationale as follows:

> Defendant has not set forth any excuse as to why he ignored an income execution against his wages for twenty-months. The execution went into effect in June 2009 and defendant did not make this motion until February 2011. It is not credible that the defendant did not have either actual or constructive knowledge of the litigation as he had been having his wages garnished for over a year. As noted above, the policy of this court is to try to have all cases decided on the merits. However, the justice system assumes that people will act to challenge a judgment wrongfully entered against them within a reasonable amount of time after obtaining notice of it and that they will act in an expeditious manner to address such a situation. The actions of the defendant do not even approach "diligence" let alone "due diligence."
>
> *Id.* at *4.

20. Here, Defendant was served with an income execution on September 26, 2012.

21. As a result, her income was continuously garnished from **December 5, 2012** (the first payment) through to the service of the instant Order to Show Cause on or about **March 10, 2015** – over two years.

22. In fact, Defendant states that she "never found out about this until I started being garnished from my pay check ...." Please see the aforementioned Exhibit "I." (emphasis added).

23. Defendant admits knowing about the garnishment the day it began, yet waited over two years to make the instant application which, as held in *Elite Recovery*, is not even close to due diligence as required by CPLR 317.

24. Therefore, even assuming *arguendo* that the Defendant offers an excusable default and meritorious defense, the Defendant's failure to address her default in almost 2 years combined

with her knowing disregard for the aforementioned execution measures should not be countenanced.

25. As such, Defendant's Order to Show Cause should be denied as untimely pursuant to CPLR 317.

WHEREFORE, as no legal or equitable basis has been stated or exists, Plaintiff respectfully asks that this Court deny the instant motion.

Dated: April 10, 2015
      Port Chester, NY

                            Kavulich & Associates, P.C.
                            By: Matthew Kasper, Esq.
                            Attorney for Plaintiff
                            181 Westchester, Ave., Suite 500C
                            Port Chester, NY 1057
                            (914) 355-2074

# EXHIBIT 1

**DIY**

Index Number: CV-100350-08/BX

Civil Court of the City of New York
County of Bronx

KELLY STREET REALTY INC.
    -against-
LAURA MARRERO

ORDER TO SHOW CAUSE

To vacate the defendants default, and any judgment, lift restraints and executions, order restitution and dismiss or stay the action for 90 days or restore to the calender or allow a proposed answer

UPON the annexed affidavit of LAURA MARRERO, sworn to on March 10, 2015, and upon all papers and proceedings herein:

Let the Plaintiff(s) or Plaintiff(s) attorney(s) show cause at:
    **Bronx Civil Court**
    **851 Grand Concourse**
    **Bronx, NY 10451**
    **Part 34C - Room 504**
    on MARCH 23, 2015 at 9:30 AM
or as soon thereafter as counsel may be heard, why an order should not be made granting any of the following relief as the court deems appropriate:

Vacating the defendants default and any judgment, lifting restraints and executions, ordering restitution or dismissing or staying the action for 90 days or restoring the action to the calendar or allowing a proposed answer.

**PENDING** the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Plaintiff(s), Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of sa Judgment be stayed.

**SERVICE** of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

Plaintiff(s) or named attorney(s):
(Judge to Initial)

_____ by Personal Service by " In Hand Delivery"
_____ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office
    Certificate of Mailing

Sheriff or Marshal:
(Judge to Initial)

_____ by Personal Service by " In Hand Delivery"
_____ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office
    Certificate of Mailing

on or before _March 16th, 2015_ , shall be deemed good and sufficient

PROOF OF SUCH SERVICE may be filed with the Clerk in the Part indicated above on the return date of this Order to Show Cause.

Mail to Attorney or party:
Kavulich & Associates PC (Counsel for Pltf),
181 Westchester Avenue, Suite 500C,
Port Chester, NY 10573

Sheriff/Marshal:
Marshal of the City of New York
Biegel, Stephen, Marshal
109 W 38 Street
Suite 200
New York, NY 10018-3615

March 10, 2015
       **DATE**

Hon. Verna Saunders, Civil Court Judge (NYC)
HON. VERNA L. SAUNDERS

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. cv10035008bx

AFFIDAVIT IN SUPPORT OF AN
ORDER TO SHOW CAUSE
To Vacate a Judgment For Failure
to Answer

Kelly street reality Inc,
        Plaintiff,

  – against –

LAURA MARRERO,
        Defendant.

Movant's address:
1468 BRYANT AVE, Apt.
4B
BRONX, NY, 10460

State of New York, County of Bronx ss.:

LAURA MARRERO, being duly sworn, deposes and says:

1. I am a defendant and I am making this request in support of the Order to Show Cause to vacate a default judgment, and dismiss this case for lack of personal jurisdiction pursuant to CPLR 5015(a)(4).

2. The court lacks personal jurisdiction because the Summons and Complaint were not served properly. I WAS NOT SERVED I DID NOT RECIEVE ANY PAPER REGARDING THIS CASE AND I WAS BURNED OUT OF THIS RESIDENCE.

3. Alternatively, the default judgment should be vacated pursuant to CPLR 5015(a)(1) and the case restored to the calendar and the attached Proposed Answer deemed timely filed.

4. I did not file an answer to the Complaint with the court because of the following excusable default:

    a. I never received the court papers.

5. I have the following meritorious defense(s):

    a. I do not owe the money.

    b. I WAS BURNED OUT OF THIS APARTMENT RED CROSS PICKED MY FAMILY UP AND PUT US IN EMERGANCY SHELTER I HAVE NO IDEA

WHY I AM BEING SUED AND NEVER FOUND OUT ABOUT THIS UNTIL
I STARED BEING GARNISHED FROM MY PAY CHECK WHICH IS NOW
YEARS LATER AFTER LIVING THEIR.

6. I want to tell the judge the following: I DONT BELIEVE I OWE THIS DEBT ME AND
MY FAMILY WERE BURBNED OUT OF THIS APARTMENT WE LOST
EVERYTHING YEARS LATER I AM BEING SUED MOVEING FOWARD THIS
GARNISHMENT HAS PUT A FINICHAL HARDSHIP ON ME AND MY FAMILY.

7. I have not asked for a previous Order to Show Cause in this case.

8. My salary has been garnished. I am employed at ALIIED BARTON SECURITY
SERVICES LLC ATTN PAYROLL 161 WASHINGTON ST STE 600 8 TOWER
BRDG CONSHOHOCKEN PA 19428.


### Relief

9. WHEREFORE, I request that the judge vacate any judgment, lift any and all
restraints and executions, order restitution, and upon vacatur, dismiss this case for
lack of personal jurisdiction, or in the alternative, deem the attached Proposed
Answer timely filed, restore the case to the calendar, grant me permission to serve
these papers myself, and grant me such other and further relief as may be just.

_Laura Marrero_

Laura Marrero, Defendant

Sworn to before me this _____ day

of _____ MAR 1 0 2015 _____ .

_____
Notary Public or Court Clerk

| V | I.D. Presented Type: _NYS DL_ |
|   | No I.D. Provided |

Affidavit in Support of an Order to Show Cause to Vacate a Default Judgment
Made using the NYS Courts FREE DIY Forms

Page 2 of 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Kelly street reality inc,
                    Plaintiff,

    – against –

LAURA MARRERO,
                    Defendant.

Index No. cv10035008bx

PROPOSED ANSWER CONSUMER
CREDIT TRANSACTION

Movant's address:
1468 BRYANT AVE, Apt.
4B
BRONX, NY, 10460

LAURA MARRERO, answers the Complaint as follows:

1. General Denial: I deny the allegations of the Complaint.

2. I do not owe the money.

3. I WAS BURNED OUT OF THIS APARTMENT RED CROSS PICKED MY FAMILY
   UP AND PUT US IN EMERGANCY SHELTER I HAVE NO IDEA WHY I AM BEING
   SUED AND NEVER FOUND OUT ABOUT THIS UNTIL I STARED BEING
   GARNISHED FROM MY PAY CHECK WHICH IS NOW YEARS LATER AFTER
   LIVING THEIR.

4. I have the following counterclaim(s): I WANT WHAT WAS GARNISHED. I am
   seeking $3,000.

## VERIFICATION

**State of New York, County of Bronx ss.:**

LAURA MARRERO, being duly sworn, deposes and says: I am the Defendant in this action, I have read the Proposed Answer Consumer Credit Transaction and know the contents to be true to my own knowledge, except for those matters alleged to be on information and belief, and as to those matters, I believe them to be true.

_____
Laura Marrero, Defendant

Sworn to before me this ___ day
MAR 1 0 2015

of _____, 20 _____.

_____
Notary Public or Court Clerk

I.D. Presented Type: _____
No I.D. Provided

Proposed Answer – Consumer Credit Transaction
**Made using the NYS Courts FREE DIY Forms**                    Page 2 of 2

# EXHIBIT 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 100350/08
File No. 4778

------------------------------------------------------------x

KELLY STREET REALTY, INC.,

               Plaintiff,

**AFFIDAVIT**

    -against-

LAURA MARRERO,

              Defendant.

------------------------------------------------------------x

STATE OF NEW YORK    )
                       ) SS
COUNTY OF BRONX      )

I, Anto Lulaj, being duly sworn deposes and says:

1. I am the agent for the Plaintiff, KELLY STREET REALTY, INC., herein and, as such, I am fully familiar with the facts and circumstances of this proceeding as I am responsible for, *inter alia*, leasing of apartments, and overseeing maintenance of the property when required.

2. I was the agent during the time in issue of this proceeding.

3. The parties executed a lease agreement for the premises known as 928 Kelly Street, Unit 1, Bronx, New York, Plaintiff's building.

4. The term of the lease agreement was for two years commencing October 5, 2002 and ending October 14, 2004.

5. Almost immediately thereafter, Defendant began to accumulate rental arrears.

6. As such, Plaintiff commenced a nonpayment proceeding in Housing Court under the L&T Index No. 2898/2012.

7. Defendant vacated the subject premises on or about October 31, 2014 leaving a substantial rental arrears balance.

8.  As such, Defendant owes Plaintiff the sum of $22,838.92 representing rental arrears for the May, 2003 balance of $625.70 and for the months of June, 2003 through and including October, 2004 at the agreed monthly rent of $1,306.66.

9.  My attorneys have advised me that judgment was entered against the Defendant and that we have been collecting on an income execution since December, 2012.

WHEREFORE, your deponent respectfully requests that the instant motion be granted in all respects and for such other and further relief as to this Court may seem just and proper.

Sworn before me this
7th day of April, 2015

_____
Notary Public

_____
Anto Lulaj

GARY KAVULICH
Notary Public, State of New York
No. 02KA6205615
Qualified in Westchester County
Commission Expires May 11, 2017

# EXHIBIT 3

CONSUMER CREDIT TRANSACTION. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED TO COLLECT THIS DEBT.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------X

Kelly Street Realty, Inc.,
                    Plaintiff,

            -against-

Laura Marrero,

                    Defendant(s)

----------------------------------------------------X

INDEX NO.
FILE NO. 4778

SUMMONS
Place of Venue is Plaintiff's
place of business:

928 Kelly Street
Bronx, NY 10459

To the above named defendants(s):

YOU ARE HEREBY SUMMONED to appear at the CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF BRONX at the office of the clerk of the said Court at 851 Grand Concourse, Bronx, NY 10451, in the COUNTY OF BRONX, State of New York, within the time provided by law as noted below and to file an answer to the below complaint with the clerk; upon your failure to answer, judgment will be taken against you for the sum of $23,338.92 with interest thereon from May 1, 2003 together with costs of this action.

DATED: October 22, 2008

By: Gary Kavulich, Esq.,
Kavulich & Associates, P.C.
Attorney for Plaintiff
30 Church Street
Suite 26
New Rochelle, NY 10801
(914) 355-2074

Defendant's Address:
 Laura Marrero
2303 Belmont Avenue, Apt. 5
Bronx, NY 10458-8343

Note:  The law provides that: (a) If the summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) If the summons is served by any means other than personal delivery to you within the City of New York, you must appear and answer within THIRTY days after proof of service thereof is filed with the Clerk of this Court.

## COMPLAINT

**FIRST ACTION**: Plaintiff seeks to recover damages from defendant(s) for breach of a lease agreement in the sum of $22,838.92 representing rental arrears for the months of May, 2003 balance of $625.70; June, 2003 through and including October, 2004 at the agreed monthly sum of $1,306.66 for the premises known as 928 Kelly Street, Apt.#1 Bronx, NY 10459 together with costs and disbursements of this action and for such other and further relief as the court may deem just.

**SECOND ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $0.00 representing damages together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

**THIRD ACTION**: Plaintiff seeks to recover damages from the defendant in the sum of $500.00 representing reasonable attorneys fees together with costs and disbursements of this action and for such other further relief as the Court may deem just.

**WHEREFORE**, Plaintiff demands judgment (A) on the First Action, in the sum of $22,838.92 plus interest from  May 1, 2003 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (B) on the Second Action, in the sum of   0.000 plus interest from May 1, 2003 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (C) on the Third Action, in the sum of $500.00  together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

The Plaintiff in this action is NOT required to be licensed by the New York City Department of Consumer Affairs.

## AFFIDAVIT OF SERVICE

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 100350/08
Filed: _____

Attorneys: Kavulich & Associates, P.C.
Address: 30 Church Street, Suite 26, New Rochelle, NY 10801

File No. 4778

KELLY STREET REALTY INC,

vs.

LAURA MARRERO,

State of New York County of Nassau SS:
Aston G. Evans II, being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age, On November 8, 2008 at 6:41p.m.
At: 2303 Belmont Avenue, Apt. 5, Bronx, NY 10458 served the within Summons and Complaint
on: LAURA MARRERO. Defendant therin named

| | |
|---|---|
| Individual [] | By delivering a true copy of each to said recipient: deponent knew the person served to be the person described as said person therein. |
| Corporation [] | By delivering to and leaving with _____ and that deponent knew the person so served and authorized to accept service on behalf of the Corporation |
| Suitable Age Person [] | By delivering a true copy of each to a person of suitable age and discretion Said premises is recipients [ ] actual place of business [] dwelling house within the state. |
| Affixing to Door [X] | By affixing a true copy of each to the door of said premises, which is recipients [ ] actual place of business [X] dwelling house (place of abode) within the state |
| Mail Copy [X] | On November 10, 2008 deponent completed service under the last two sections by depositing a copy of the Summons and Complaint to the above address in a 1st Class property addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. |

Deponent was unable, with due diligence to find the recipient or a person of suitable age and discretion having called thereat:

On the 5th day of November, 2008 at 9:45a.m.
On the 7th day of November, 2008 at 4:20p.m.
On the 8th day of November, 2008 at 6:41p.m.

Description A description of the Defendant, or other person served on behalf of the Defendant
[] Sex:___ Color of skin: ____ Color of Hair: _____ Age: _____ Height:____ Weight: ____

Military Svce Deponent asked person spoken to whether the recipient was presently in military
[X] service of the United States Government or of the State of New York and was
informed that the recipient is not. Recipient wore civilian clothes and no military uniform
Other
[X] "John Doe" neighbor stated that the Defendant is not in the military.

Sworn to before me on this 10 day of 11/08

Aston G. Evans II
LIC# 1220069

# EXHIBIT 4

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

| | |
|---|---|
| Court Index No. 100368/08 | |
| File No. 4778.0 | |

Kelly Street Realty, Inc.,

Plaintiff.

Against

Laura Marrero,

Defendant(s).

**INCOME EXECUTION**

**The People of the State**
**of New York**

The following judgment was duly entered in favor of the plaintiff (judgment creditor) in the office of the clerk of the within court:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|---|
| CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF BRONX | 2/26/2009 12:00:00 AM | $33,318.67 | $33,318.67 | 2/26/2009 12:00:00 AM |

The judgment was recovered against          Laura Marrero
And transcripted with the county clerk(s) of      Bronx                    defendant (judgment debtor)

WHEREAS, this execution is issued against      Laura Marrero        defendant (judgment debtor)
Whose last known address is:   2303 Belmont Avenue
                                Apt. 5   Bronx, NY   10458-8343
and said defendant (judgment debtor) is receiving or will receive from the Employer* whose name and address is :
         Allied Barton Security Services LLC   161 Washington Street, Ste. 600 5 Tower Bridge
         Conshohocken, PA 18428   ATTN: Payroll

More than $          per week, to wit $                           to be paid weekly installment of $          on 4th:
Title or position      See Sec. and/ proxim No.                    Bureau, Office or Subdivision              Reply
No.

██████ 9875

You are directed to satisfy the judgment with interest together with your fees and expense, out of all monies now and hereafter due owing to the judgment debtor from the Employer pursuant to CPLR ¾ 5231 d 16 U.S.C 1671, et. Seq
Direction to Judgment Debtor: You are notified and commanded within 20 days to start paying to the Enforcement Officer serving a copy of this Income Execution on your installments amounting to 10(but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income execution are fully paid and satisfied, and if you fail to do so this Income Execution will be served upon the Employer by the Enforcement Officer.
Direction to the Employer: You are commanded to withhold and pay over to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set fourth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to judgment debtor until the judgment with interest and fees and expenses of this Income Execution are fully paid and satisfied.

Dated
9/26/2012

Gary Kavulich Esq.
Kavulich & Associates, P.C.
181 Westchester Avenue, Suite 500C
Port Chester, NY 10573
(914) 355-2074

* "Employer," herein, includes any payor of money to Judgment Debtor.

## Important Statement

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules ¾ 5231 and 15 United State Code ¾ 1671 et seq.

I.   Limitation on the amount that can be withheld
     A.   An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

B. If a judgment debtor' weekly disposable earnings are less than thirty (30) times the current federal minimum wage ($5.85   per hour), or $175.5*   No deduction can be made from the judgment debtor's earnings under this income execution.

C. A judgment debtor's weekly disposable earnings cannot reduced below the amount arrived at by multiplying thirty (30) times the current federal minimum wage($5.85*   per hour), or$175.50*   under this income execution.

D. If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouse, and those deductions equal or exceed twenty-five percent(25%) of the judgment debtor's disposable earnings, no deduction can be made from the judgment debtor's earning under this income execution.

E. if deductions are being made from a judgment debtor's earning under any order for alimony, support or maintenance for family members or former spouse, and those deductions are less than twenty-five percent(25%) of the judgment debtor's disposable earnings, deductions may be made from the judgment debtor's earnings under this income execution. However, the amount arrived at by adding the deductions from earnings made under this execution to the deductions made from earning under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent(25) of the judgment debtor's disposable earnings.

NOTE: Nothing in this notice limits the proportion or amount, which may be deducted under any order for alimony, support or maintenance for family members or former spouses.

II. Explanation of Limitations
Definitions

. . . able Earnings – Disposable earning are that part of an individual's earnings after deducting those amounts that are required . . . . withheld (for example, taxes, social security and unemployment insurance, but not deduction for union dues, insurance . . . . ns, etc...)

Gross income: Gross income is salary, wages or other incomes, including any and all overtime earnings, commissions, and income from trusts, before any deductions are made from such income.

Illustrations regarding earnings

If disposable earnings is:
(a) 30 times federal minimum wage is:
($175.50*) or less

Amount to pay or deduct from earning under this income execution

No payment or deduction allowed

(b) More than 30 times federal minimum Wage ($175.50*   ) and less than 40 times federal minimum wage ($234.00*   )

The less of: the excess over 30 times the federal minimum wage ($175.50*   ) in disposable earnings, or 10% of gross earnings.

(c) 40 times the federal minimum wage ($234.00*   ) or more

The less of: 25% o disposable earnings or 10% of gross earnings.

III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR% 5231 (j) and CPLR% 5240

If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment.
If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged.

CPLR % 5231 (j) Modification. At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.

CPLR % 5240 Modification or protective order: supervision of enforcement. At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure. Including the use of income executions.
*Based upon $4.25 minimum hourly wage. Recalculate and insert correct figures if the minimum hourly wage changes.
Endorsement:
Date and Time execution received:

Installments paid to _____ have satisfied the judgment to the extent of $.

Principal and $_____ interest. _____
                                   Levying officer

Return to the judgment creditor or his attorney _____ because of inability to

Find garnishes in the county. _____
                               Levying officer                    County

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

INDEX NO. 100350/08
FILE NO. 4778

-------------------------------------------------------------------X

KELLY STREET REALTY, INC.,

              Plaintiff,

            -against-

AFFIRMATION OF
SERVICE

LAURA MARRERO,

              Defendant.

-------------------------------------------------------------------X

      Gary Kavulich, Esq., an attorney duly admitted to practice law before the courts of the State of New York hereby affirms the following under the penalty of perjury.

      On April 10, 2015, I served the within Affirmation in Opposition upon the movant in this action, by depositing a true copy in a post-paid envelope addressed to:

              Laura Marrero
           1468 Bryant Ave., Apt. 4B
             Bronx, NY 10460

in an official depository under the exclusive dominion and control of the United States Postal Service within the State of New York via regular first class mail.

             Gary Kavulich, Esq.

INDEX NO. 100350/08

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

KELLY STREET REALTY, INC.,

                                    Plaintiff,

            - against -

LAURA MARRERO,

                                    Defendant.

                         .

#### AFFIRMATION IN OPPOSITION

Signature Rule 130-1.1-a

_____          _____
Print Name Beneath -                         Matthew Kasper, Esq.

Kavulich & Associates, P.C.
Attorneys for Plaintiff
181 Westchester Ave., Suite 500C
Port Chester, NY 10573
(914) 355-2074


EXHIBIT 3

*4778*

Civil Court of the City of New York
County_____

Index Number: CV—100035U/08-BX

Kelly Street Reality Inc

Plaintiff(s),

NOTICE OF ENTRY

-against-

Laura Marrero Defendant(s),—

Please take notice that the within is a true copy of a(n)

DECISION ORDER JUDGMENT duly entered in the office of the Clerk of the Civil Court of
*(choose one)*
the City of New York, County of New York, on the 12 day of May , 20 15

Dated: 5-19-2015

Signature: x _Laura Marrero_

Print Name: _Laura Marrero_

Address: 1468 Bryant Aun #4B

Bronx New York 10480

Sworn to before me this 19 day

of May 20 15

_____
(Notary Public)

CIV-GP-105(Revised 01/04)

PAULINA B. REYES
NOTARY PUBLIC, State of New York
No. 04RE6193996
Qualified in Bronx County
Commission Expires Sept. 18, 20 16

INDEX NO: 100350/08

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

KELLY STREET REALTY, INC.,

Plaintiff,

- against -

LAURA MARRERO,

Defendant.

ORDER TO SHOW CAUSE

Signature Rule 130-1.1-a

_____          _____
Print Name Beneath                                              Matthew Kasper, Esq.

Kavulich & Associates, P.C.
Attorney for Plaintiff
181 Westchester Ave., Suite 500-C
Port Chester, NY 10573
(914)355-2074

2015 JUN -9 AM 9:20

CIVIL COURT

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

-----------------------------------------------------X   Index No. 100350/08

KELLY STREET REALTY, INC.,                              File No. 4778

                                 Plaintiff,

                                              **ORDER TO SHOW CAUSE**

                    - against -

LAURA MARRERO,

                                 Defendant.

-----------------------------------------------------X

UPON THE ANNEXED AFFIRMATION OF Matthew Kasper, Esq., sworn on January 5, 2016, and upon all prior papers and proceedings heretofore had herein,

LET DEFENDANT AND/OR HER ATTORNEYS SHOW CAUSE before ME OR ONE OF THE Judges of this Court at Part 34, Room 503, in the Civil Court of the City of New York, County of Bronx, State of New York, located at 851 Grand Concourse, New York, on the 4th day of Feb, 2016 at 9:30 am in the forenoon of that day or as soon thereafter as counsel can be heard why an Order should not be made pursuant to CLPR 2221:

1. Granting reargument of Plaintiff's Order to Show Cause dated June 2, 2015;

2. Amending Judge Saunders' Decision and Order dated October 14, 2015 to the extent that Defendant's motion is denied;

3. Alternatively, vacating Judge Saunders' Decision and Order dated October 14, 2015 and issuing a new Decision and Order denying Defendant's motion in its entirety.

LET all proceedings on the part of the Defendant, Defendant's attorney, agents, successors and assignees be stayed.

NOW, SUFFICIENT CAUSE HAVING BEEN ALLEGED AND APPEARING

THEREFOR, let service of a copy of this Order, and the papers upon which it is based, upon the Defendant at 1468 Bryant Ave., Apt. 4B, Bronx, New York 10460, by

_Certified Mail Return Receipt Req_ on or before the _21st_ day of _May_, 2016, be deemed service good and sufficient.

Dated: Bronx, New York
        _____, 2016

_____
J.C.C.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

----------------------------------------------------------------X

KELLY STREET REALTY, INC.,

                              Plaintiff,

- against -

LAURA MARRERO,

                              Defendant.

----------------------------------------------------------------X

INDEX NO. 100350/08
FILE NO. 4778

**AFFIRMATION IN**
**SUPPORT OF ORDER TO**
**SHOW CAUSE**

Matthew Kasper, Esq., an attorney duly admitted to practice law before the Courts

of the State of New York hereby affirms the following under the penalty of perjury.

1.       I am an associate of the law firm of Kavulich & Associates, P.C., attorneys for

the Plaintiff, herein. As such, I am fully familiar with the facts and circumstances of the

within proceeding, except as to those matters stated to be based upon information and

belief, and as to those matters I believe them to be true. The basis of my belief is

information furnished to me by my client, information contained within the Court's file,

and information contained within the file as maintained by your affirmant's office.

2.       I make this affirmation which seeks an order granting reargument of

Plaintiff's order to show cause; amending Judge Saunders' Decision and Order dated

October 14, 2015 to the extent that Defendant's motion is denied; alternatively, vacating

Judge Saunders' Decision and Order dated October 14, 2015 and issuing a new Decision

and Order denying Defendant's motion in its entirety. Annexed hereto as Exhibit "1" is a

copy of this Court's Decision and Order at issue. Annexed hereto as Exhibit "2" is a copy

of Plaintiff's order to show cause.

3. On or about March 10, 2015, Defendant moved this court seeking vacatur of the instant judgment pursuant to CPLR 5015(a)(1) [meritorious defense / excusable default] or CPLR 5015(a)(4) [jurisdiction]. Annexed hereto as Exhibit "3" is a copy of Defendant's motion.

4. Plaintiff opposed this motion arguing that service was proper and that Defendant's prong of her motion based on CPLR 5015(a)(1) [meritorious defense / excusable default] was time limited because **she failed to move within one year of being notified of the judgment**. Annexed hereto as Exhibit "4" is a copy of Plaintiff's affirmation in opposition.

5. Nonetheless, on May 7, 2015, a decision was issued vacating the judgment based upon CPLR 5015(a)(1). **"the court is satisfied that the defendant has come forward with an excusable default and meritorious defense to warrant granting the instant order to show cause."** Annexed hereto as Exhibit "5" is a copy of the decision/order dated May 7, 2015 (*see* middle of "page 2 of 3").

6. The court vacated the judgment in violation of the CPLR 317 time limitation applicable to motion pursuant to CPLR 5015(a)(1):

> A person served with a summons other than by personal delivery to him or to his agent for service designated under rule 318, within or without the state, who does not appear may be allowed to defend the action with one year after he obtains knowledge of entry of the judgment ...

CPLR 317.

7. Consequently, Plaintiff moved via an order to show cause to reargue the decision/order dated May 7, 2015 drawing the court's attention to this error. Please see the aforementioned Exhibit "1."

8.    In response, the court issued its October 14, 2015 decision and order denying Plaintiff's order to show cause and allowing the prior May 7, 2015 decision/order vacating the judgment based upon CPLR5015(a)(1) to stand, but opining that CPLR 5015(a)(4) has no time limitation.

9.    Respectfully, the court misapplied a controlling principle of law by vacating the judgment using a CPLR 5015(a)(1) [meritorious defense / reasonable excuse analysis] and circumventing the CPLR 317 one year limitation by opining that the judgment was vacated under CPLR 5015(a)(4) [jurisdictional analysis].

10.    The October 14, 2015 decision and order is not only wrong, but it allows the original CPLR 5015(a)(1) order to stand which is in clear violation of the CPLR 317 one year limitation.

11.    This operates to prejudice Plaintiff because it has expended time and money in executing on the judgment over many years which is one of the hidden purposes of CPLR 317.

12.    Defendant knew of the judgment and simply failed to act on it in time.

13.    Moreover, Plaintiff is prejudiced because if the judgment is vacated under CPLR 5015(a)(4) [jurisdiction analysis] it would entitle Plaintiff to a traverse hearing on the issue of service which was not ordered.

14.    The court originally vacated the judgment based upon CPLR 5015(a)(1) [meritorious defense / reasonable excuse] in violation of the CPLR 317 one year limitation.

15.    This decision must be vacated because Defendant failed to move within one year of knowing of the judgment.

16.     The court did not apply the CPLR 5015(a)(4) [jurisdictional analysis], in fact both decisions contain no facts or analysis on the issue of proper service and jurisdiction.

17.     The Defendant was properly served creating a presumption of service, and the Defendant knew of the judgment for many years and chose not to act to the detriment of Plaintiff.

18.     CPLR 2221(d) states that a motion to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion."

19.     "A motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law." *Foley v. Roche*, 68 A.D.2d 558, 567 (1st Dep't 1979); *McGill v. Goldman*, 261 A.D.2d 593 (2d Dep't 1999); *Opton Handler Gottlieb Feiler Landau & Hirsch v. Patel*, 203 A.D.2d 72 (1st Dep't 1994); *Loris v. S&W Realty Corp.*, 16 A.D.3d 729, 730 (3d Dep't 2005) (noting that a motion for leave to reargue is left to the sound discretion of the court, and may be granted even when "the criteria for granting a reconsideration motion are not technically met").

20.     As set forth above, the court misapplied a controlling principle of law, e.g. CPLR 5015(a)(1), CPLR 5015(a)(4), and CPLR 317.

21.     As such, the court's decisions dated October 14, 2015 and May 7, 2015 must be vacated and the instant judgment reinstated in full force and effect.

22.     Plaintiff has made one prior order to show cause dated June 2, 2015.

23.     The court issued a decision/order on October 14, 2015 and to date a notice of entry has not been served; as such, the instant application is timely.

WHEREFORE, your affirmant respectfully requests that the instant motion be granted in all respects and for such other and further relief as to this Court may seem just and proper.

Dated:      Port Chester, New York
            January 5, 2016

                                        Matthew Kasper, Esq.

EXHIBIT 1

EXHIBIT 2

EXHIBIT 3

EXHIBIT 4

EXHIBIT 5

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34
-----------------------------------------------X   Index No. 100350/08
KELLY STREET REALTY, INC.,                          File No. 4778

                              Plaintiff,

                                                    <u>ORDER TO SHOW CAUSE</u>

        - against -

LAURA MARRERO,

                              Defendant.           **It is Mandatory in Special Term,**
-----------------------------------------------X   **Civil Court City of NY - Bronx County**
                                                    **for Litigants and Attorneys to APPEAR**
                                                    **in Court on the Return Calendar Date**
                                                    **to Respond to ORDERS TO SHOW CAUSE**

        UPON THE ANNEXED AFFIRMATION OF Matthew Kasper, Esq., sworn on

June 2, 2015, and upon all prior papers and proceedings heretofore had herein,

        LET DEFENDANT AND/OR HER ATTORNEYS SHOW CAUSE before ME

OR ONE OF THE Judges of this Court at Part _34C_, Room _504_ in the Civil Court of

the City of New York, County of Bronx, State of New York, located at 851 Grand

Concourse, New York, on the _26th_ day of _June_, 20_15_ at 9:30 am in the forenoon of

that day or as soon thereafter as counsel can be heard why an Order should not be made

pursuant to CLPR 2221:

1. Granting reargument of Defendant's motion seeking vacatur of the instant
   judgment;

2. Amending Judge Saunders' Decision and Order dated May 12, 2015 to the extent
   that Defendant's motion is denied;

3. Alternatively, vacating Judge Saunders' Decision and Order dated May 12, 2015
   and issuing a new Decision and Order denying Defendant's motion in its entirety.

        LET all proceedings on the part of the Defendant, Defendant's attorney, agents,

successors and assignees be stayed.

Case 1:16-cv-01621-CBA-JLM Document 55-4 Filed 01/29/18 Page 101 of 178 PageID #: 5452

NOW, SUFFICIENT CAUSE HAVING BEEN ALLEGED AND APPEARING

THEREFOR, let service of a copy of this Order, and the papers upon which it is based,

upon the Defendant at 1468 Bryant Ave., Apt. 4B, Bronx, New York 10460, by

Certified mail Return Receipt Requested, on or before the _17th_ day of _June_, 2015, be

deemed service good and sufficient.

Dated: Bronx, New York
    June 9, 2015

    JUN 0 9 2015

J.C.C.

HON. VERNA L. SAUNDERS

PROOF OF SERVICE SHALL BE FILED
WITH THE CLERK OF CIVIL COURT,
ON THE RETURN DATE.

in a depository under the exclusive dominion and control of the United States
Postal Service within the State of New York via certified mail, return receipt requested,
referenced by the tracking number 917199793522867334.

Matthew D. Kasper, Esq.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

INDEX NO. 100350/08
FILE NO. 4778

-------------------------------------------------------------X

KELLY STREET REALTY, INC.,

                    Plaintiff,

**AFFIRMATION IN
SUPPORT OF ORDER TO
SHOW CAUSE**

     - against -

LAURA MARRERO,

                  Defendant.

-------------------------------------------------------------X

      Matthew Kasper, Esq., an attorney duly admitted to practice law before the Courts

of the State of New York hereby affirms the following under the penalty of perjury.

     1.    I am an associate of the law firm of Kavulich & Associates, P.C., attorneys for

the Plaintiff, herein. As such, I am fully familiar with the facts and circumstances of the

within proceeding, except as to those matters stated to be based upon information and

belief, and as to those matters I believe them to be true. The basis of my belief is

information furnished to me by my client, information contained within the Court's file,

and information contained within the file as maintained by your affirmant's office.

     2.    I make this affirmation which seeks an order granting reargument of

Defendant's motion seeking vacatur of the instant judgment; amending Judge Saunders'

Decision and Order dated May 12, 2015 to the extent that Defendant's motion is denied;

alternatively, vacating Judge Saunders' Decision and Order dated May 12, 2015 and

issuing a new Decision and Order denying Defendant's motion in its entirety. Annexed

hereto as Exhibit "1" is a copy of this Court's Decision and Order at issue. Annexed

hereto as Exhibit "2" is a copy of Defendant's motion and Plaintiff's opposition.

Case 1:18-cv-07652-CBA-RER Document 36-1 Filed 01/29/18 Page 103 of 178 PageID #: 1454

3.    CPLR 2221(d) states that a motion to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion."

4.    "A motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law." *Foley v. Roche*, 68 A.D.2d 558, 567 (1st Dep't 1979); *McGill v. Goldman*, 261 A.D.2d 593 (2d Dep't 1999); *Opton Handler Gottlieb Feiler Landau & Hirsch v. Patel*, 203 A.D.2d 72 (1st Dep't 1994); *Loris v. S&W Realty Corp.*, 16 A.D.3d 729, 730 (3d Dep't 2005) (noting that a motion for leave to reargue is left to the sound discretion of the court, and may be granted even when "the criteria for granting a reconsideration motion are not technically met").

5.    Plaintiff respectfully raises issue as to the omission in Judge Saunders' Decision/Order dated May 7, 2015 of any discussion addressing Plaintiff's argument asserting that granting Defendant's motion would facially violate CPLR 317.

6.    CPLR 317 states in relevant part as follows:

> A person served with a summons other than by personal delivery to him or to his agent for service designated under rule 318, within or without the state, who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment ....

7.    Here, Plaintiff raised this argument in paragraph 17 of its affirmation in opposition.

8.    Moreover, Plaintiff cited a New York City Civil Court case which is on all fours with the facts of the instant case illustrating the application of CPLR 317. *See Elite*

*Recovery Services, Inc. v. R. Howard Heirich*, 31 Misc. 3d 1222, 930 N.Y.S.2d 174 (2011).

9. Simply stated, Defendant admitted knowing of the instant judgment for more than two years and failed to move to vacate the judgment, in fact she acquiesced in the existence of the judgment. (*See Paragraphs 18-25 of Plaintiff's affirmation in opposition annexed hereto as Exhibit 2*).

10. Further, Defendant submitted no reply and offered no response to the Plaintiff's argument applying the one year limitation as set forth in CPLR 317.

11. Respectfully, the applicability of CPLR 317 was not discussed or even mentioned in Judge Saunders' decision and order dated May 7, 2015.

12. Stated another way, the existence and applicability of CPLR 317 precludes the CPLR 5051 (meritorious defense / excusable default) analysis.

13. The fact that Defendant may have an excusable default and a meritorious defense is immaterial if she failed to move within the CPLR 317 one year limitation.

14. Without any factual support or argument against the applicability of CPLR 317, this Court is powerless to vacate the judgment as it did in the aforementioned decision and order.

15. As such, allowing the decision and order at issue to remain in force and effect would be clear error.

16. Furthermore, Plaintiff has expended a substantial amount of time and money in overseeing and conducting the over two year collection effort which took place while Defendant hesitated and acquiesced in the existence of the judgment in clear violation of CPLR 317.

17.    Allowing the judgment to now be vacated would operate as prejudice to Plaintiff to the extent that the lengthy and costly lawful collection efforts expended by Plaintiff will all go to waste.

18.    Therefore, this Court must grant Plaintiff's instant application and either (a) amend Judge Saunders' Decision and Order dated May 12, 2015 to the extent that Defendant's motion is denied; or (b) alternatively, vacate Judge Saunders' Decision and Order dated May 12, 2015 and issue a new Decision and Order denying Defendant's motion in its entirety on the basis that Defendant failed to move within one year of knowing of the existence of the judgment in accord with CPLR 317.

19.    This is Plaintiff's first Order to Show Cause to reargue this Court's decision and order dated May 7, 2015.

20.    This Order to Show Cause is timely as the underlying decision and order was entered on May 12, 2015 and a notice of entry was served on May 19, 2015 thereby allowing Plaintiff until June 18, 2015 to make the instant application. Annexed hereto as Exhibit "3" is a copy of the notice of entry.

WHEREFORE, your affirmant respectfully requests that the instant motion be granted in all respects and for such other and further relief as to this Court may seem just and proper.

Dated:        Port Chester, New York
              June 2, 2015                    _____

                                              Matthew Kasper, Esq.

# EXHIBIT 1

4778

Civil Court of the City of New York

County of _____ Bronx _____

Part 34

Kelly Street Realty, Inc

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Laura Morrero

Defendant(s)/Respondent(s)

Index Number  Cv 100350-05 BX

**DECISION/ORDER**

Defendant moves the Court seeking to vacate the default judgment entered against her.

Defendant argues that she never received notice of the lawsuit and that she vacated the aforementioned subject premises due to a fire which resulted in her being placed in an emergency shelter by the Red Cross and being ultimately relocated.

Defendant further argues that she does not owe the rent in question because the tenancy at issue was subsidized by Section 8.

Plaintiff opposes the motion on the ground that defendant knowingly disregarded execution measures and lacks an excusable default and meritorious defense.

It is well-settled that Courts favor disposition on the merits. While the Court is not unmindful, the length of time which has

Date _____          Judge, Civil Court

filed 1/3

(4178)

**Civil Court of the City of New York**

County of ___Bronx___

Part 34

Kelly Street Realty, Inc

Index Number ___CL 100350-17 Bx___

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Laura Marin

Defendant(s)/Respondent(s)

**DECISION/ORDER**

elapsed since the judgment was entered, serious questions are raised regarding whether the debt here, to wit, rental arrears, are attributable to the defendant. Underlying the obvious troubling issue is a fire allegedly decimating the subject premises. Section 8 rules prohibit the tenant being charged for more than his/her "tenant-share" of the rent.

Accordingly, the Court is satisfied that the defendant has come forward with an excusable default and meritorious defense to warrant granting the instant order to show cause.

The judgment is vacated and any and all income or wage garnishments, bank restraints and executions (sheriff) or marshal levies are vacated. Any monies collected in connection with the judgment shall be returned forthwith.

The answer annexed to the defendant's order to show cause

Date _____

Judge, Civil Court _____

CIV-GP-41 (January 1991)

páy 2 y 3

4778

Civil Court of the City of New York

County of ___Bronx___

Part __34__

Kelly Shul Realty, Inc.

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Laura Marrero

Defendant(s)/Respondent(s)

Index Number __CV 106750-02 BX__

**DECISION/ORDER**

Re-decision filed and interposed in this matter and the defendant may amend same within 20 days of the date of this order.

The matter is Restored to the calendar for a pre trial conference July 8, 2015 at 9:30 A.M. Defendant is to subpoena Section 8.

Defendant shall serve a copy of this order with notice of entry within 10 days by 1st class mail with certificate of mailing.

This constitutes the decision and order of the Court.

ENTERED
BRONX COUNTY

MAY 1 2 2015

Civil Court
of the
City of New York

5/7/15
Date

Judge, Civil Court VERNA L. SAUNDERS

Part 34 3

HON. VERNA L. SAUNDERS

CIV-GP-41 (January 1998)

EXHIBIT 2

EXHIBIT 3

EXHIBIT 4

EXHIBIT 5

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

INDEX NO. 100350/08
FILE NO. 4778

-------------------------------------------------------X

KELLY STREET REALTY, INC.,

Plaintiff,

-against-

**AFFIRMATION IN OPPOSITION**

LAURA MARRERO,

Defendant.

-------------------------------------------------------X

Matthew Kasper, Esq., an attorney duly admitted to practice law before the Court of the State of New York, hereby affirms under the penalty of perjury:

1. I am an associate of Kavulich & Associates, P.C., attorneys for the Plaintiff herein. As such, I am fully familiar with the facts and circumstances of the within proceeding, except as to those matters stated upon information and belief, as to those matters I believe them to be true. The basis of my belief is information supplied to me by my client, information contained within the court file and information maintained within my office.

2. I make this affirmation in opposition to the Defendant VERONICA MORENO's Order to Show Cause which seeks to vacate the instant judgment issued on default. Please see Respondent's instant Order to Show Cause and Proposed Answer annexed hereto as Exhibit "1."

STATEMENT OF THE UNDISPUTED FACTS

1. The parties executed a lease agreement for the premises known as 928 Kelly Street, Unit 1, Bronx, New York, Plaintiff's building. Annexed hereto as Exhibit "2" is the affidavit of Anto Lulaj, agent of Plaintiff.

2. The term of the lease agreement was for two years commencing October 5, 2002 and ending October 14, 2004.

3.  Almost immediately thereafter, Defendant began to accumulate rental arrears.

4.  As such, Plaintiff commenced a nonpayment proceeding in Housing Court under the L&T Index No. 2898/2012.

5.  Defendant vacated the subject premises on or about October 31, 2014 leaving a substantial rental arrears balance.

3.  As such, Defendant owes Plaintiff the sum of $22,838.92 representing rental arrears for the May, 2003 balance of $625.70 and for the months of June, 2003 through and including October, 2004 at the agreed monthly rent of $1,306.66.

4.  Defendant was served with a summons and complaint via conspicuous service on November 8, 2008. Annexed hereto as Exhibit "3" is a copy of the summons, complaint, and affidavit of service.

5.  The Plaintiff had not been contacted by the Defendant since they vacated the subject premises and until many years after she was notified by the wage garnishment that was issued by your affirmant's office. Annexed hereto as Exhibit "4" is a copy of the income execution.

6.  Defendant now moves to vacate the default judgment issued on February 26, 2009.

## THE DEFENDANT'S INSTANT MOTION DOES NOT DEMONSTRATE AN EXCUSABLE DEFAULT AND MERITORIOUS DEFENSE, THEREFORE THE MOTION SHOULD BE DENIED

7.  In order to prevail on this instant motion, Defendant must prove both an excusable default *and* meritorious defense as upon showing of both of those prongs, vacating a default judgment is proper. CPLR 5051(a)(1); *Bank of Am. v. Faracco*, 89 AD3d 879 [2d Dep't 2011]; *Community Preserve. Corp. v. Bridgewater condominiums, LLC*, 89 AD3d 784 [2d Dep't 2011].

8.  Moreover, should Defendant demonstrate a reasonable excuse for the default, a Court must nonetheless uphold the default judgment when the Respondent's papers submitted in support thereof are replete with self-serving, vague, unsubstantiated denials, and unsupported

legal conclusions. *Thapt v. Lutheran Med. Ct.*, 89 AD3d 837 [2d Dep't 2011]; *Garal Wholesalers, Ltd. v. Raven Brands, Inc.*, 82 AD3d 1041 [2d Dep't 2011].

9.  It is respectfully stated to the Court that Defendant has failed to demonstrate both prongs and that this motion must be denied.

10. Defendant alleges that she was not served with the summons and complaint, however she offers no support for this such as an explanation of where she was living at the time or a suggestion as to how process did not end up in her possession.

11. A process server's affidavit constitutes prima facie evidence of proper service pursuant to CPLR 308(4). *City of New York v. Miller*, 2010 NY Slip Op 03059 (2d Dep't 2010).

12. Defendant's self-serving and conclusory statements are insufficient to rebut the presumption of service.

13. Moreover, Defendant alleges that she was "burned out of this residence."

14. Again, without support or even an iota of specificity as to when this purported fire took place, and what happened during the fire requiring Defendant's vacature.

15. In fact, Defendant vacated the apartment due to the commencement of a housing court case as a result of her failure to pay rent. Please see the aforementioned Exhibit "2."

16. Accordingly, Defendant fails to set forth a legally cognizable meritorious defense and reasonable excuse for her default.

## DEFENDANT IS CHARGED WITH NOTICE OF THE INSTANT LITIGATION SUCH THAT HER APPLICATION IS UNTIMELY AS A MATTER OF LAW

17. CPLR 317 requires an applicant seeking to vacate a default judgment to have an application within one year of knowing of the judgment.

18. A New York City Civil Court, in a case on point applying CPLR 317 and involving a judgment-debtor's Order to Show Cause pursuant to CPLR 5051 seeking vacatur of a default judgment after ignoring an income execution of twenty-months - denied the judgment-debtor's

application. *Elite Recovery Services, Inc. v. R. Howard Helrich*, 31 Misc. 3d 1222, 930 N.Y.S.2d 174 (2011).

19. In denying the judgment-debtor's application for vacatur, the Court discussed its rationale as follows:

> Defendant has not set forth any excuse as to why he ignored an income execution against his wages for twenty-months. The execution went into effect in June 2009 and defendant did not make this motion until February 2011. It is not credible that the defendant did not have either actual or constructive knowledge of the litigation as he had been having his wages garnished for over a year. As noted above, the policy of this court is to try to have all cases decided on the merits. However, the justice system assumes that people will act to challenge a judgment wrongfully entered against them within a reasonable amount of time after obtaining notice of it and that they will act in an expeditious manner to address such a situation. The actions of the defendant do not even approach "diligence" let alone "due diligence."
>
> *Id.* at *4.

20. Here, Defendant was served with an income execution on September 26, 2012.

21. As a result, her income was continuously garnished from December 5, 2012 (the first payment) through to the service of the instant Order to Show Cause on or about March 10, 2015 -- over two years.

22. In fact, Defendant states that she "never found out about this until I started being garnished from my pay check ...." Please see the aforementioned Exhibit "I." (emphasis added).

23. Defendant admits knowing about the garnishment the day it began, yet waited over two years to make the instant application which, as held in *Elite Recovery*, is not even close to due diligence as required by CPLR 317.

24. Therefore, even assuming *arguendo* that the Defendant offers an excusable default and meritorious defense, the Defendant's failure to address her default in almost 2 years combined

with her knowing disregard for the aforementioned execution measures should not be countenanced.

25. As such, Defendant's Order to Show Cause should be denied as untimely pursuant to CPLR 317.

WHEREFORE, as no legal or equitable basis has been stated or exists, Plaintiff respectfully asks that this Court deny the instant motion.

Dated: April 10, 2015
      Port Chester, NY

Kavulich & Associates, P.C.
By: Matthew Kasper, Esq.
Attorney for Plaintiff
181 Westchester, Ave., Suite 500C
Port Chester, NY 1057
(914) 355-2074

# EXHIBIT 1

4778

Civil Court of the City of New York
County of Bronx

DIY

Index Number: CV-100350-08/BX

KELLY STREET REALTY INC.
         -against-
LAURA MARRERO

**ORDER TO SHOW CAUSE**

To vacate the defendants default, and any judgment, lift restraints and executions, order restitution and dismiss or stay the action for 90 days or restore to the calender or allow a proposed answer

UPON the annexed affidavit of LAURA MARRERO, sworn to on March 10, 2015, and upon all papers and proceedings herein:

Let the Plaintiff(s) or Plaintiff(s) attorney(s) show cause at:

Bronx Civil Court
851 Grand Concourse
Bronx, NY 10451
Part 34C - Room 504
on MARCH 23, 2015 at 9:30 AM

3/23/15

or as soon thereafter as counsel may be heard, why an order should not be made granting any of the following relief to the court deems appropriate:

Vacating the defendants default and any judgment, lifting restraints and executions, ordering restitution or dismissing or staying the action for 90 days or restoring the action to the calendar or allowing a proposed answer.

PENDING the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Plaintiff(s), Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of the Judgment be stayed.

SERVICE of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

Plaintiff(s) or named attorney(s):
(Judge to initial)

_____ by Personal Service by " In Hand Delivery"
_____ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office
          Certificate of Mailing

Sheriff or Marshal:
(Judge to initial)

_____ by Personal Service by " In Hand Delivery"
_____ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office
          Certificate of Mailing

on or before _March 16th, 2015_ , shall be deemed good and sufficient

PROOF OF SUCH SERVICE may be filed with the Clerk in the Part indicated above on the return date of this Order to Show Cause.

Mail to Attorney or party:
Kavulich & Associates PC (Counsel for Pltf),
181 Westchester Avenue, Suite 500C,
Port Chester, NY 10573

Sheriff/Marshal:
Marshal of the City of New York
Biegel, Stephen, Marshal
109 W 38 Street
Suite 200
New York, NY 10018-3615

March 10, 2015
          DATE

Hon. Verna Saunders, Civil Court Judge (NYC)
HON. VERNA L

Page 117

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
_____

Kelly street reality Inc,
        Plaintiff,

    – against –

LAURA MARRERO,
        Defendant.
_____

Index No. cv10035008bx

**AFFIDAVIT IN SUPPORT OF AN
ORDER TO SHOW CAUSE
To Vacate a Judgment For Failure
to Answer**

Movant's address:
1468 BRYANT AVE, Apt.
4B
BRONX, NY, 10460

State of New York, County of Bronx ss.:

LAURA MARRERO, being duly sworn, deposes and says:

1. I am a defendant and I am making this request in support of the Order to Show Cause to vacate a default judgment, and dismiss this case for lack of personal jurisdiction pursuant to CPLR 5015(a)(4).

2. The court lacks personal jurisdiction because the Summons and Complaint were not served properly. I WAS NOT SERVED I DID NOT RECIEVE ANY PAPER REGARDING THIS CASE AND I WAS BURNED OUT OF THIS RESIDENCE.

3. Alternatively, the default judgment should be vacated pursuant to CPLR 5015(a)(1) and the case restored to the calendar and the attached Proposed Answer deemed timely filed.

4. I did not file an answer to the Complaint with the court because of the following excusable default:

    a. I never received the court papers.

5. I have the following meritorious defense(s):

    a. I do not owe the money.

    b. I WAS BURNED OUT OF THIS APARTMENT RED CROSS PICKED MY FAMILY UP AND PUT US IN EMERGANCY SHELTER I HAVE NO IDEA

Affidavit In Support of an Order to Show Cause to Vacate a Default Judgment
Made using the NYS Courts FREE DIY Forms

Page 1 of 2

WHY I AM BEING SUED AND NEVER FOUND OUT ABOUT THIS UNTIL

I STARED BEING GARNISHED FROM MY PAY CHECK WHICH IS NOW

YEARS LATER AFTER LIVING THEIR.

6. I want to tell the judge the following: I DONT BELIEVE I OWE THIS DEBT ME AND

MY FAMILY WERE BURBNED OUT OF THIS APARTMENT WE LOST

EVERYTHING YEARS LATER I AM BEING SUED MOVEING FOWARD THIS

GARNISHMENT HAS PUT A FINICHAL HARDSHIP ON ME AND MY FAMILY.

7. I have not asked for a previous Order to Show Cause in this case.

8. My salary has been garnished. I am employed at ALIED BARTON SECURITY

SERVICES LLC ATTN PAYROLL 161 WASHINGTON ST STE 600 8 TOWER

BRDG CONSHOHOCKEN PA 19428.


### Relief

9. WHEREFORE, I request that the judge vacate any judgment, lift any and all

restraints and executions, order restitution, and upon vacatur, dismiss this case for

lack of personal jurisdiction, or in the alternative, deem the attached Proposed

Answer timely filed, restore the case to the calendar, grant me permission to serve

these papers myself, and grant me such other and further relief as may be just.

Laura Marrero, Defendant

Sworn to before me this _____ day

of _____ MAR 1 0 2015 _____

Notary Public or Court Clerk

I.D. Presented Type: _____
No I.D. Provided

Affidavit in Support of an Order to Show Cause to Vacate a Default Judgment
Made using the NYS Courts FREE DIY Forms

Page 2 of 2

Case 1:16-cv-01827-CBA-RML Document 55-4 Filed 01/29/18 Page 120 of 178 PageID #: 5471

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Kelly street reality Inc,
                 Plaintiff,

      – against –

LAURA MARRERO,
                Defendant.

Index No. cv10035008bx

PROPOSED ANSWER CONSUMER
CREDIT TRANSACTION

Movant's address:
1468 BRYANT AVE, Apt.
4B
BRONX, NY, 10460

LAURA MARRERO, answers the Complaint as follows:

1. General Denial: I deny the allegations of the Complaint.

2. I do not owe the money.

3. I WAS BURNED OUT OF THIS APARTMENT RED CROSS PICKED MY FAMILY
   UP AND PUT US IN EMERGANCY SHELTER I HAVE NO IDEA WHY I AM BEING
   SUED AND NEVER FOUND OUT ABOUT THIS UNTIL I STARED BEING
   GARNISHED FROM MY PAY CHECK WHICH IS NOW YEARS LATER AFTER
   LIVING THEIR.

4. I have the following counterclaim(s): I WANT WHAT WAS GARNISHED. I am
   seeking $3,000.

Proposed Answer – Consumer Credit Transaction
          Made using the NYS Courts FREE DIY Forms

Page 1 of 2

## VERIFICATION

State of New York, County of Bronx ss.:

LAURA MARRERO, being duly sworn, deposes and says: I am the Defendant in this action, I have read the Proposed Answer Consumer Credit Transaction and know the contents to be true to my own knowledge, except for those matters alleged to be on information and belief, and as to those matters, I believe them to be true.

_____
Laura Marrero, Defendant

Sworn to before me this 15 _____ day
MAR 1 0 2015
of _____ , 20 _____

_____
Notary Public or Court Clerk

_____
I.D. Presented Type: _____
No I.D. Provided

Proposed Answer – Consumer Credit Transaction
Made using the NYS Courts FREE DIY Forms

Page 2 of 2

# EXHIBIT 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 100350/08
File No. 4778

----------------------------------------------------------------x

KELLY STREET REALTY, INC.,

Plaintiff,

AFFIDAVIT

-against-

LAURA MARRERO,

Defendant.

----------------------------------------------------------------x

STATE OF NEW YORK  )
                   ) SS
COUNTY OF BRONX    )

I, Anto Lulaj, being duly sworn deposes and says:

1. I am the agent for the Plaintiff, KELLY STREET REALTY, INC., herein and, as such, I am fully familiar with the facts and circumstances of this proceeding as I am responsible for, *inter alia*, leasing of apartments, and overseeing maintenance of the property when required.

2. I was the agent during the time in issue of this proceeding.

3. The parties executed a lease agreement for the premises known as 928 Kelly Street, Unit 1, Bronx, New York, Plaintiff's building.

4. The term of the lease agreement was for two years commencing October 5, 2002 and ending October 14, 2004.

5. Almost immediately thereafter, Defendant began to accumulate rental arrears.

6. As such, Plaintiff commenced a nonpayment proceeding in Housing Court under the L&T Index No. 2898/2012.

7. Defendant vacated the subject premises on or about October 31, 2014 leaving a substantial rental arrears balance.

8. As such, Defendant owes Plaintiff the sum of $22,838.92 representing rental arrears for the May, 2003 balance of $625.70 and for the months of June, 2003 through and including October, 2004 at the agreed monthly rent of $1,306.66.

9. My attorneys have advised me that judgment was entered against the Defendant and that we have been collecting on an income execution since December, 2012.

WHEREFORE, your deponent respectfully requests that the instant motion be granted in all respects and for such other and further relief as to this Court may seem just and proper.

Sworn to before me this
7th day of April, 2015

_____
Notary Public

_____
Anto Lula

> GARY KAVULICH
> Notary Public, State of New York
> No. 02KA5205815
> Qualified in Westchester County
> Commission Expires May 11, 2017

EXHIBIT 3

CONSUMER CREDIT TRANSACTION. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED TO COLLECT THIS DEBT.
CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x

Kelly Street Realty, Inc.,

         Plaintiff,

     -against-

Laura Marrero,

         Defendant(s)

-----------------------------------------------------------------x

INDEX NO.
FILE NO. 4778

SUMMONS
Place of Venue is Plaintiff's
place of business:

928 Kelly Street
Bronx, NY 10459

To the above named defendants(s):

   YOU ARE HEREBY SUMMONED to appear at the CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF BRONX at the office of the clerk of the said Court at 851 Grand Concourse, Bronx, NY 10451, in the COUNTY OF BRONX, State of New York, within the time provided by law as noted below and to file an answer to the below complaint with the clerk: upon your failure to answer, judgment will be taken against you for the sum of $23,938.92 with interest thereon from May 1, 2003 together with costs of this action.

DATED: October 22, 2008

                          By: Gary Kavulich, Esq.,
                          Kavulich & Associates, P.C.
                          Attorney for Plaintiff
                          30 Church Street
                          Suite 26
                          New Rochelle, NY 10801
                          (914) 355-2074

Defendant's Address:
Laura Marrero
2303 Belmont Avenue, Apt. 5
Bronx, NY 10458-8343

Note: The law provides that: (a) If the summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) If the summons is served by any means other than personal delivery to you within the City of New York, you must appear and answer within THIRTY days after proof of service thereof is filed with the Clerk of this Court.

COMPLAINT

FIRST ACTION: Plaintiff seeks to recover damages from defendant(s) for breach of a lease agreement in the sum of $22,838.92 representing rental arrears for the months of May, 2003 balance of $625.70; June, 2003 through and including October, 2004 at the agreed monthly sum of $1,306.66 for the premises known as 928 Kelly Street, Apt.#1 Bronx, NY 10459 together with costs and disbursements of this action and for such other and further relief as the court may deem just.

SECOND ACTION: Plaintiff seeks to recover damages from the defendant in the sum of $0.00 representing damages together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

THIRD ACTION: Plaintiff seeks to recover damages from the defendant in the sum of $500.00 representing reasonable attorneys fees together with costs and disbursements of this action and for such other further relief as the Court may deem just.

WHEREFORE, Plaintiff demands judgment (A) on the First Action, in the sum of $22,838.92 plus interest from  May 1, 2003 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (B) on the Second Action, in the sum of   0.000 plus interest from May 1, 2003 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (C) on the Third Action, in the sum of $500.00  together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

The Plaintiff in this action is NOT required to be licensed by the New York City Department of Consumer Affairs.

AFFIDAVIT OF SERVICE

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 100350/08
Filed: _____

Attorneys: Kavulich & Associates, P.C.
Address: 30 Church Street, Suite 26, New Rochelle, NY 10801

File No. 4778

KELLY STREET REALTY INC,
vs.
LAURA MARRERO.

State of New York County of Nassau SS:
Aston G. Evans II, being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age. On November 8, 2008 at 6:41 p.m.
At 2303 Belmont Avenue, Apt. 5, Bronx, NY 10458 served the within Summons and Complaint
on: LAURA MARRERO. Defendant therin named

| | |
|---|---|
| Individual [ ] | By delivering a true copy of each to said recipient deponent knew the person served to be the person described as said person therein. |
| Corporation [ ] | By delivering to and leaving with _____ and that deponent knew the person so served and authorized to accept service on behalf of the Corporation |
| Suitable Age Person [ ] | By delivering a true copy of each to a person of suitable age and discretion Said premises is recipients [ ] actual place of business [ ] dwelling house within the state. |
| Affixing to Door [X] | By affixing a true copy of each to the door of said premises, which is recipients [ ] actual place of business [X] dwelling house (place of abode) within the state |
| Mail Copy [X] | On November 10, 2008 deponent completed service under the last two sections by depositing a copy of the Summons and Complaint to the above address in a 1st Class properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. |

Deponent was unable, with due diligence to find the recipient or a person of suitable age and discretion having called thereat;

On the 5th day of November, 2008 at 9:45a.m.
On the 7th day of November, 2008 at 4:20p.m.
On the 8th day of November, 2008 at 6:41p.m.

Description  A description of the Defendant, or other person served on behalf of the Defendant
[ ] Sex:___ Color of skin:_____ Color of Hair:_____ Age:_____ Height_____ Weight:_____

Military Svce  Deponent asked person spoken to whether the recipient was presently in military
[X]  service of the United States Government or of the State of New York and was informed that the recipient is not. Recipient wore civilian clothes and no military uniform
Other
[X] "John Doe" neighbor stated that the Defendant is not in the military.

Sworn to before me on this 10 day of 11/08

_____

Aston G. Evans II
LIC# 1220069

# EXHIBIT 4

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

| | |
|---|---|
| Court Index No. | 100360/08 |
| File No. | 4778.0 |

Kelly Street Realty, Inc.,

                      Against           Plaintiff

Laura Marrero,

                              Defendant(s).

**INCOME EXECUTION**

**The People of the State of New York**

The following judgment was duly entered in favor of the plaintiff (judgment creditor) in the office of the clerk of the within court:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|---|
| CIVIL COURT OF THE CITY OF NEW YORK AND COUNTY OF BRONX | 2/26/2009 12:00:00 AM | $33,818.67 | $53,818.67 | 2/26/2009 12:00:00 |

The judgment was recovered against     Laura Marrero
And transcribed with the county clerk(s) of     Bronx               defendant (judgment debtor)

      WHEREAS, this execution is issued against     Laura Marrero     defendant (judgment debtor)
Whose last known address is:     1308 Belmont Avenue
                    Apt. 5   Bronx, NY  10453-8343
and said defendant (judgment debtor) is receiving or will receive from the Employer whose name and address is:
      Allied Barton Security Services LLC 161 Washington Street, Ste. 600 S Tower Bridge
      Conshohocken, PA 19428   ATTN: Payroll

| More than $ | per week, to wit $ | to be paid weekly installment of $ | each Daily |
|---|---|---|---|
| Title or creditor No. | Per Sec. and section No. | Enforc. Officer Subdivision | |

You are directed to satisfy the judgment with interest together with your fees and expense, out of all monies now and hereafter due owing to the judgment debtor from the Employer pursuant to CPLR § 5231 § 16 U.S.C 1671, et Seq.
Direction to Judgment Debtor: You are notified and commanded within 20 days to start paying to the Enforcement Officer serving a copy of this Income Execution on your installments amounting to 10% but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income execution are fully paid and satisfied, and if you fail to do so this Income Execution will be served upon the Employer by the Enforcement Officer.
Direction to the Employer: You are commanded to withhold and pay over to the Enforcement Officer serving a copy of this Income Execution on your installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to judgment debtor until the judgment with interest and fees and expenses of this Income Execution are fully paid and satisfied.

Dated
9/26/2012

                        Gary Kavulich Esq.
                        Kavulich & Associates, P.C.
                        181 Westchester Avenue, Suite 500C
                        Port Chester, NY 10573
                        (914) 355-2074

* "Employer," herein, includes any payor of money to Judgment Debtor.

## Important Statement

This Income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules § 5231 and 16 United States Code § 1671 et seq.

I.   **Limitation on the amount that can be withheld**

    A.   An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

B. If a judgment debtor' weekly disposable earnings are less than thirty (30) times the current federal minimum wage ($5.85   per hour), or $175.5*   No deduction can be made from the judgment debtor's earnings under this income execution.

C. A judgment debtor's weekly disposable earnings cannot reduced below the amount arrived at by multiplying thirty (30) times the current federal minimum wage ($5.85*   per hour), or $175.50*   under this income execution.

D. If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouse, and those deductions equal or exceed twenty-five percent(25%) of the judgment debtor's disposable earnings, no deduction can be made from the judgment debtor's earnings under this income execution.

E. If deductions are being made from a judgment debtor's earning under any order for alimony, support or maintenance for family members or former spouse, and those deductions are less than twenty-five percent(25%) of the judgment debtor's disposable earnings, deductions may be made from the judgment debtor's earnings under this income execution. However, the amount arrived at by adding the deductions from earnings made under this execution to the deductions made from earning under any orders for alimony, support or maintenance for family members or former spouse cannot exceed twenty-five percent(25%) of the judgment debtor's disposable earnings.

NOTE: Nothing in this notice limits the proportion or amount, which may be deducted under any order for alimony, support or maintenance for family members or former spouse.

II. Explanation of Limitations

Definitions

A. Disposable Earnings -- Disposable earnings are the part of an individual's earnings left after deducting those amounts that are required to be withheld (for example, taxes, social security and unemployment insurance, but not deduction for union dues, insurance, etc.)

Gross Income- Gross income is salary, wages or other income, including any and all overtime earnings, commissions, and income from trusts, before any deductions are made from such income.

Illustrations regarding earnings

If disposable earnings is:                                  Amount to pay or deduct from earning under this income execution

(a) 30 times federal minimum wage
($175.50*) or less                                          No payment or deduction allowed

(b) More than 30 times federal minimum               The less of the excess over 30 times the federal minimum wage
Wage ($175.50* ) and less than                          ($175.50* ) in disposable earnings, or 10% of gross earnings.
40 times federal minimum wage
($234.00*)

(c) 40 times the federal minimum wage                  The less of 25% o disposable earnings or 10% of gross earnings.
($234.00* ) or more

III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR§ 5231 (i) and CPLR§ 5240.

If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment. If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged.

CPLR § 5231 (i) Modification. At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.

CPLR § 5240 Modification or protective order: supervision of enforcement. At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure. Including the use of income executions.

*Based upon $5.85 minimum hourly wage. Recalculate and insert correct figures if the minimum hourly wage changes.

Endorsement:

Date and Time execution received:

Installments paid to _____ have satisfied the judgment to the extent of $_____

Principal and $_____ interest.

Levying officer

Return to the judgment creditor or his attorney on _____   County

                                                              because of inability to

Find garnishee in the county.

Levying officer

                                                              County

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

INDEX NO. 100350/08
FILE NO. 4778

-------------------------------------------------------X

KELLY STREET REALTY, INC.,

                  Plaintiff,

      -against-

LAURA MARRERO,

                  Defendant.

**AFFIRMATION OF SERVICE**

-------------------------------------------------------X

      Gary Kavulich, Esq., an attorney duly admitted to practice law before the courts of the State of New York hereby affirms the following under the penalty of perjury.

      On April 10, 2015, I served the within Affirmation in Opposition upon the movant in this action, by depositing a true copy in a post-paid envelope addressed to:

                  Laura Marrero
             1468 Bryant Ave., Apt. 4B
              Bronx, NY 10460

in an official depository under the exclusive dominion and control of the United States Postal Service within the State of New York via regular first class mail.

                  Gary Kavulich, Esq.

INDEX NO. 100350/08

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

KELLY STREET REALTY, INC.,

                             Plaintiff,

        - against -

LAURA MARRERO,

                             Defendant.

## AFFIRMATION IN OPPOSITION

Signature Rule 130-1.1-a

Print Name Beneath –                             Matthew Kasper, Esq.

Kavulich & Associates, P.C.
Attorneys for Plaintiff
181 Westchester Ave., Suite 500C
Port Chester, NY 10573
(914) 355-2074

EXHIBIT 3

EXHIBIT 4

EXHIBIT 5

Case 1:10-cv-01827-LBA-RLM  Document 55-4   Filed 01/26/12  Page 135 of 176 PageID #: 1486



Civil Court of the City of New York
County_____

Index Number: CV-100350/08-BX

Kelly Street Realty Inc

Plaintiff(s),

NOTICE OF ENTRY

-against-

Laura Marrero Defendant(s).

Please take notice that the within is a true copy of a(n)
DECISION ORDER JUDGMENT duly entered in the office of the Clerk of the Civil Court of
(choose one)
the City of New York, County of New York, on the 12 day of May , 20 15.

Dated: 5-19-2015

Signature: x _____
Print Name: Laura Marrero
Address: 1468 Bryant Ave #4B
Bronx New York 10460

Sworn to before me this 19 day
of May , 2015
_____
(Notary Public)

CIV-GP-105(Revised 01/04)

PAULINA S. REYES
NOTARY PUBLIC, State of New York
No. 04RE6193996
Qualified in Bronx County
Commission Expires Sept. 18, 20 16

INDEX NO: 100350/08

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

KELLY STREET REALTY, INC.,

                                    Plaintiff,

           - against -

LAURA MARRERO,

                                Defendant.

ORDER TO SHOW CAUSE

Signature Rule 130-1.1-a

Print Name Beneath

                                         Matthew Kasper, Esq.

Kavulich & Associates, P.C.
Attorney for Plaintiff
181 Westchester Ave., Suite 500-C
Port Chester, NY 10573
(914)355-2074

**EXHIBIT 2**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX : PART 34
-----------------------------------------------------------X

KELLY STREET REALTY, INC.,

                             Plaintiff,                    Index No. CV 100350-08

          -against-                    **DECISION and ORDER**

LAURA MARRERO,

                           Defendant.
-----------------------------------------------------------X

HON. VERNA L. SAUNDERS, J.C.C.:

Recitation, as required by CPLR 2219(a), of the papers considered in the review of Plaintiff's motion to reargue.

| Papers | Numbered |
|---|---|
| Order to Show Cause ................................................................................ | 1 |

The Court, in its prior decision/order of May 8, 2015, granted defendant's motion to vacate a default judgment entered against her. The underlying case between the parties was a landlord-tenant matter and the motion was granted, in part, on the basis that the judgment was comprised, from monies owed by Section 8. Plaintiff here moves for relief arguing that the Court overlooked or misapprehended facts or misapplied controlling law, specifically CPLR §317.

A motion to reargue is addressed to the discretion of the trial court and is designed to afford a party opportunity to establish that the Court overlooked or misapprehended relevant facts or misapplied controlling principles of law in determining the prior motion. See *CPLR §2221(d)*. Here, the plaintiff argues that the Court failed to consider CPLR § 317 in determining the prior motion. Plaintiff avers that vacatur of the default judgment is precluded as the defendant failed to timely request relief inasmuch as a period of two years after judgment elapsed before plaintiff moved the court.

As to the underlying motion to vacate the judgment, the unrepresented defendant moved the court pursuant to CPLR §5015 (a)(4), not CPLR § 317. While the court can consider a single motion

under both CPLR sections 317 and 5015, see *Pena v Mittleman*, 179 AD2d 607 (App Div, 1st Dept) (1992), here, the movant articulated the section under which relief was sought, (CPLR §5015 (a)(4)) and substantiated the basis for the motion. Plaintiff argues that meeting the strictures of CPLR § 317 is a prerequisite to relief being granted under CPLR§ 5015(a)(4). However, relief sought pursuant to CPLR§ 5015 (a)(4) has no time stated time limit and the request can be made at any time. See *Caba v Rai*, 63 AD3d 578 (App Div, 1st Dept) (2009) citing, *Siegel Practice Commentaries, McKinney's Cons Laws Book* 7B, CPLR §C5015:3, at 205-206.

Here, the Court found the defendant's assertions credible. Further, the allegations that the tenancy was subsidized by federal Section 8 rules and that there was a fire in the premises necessitating defendant's vacatur of the premises and subsequent relocation, constitute a sound basis upon which relief was granted. Again, it is well-settled that courts favor disposition on the merits.

Accordingly, the motion is denied and the May 8, 2015 order of the Court vacating the default judgment stands. As this matter was previously calendared for November 5, 2015, 9:30 A.M., all parties shall appear on that date.

This constitutes the decision and order of the Court.

Dated: Bronx, New York
        October 14, 2015

_____
VERONA L. SAUNDERS, J.C.C

Kauvalich & Associates, PC
By: Matthew Kasper, Esq.
*Attorneys for Plaintiff*

Laura Marrero
*Respondent*

2

**EXHIBIT 3**

Civil Court of the City of New York
County of Bronx

DIY

Index Number: CV-100350-08/BX

CV778

**ORDER TO SHOW CAUSE**
To vacate the defendants default, and any
judgment, lift restraints and executions, order
restitution and dismiss or stay the action for 90
days or restore to the calendar or allow a
proposed answer

KELLY STREET REALTY INC.
        -against-
LAURA MARRERO

UPON the annexed affidavit of LAURA MARRERO, sworn to on March 10, 2015, and upon all papers and proceedings herein:

Let the Plaintiff(s) or Plaintiff(s) attorney(s) show cause at:

Bronx Civil Court
851 Grand Concourse
Bronx, NY 10451
Part 34C - Room 504
on MARCH 23, 2015   at  9:30 AM

3/23/15

or as soon thereafter as counsel may be heard, why an order should not be made granting any of the following relief as the court deems appropriate:

Vacating the defendants default and any judgment, lifting restraints and executions, ordering restitution or dismissing or staying the action for 90 days or restoring the action to the calendar or allowing a proposed answer.

PENDING the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Plaintiff(s), Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of said Judgment be stayed.

SERVICE of a copy of this Order to Show Cause, and annexed Affidavit, upon the:
Plaintiff(s) or named attorney(s):                     Sheriff or Marshal:
(Judge to Initial)                                     (Judge to Initial)

_____ by Personal Service by " In Hand Delivery"       _____ by Personal Service by " In Hand Delivery"
_____ by Certified Mail, Return Receipt Requested       _____ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office     _____ by First Class Mail with official Post Office
       Certificate of Mailing                                   Certificate of Mailing
on or before  March 16th, 2015 , shall be deemed good and sufficient

        PROOF OF SUCH SERVICE may be filed with the Clerk in the Part
        indicated above on the return date of this Order to Show Cause.

Mail to Attorney or party:                             Sheriff/Marshal:
Kavulich & Associates PC (Counsel for Pltf),           Marshal of the City of New York
181 Westchester Avenue, Suite 500C,                    Biegel, Stephen, Marshal
Port Chester, NY 10573                                 109 W 38 Street
                                                       Suite 200
                                                       New York, NY 10018-3615

March 10, 2015
_____
        DATE

Hon. Verne Saunders, Civil Court Judge (NYC)
HON. VERNA L.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. cv10035008bx

Kelly street reality Inc,

Plaintiff,

AFFIDAVIT IN SUPPORT OF AN
ORDER TO SHOW CAUSE
To Vacate a Judgment For Failure
to Answer

— against —

LAURA MARRERO,

Defendant.

Movant's address:
1468 BRYANT AVE, Apt.
4B
BRONX, NY, 10460

State of New York, County of Bronx ss.:

LAURA MARRERO, being duly sworn, deposes and says:

1. I am a defendant and I am making this request in support of the Order to Show
Cause to vacate a default judgment, and dismiss this case for lack of personal
jurisdiction pursuant to CPLR 5015(a)(4).

2. The court lacks personal jurisdiction because the Summons and Complaint were not
served properly. I WAS NOT SERVED I DID NOT RECIEVE ANY PAPER
REGARDING THIS CASE AND I WAS BURNED OUT OF THIS RESIDENCE.

3. Alternatively, the default judgment should be vacated pursuant to CPLR 5015(a)(1)
and the case restored to the calendar and the attached Proposed Answer deemed
timely filed.

4. I did not file an answer to the Complaint with the court because of the following
excusable default:

    a. I never received the court papers.

5. I have the following meritorious defense(s):

    a. I do not owe the money.

    b. I WAS BURNED OUT OF THIS APARTMENT RED CROSS PICKED MY
    FAMILY UP AND PUT US IN EMERGANCY SHELTER I HAVE NO IDEA

WHY I AM BEING SUED AND NEVER FOUND OUT ABOUT THIS UNTIL I STARED BEING GARNISHED FROM MY PAY CHECK WHICH IS NOW YEARS LATER AFTER LIVING THEIR.

6. I want to tell the judge the following: I DONT BELIEVE I OWE THIS DEBT ME AND MY FAMILY WERE BURBNED OUT OF THIS APARTMENT WE LOST EVERYTHING YEARS LATER I AM BEING SUED MOVEING FOWARD THIS GARNISHMENT HAS PUT A FINICHAL HARDSHIP ON ME AND MY FAMILY.

7. I have not asked for a previous Order to Show Cause in this case.

8. My salary has been garnished. I am employed at ALIIED BARTON SECURITY SERVICES LLC ATTN PAYROLL 161 WASHINGTON ST STE 600 8 TOWER BRDG CONSHOHOCKEN PA 19428.

## Relief

9. WHEREFORE, I request that the judge vacate any judgment, lift any and all restraints and executions, order restitution, and upon vacatur, dismiss this case for lack of personal jurisdiction, or in the alternative, deem the attached Proposed Answer timely filed, restore the case to the calendar, grant me permission to serve these papers myself, and grant me such other and further relief as may be just.

Laura Marrero, Defendant

Sworn to before me this _____ day
of _____ MAR 1 0 2015 _____.

Notary Public or Court Clerk

I.D. Presented Type: _____
No I.D. Provided

Affidavit in Support of an Order to Show Cause to Vacate a Default Judgment
Made using the NYS Courts FREE DIY Forms                    Page 2 of 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Kelly street reality inc,

           Plaintiff,

    – against –

LAURA MARRERO,

           Defendant.

Index No. cv10035008bx

PROPOSED ANSWER CONSUMER
CREDIT TRANSACTION

Movant's address:
1468 BRYANT AVE, Apt.
4B
BRONX, NY, 10460

LAURA MARRERO, answers the Complaint as follows:

1. General Denial:  I deny the allegations of the Complaint.

2. I do not owe the money.

3. I WAS BURNED OUT OF THIS APARTMENT RED CROSS PICKED MY FAMILY
   UP AND PUT US IN EMERGANCY SHELTER I HAVE NO IDEA WHY I AM BEING
   SUED AND NEVER FOUND OUT ABOUT THIS UNTIL I STARED BEING
   GARNISHED FROM MY PAY CHECK WHICH IS NOW YEARS LATER AFTER
   LIVING THEIR.

4. I have the following counterclaim(s):  I WANT WHAT WAS GARNISHED.  I am
   seeking $3,000.

EXHIBIT 4

EXHIBIT 5

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

INDEX NO. 100350/08
FILE NO. 4778

------------------------------------------------X

KELLY STREET REALTY, INC.,

Plaintiff,

-against-

LAURA MARRERO,

Defendant.

AFFIRMATION IN
OPPOSITION

------------------------------------------------X

Matthew Kasper, Esq., an attorney duly admitted to practice law before the Court of the State of New York, hereby affirms under the penalty of perjury:

1. I am an associate of Kavulich & Associates, P.C., attorneys for the Plaintiff herein. As such, I am fully familiar with the facts and circumstances of the within proceeding, except as to those matters stated upon information and belief, as to those matters I believe them to be true. The basis of my belief is information supplied to me by my client, information contained within the court file and information maintained within my office.

2. I make this affirmation in opposition to the Defendant VERONICA MORENO's Order to Show Cause which seeks to vacate the instant judgment issued on default. Please see Respondent's instant Order to Show Cause and Proposed Answer annexed hereto as Exhibit "1."

STATEMENT OF THE UNDISPUTED FACTS

1. The parties executed a lease agreement for the premises known as 928 Kelly Street, Unit 1, Bronx, New York, Plaintiff's building. Annexed hereto as Exhibit "2" is the affidavit of Anto Lulaj, agent of Plaintiff.

2. The term of the lease agreement was for two years commencing October 5, 2002 and ending October 14, 2004.

3. Almost immediately thereafter, Defendant began to accumulate rental arrears.

4. As such, Plaintiff commenced a nonpayment proceeding in Housing Court under the L&T Index No. 2898/2012.

5. Defendant vacated the subject premises on or about October 31, 2014 leaving a substantial rental arrears balance.

3. As such, Defendant owes Plaintiff the sum of $22,838.92 representing rental arrears for the May, 2003 balance of $625.70 and for the months of June, 2003 through and including October, 2004 at the agreed monthly rent of $1,306.66.

4. Defendant was served with a summons and complaint via conspicuous service on November 8, 2008. Annexed hereto as Exhibit "3" is a copy of the summons, complaint, and affidavit of service.

5. The Plaintiff had not been contacted by the Defendant since they vacated the subject premises and until many years after she was notified by the wage garnishment that was issued by your affirmant's office. Annexed hereto as Exhibit "4" is a copy of the income execution.

6. Defendant now moves to vacate the default judgment issued on February 26, 2009.

### THE DEFENDANT'S INSTANT MOTION DOES NOT DEMONSTRATE AN EXCUSABLE DEFAULT AND MERETORIOUS DEFENSE, THEREFORE THE MOTION SHOULD BE DENIED

7. In order to prevail on this instant motion, Defendant must prove both an excusable default *and* meritorious defense as upon showing of both of those prongs, vacating a default judgment is proper. CPLR 5051(a)(1); *Bank of Am. v. Faracco*, 89 AD3d 879 [2d Dep't 2011]; *Community Preserve. Corp. v. Bridgewater condominiums, LLC.*, 89 AD3d 784 [2d Dep't 2011].

8. Moreover, should Defendant demonstrate a reasonable excuse for the default, a Court must nonetheless uphold the default judgment when the Respondent's papers submitted in support thereof are replete with self-serving, vague, unsubstantiated denials, and unsupported

Page 147

legal conclusions. *Thapt v. Lutheran Med. Ct.*, 89 AD3d 837 [2d Dep't 2011]; *Garal Wholesalers, Ltd. v. Raven Brands, Inc.*, 82 AD3d 1041 [2d Dep't 2011].

9. It is respectfully stated to the Court that Defendant has failed to demonstrate both prongs and that this motion must be denied.

10. Defendant alleges that she was not served with the summons and complaint, however she offers no support for this such as an explanation of where she was living at the time or a suggestion as to how process did not end up in her possession.

11. A process server's affidavit constitutes prima facie evidence of proper service pursuant to CPLR 308(4). *City of New York v. Miller*, 2010 NY Slip Op 03059 (2d Dep't 2010).

12. Defendant's self-serving and conclusory statements are insufficient to rebut the presumption of service.

13. Moreover, Defendant alleges that she was "burned out of this residence."

14. Again, without support or even an iota of specificity as to when this purported fire took place, and what happened during the fire requiring Defendant's vacature.

15. In fact, Defendant vacated the apartment due to the commencement of a housing court case as a result of her failure to pay rent. Please see the aforementioned Exhibit "2."

16. Accordingly, Defendant fails to set forth a legally cognizable meritorious defense and reasonable excuse for her default.

## DEFENDANT IS CHARGED WITH NOTICE OF THE INSTANT LITIGATION SUCH THAT HER APPLICATION IS UNTIMELY AS A MATTER OF LAW

17. CPLR 317 requires an applicant seeking to vacate a default judgment to have an application within one year of knowing of the judgment.

18. A New York City Civil Court, in a case on point applying CPLR 317 and involving a judgment-debtor's Order to Show Cause pursuant to CPLR 5051 seeking vacatur of a default judgment after ignoring an income execution of twenty-months – denied the judgment-debtor's

application. *Elite Recovery Services, Inc. v. R. Howard Helrich*, 31 Misc. 3d 1222, 930 N.Y.S.2d
174 (2011).

19. In denying the judgment-debtor's application for vacatur, the Court discussed its rationale
as follows:

> Defendant has not set forth any excuse as to why he ignored an
> income execution against his wages *for twenty-months. The*
> execution went into effect in June 2009 and defendant did not
> make this motion until February 2011. It is not credible that the
> defendant did not have either actual or constructive knowledge of
> the litigation as he had been having his wages garnished for over a
> year. As noted above, the policy of this court is to try to have all
> cases decided on the merits. However, the justice system assumes
> that people will act to challenge a judgment wrongfully entered
> against them within a reasonable amount of time after obtaining
> notice of it and that they will act in an expeditious manner to
> address such a situation. The actions of the defendant do not even
> approach "diligence" let alone "due diligence."

> *Id.* at *4.

20. Here, Defendant was served with an income execution on September 26, 2012.

21. As a result, her income was continuously garnished from December 5, 2012 (the first
payment) through to the service of the instant Order to Show Cause on or about March 10, 2015
– over two years.

22. In fact, Defendant states that she "never found out about this until I started being
garnished from my pay check …." Please see the aforementioned Exhibit "I." (emphasis added).

23. Defendant admits knowing about the garnishment the day it began, yet waited over two
years to make the instant application which, as held in *Elite Recovery*, is not even close to due
diligence as required by CPLR 317.

24. Therefore, even assuming *arguendo* that the Defendant offers an excusable default and
meritorious defense, the Defendant's failure to address her default in almost 2 years combined

with her knowing disregard for the aforementioned execution measures should not be countenanced.

25. As such, Defendant's Order to Show Cause should be denied as untimely pursuant to CPLR 317.

WHEREFORE, as no legal or equitable basis has been stated or exists, Plaintiff respectfully asks that this Court deny the instant motion.

Dated: April 10, 2015
      Port Chester, NY

              Kavulich & Associates, P.C.
              By: Matthew Kasper, Esq.
              Attorney for Plaintiff
              181 Westchester, Ave., Suite 500C
              Port Chester, NY 1057
              (914) 355-2074

EXHIBIT 1

4778

Civil Court of the City of New York
County of Bronx

DIY

Index Number: CV-J00350-08/BX

KELLY STREET REALTY INC.
        -against-
LAURA MARRERO

**ORDER TO SHOW CAUSE**
To vacate the defendants default, and any
judgment, lift restraints and executions, order
restitution and dismiss or stay the action for 90
days or restore to the calendar or allow a
proposed answer

UPON the annexed affidavit of LAURA MARRERO, sworn to on March 10, 2015, and upon all papers and proceedings herein:

Let the Plaintiff(s) or Plaintiff(s) attorney(s) show cause at:
        Bronx Civil Court
        851 Grand Concourse
        Bronx, NY 10451
        Part 34C - Room 504
        on March 23, 2015  at  9:30 AM

3/23/15

or as soon thereafter as counsel may be heard, why an order should not be made granting any of the following relief as the court deems appropriate:

Vacating the defendants default and any judgment, lifting restraints and executions, ordering restitution or dismissing or staying the action for 90 days or restoring the action to the calendar or allowing a proposed answer.

PENDING the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Plaintiff(s), Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of said Judgment be stayed.

SERVICE of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

Plaintiff(s) or named attorney(s):
(Judge to Initial)

_____ by Personal Service by " In Hand Delivery"
_____ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office
            Certificate of Mailing

Sheriff or Marshal:
(Judge to Initial)

_____ by Personal Service by " In Hand Delivery"
_____ by Certified Mail, Return Receipt Requested
_____ by First Class Mail with official Post Office
            Certificate of Mailing

on or before ___March 16th, 2015___ , shall be deemed good and sufficient

PROOF OF SUCH SERVICE may be filed with the Clerk in the Part
indicated above on the return date of this Order to Show Cause.

Mail to Attorney or party:
Kavulich & Associates PC (Counsel for Pltf),
181 Westchester Avenue, Suite 500C,
Port Chester, NY 10573

Sheriff/Marshal:
Marshal of the City of New York
Biegel, Stephen, Marshal
109 W 38 Street
Suite 200
New York, NY 10018-3615

March 10, 2015
DATE

Hon. Verna Saunders, Civil Court Judge

HON. VERNA L. SAUNDERS Civil Court Judge (NYC)

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. cv10035008bx

AFFIDAVIT IN SUPPORT OF AN
ORDER TO SHOW CAUSE
To Vacate a Judgment For Failure
to Answer

Kelly street reality Inc,
        Plaintiff,

  – against –

LAURA MARRERO,
        Defendant.

Movant's address:
1468 BRYANT AVE, Apt.
4B
BRONX, NY, 10460

State of New York, County of Bronx ss.:

LAURA MARRERO, being duly sworn, deposes and says:

1. I am a defendant and I am making this request in support of the Order to Show
   Cause to vacate a default judgment, and dismiss this case for lack of personal
   jurisdiction pursuant to CPLR 5015(a)(4).

2. The court lacks personal jurisdiction because the Summons and Complaint were not
   served properly.  I WAS NOT SERVED I DID NOT RECIEVE ANY PAPER
   REGARDING THIS CASE AND I WAS BURNED OUT OF THIS RESIDENCE.

3. Alternatively, the default judgment should be vacated pursuant to CPLR 5015(a)(1)
   and the case restored to the calendar and the attached Proposed Answer deemed
   timely filed.

4. I did not file an answer to the Complaint with the court because of the following
   excusable default:

    a. I never received the court papers.

5. I have the following meritorious defense(s):

    a. I do not owe the money.

    b. I WAS BURNED OUT OF THIS APARTMENT RED CROSS PICKED MY
       FAMILY UP AND PUT US IN EMERGANCY SHELTER I HAVE NO IDEA

Affidavit In Support of an Order to Show Cause to Vacate a Default Judgment
Made using the NYS Courts FREE DIY Forms

Page 1 of 2

WHY I AM BEING SUED AND NEVER FOUND OUT ABOUT THIS UNTIL

I STARED BEING GARNISHED FROM MY PAY CHECK WHICH IS NOW

YEARS LATER AFTER LIVING THEIR.

6. I want to tell the judge the following: I DONT BELIEVE I OWE THIS DEBT ME AND

MY FAMILY WERE BURBNED OUT OF THIS APARTMENT WE LOST

EVERYTHING YEARS LATER I AM BEING SUED MOVEING FOWARD THIS

GARNISHMENT HAS PUT A FINICHAL HARDSHIP ON ME AND MY FAMILY.

7. I have not asked for a previous Order to Show Cause in this case.

8. My salary has been garnished. I am employed at ALLIED BARTON SECURITY

SERVICES LLC ATTN PAYROLL 161 WASHINGTON ST STE 600 8 TOWER

BRDG CONSHOHOCKEN PA 19428.

### Relief

9. WHEREFORE, I request that the judge vacate any judgment, lift any and all restraints and executions, order restitution, and upon vacatur, dismiss this case for lack of personal jurisdiction, or in the alternative, deem the attached Proposed Answer timely filed, restore the case to the calendar, grant me permission to serve these papers myself, and grant me such other and further relief as may be just.

_Laura Marrero_
Laura Marrero, Defendant

Sworn to before me this _____ day

of _____ MAR 1 0 2015 _____.

_signature_
Notary Public or Court Clerk

I.D. Presented Type: _NYS DL_
No I.D. Provided

Affidavit in Support of an Order to Show Cause to Vacate a Default Judgment
Made using the NYS Courts FREE DIY Forms

Page 2 of 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Kelly street reality Inc,
          Plaintiff,

   -- against --

LAURA MARRERO,
          Defendant.

Index No. cv1003500Bbx

PROPOSED ANSWER CONSUMER
CREDIT TRANSACTION

Movant's address:
1468 BRYANT AVE, Apt.
4B
BRONX, NY, 10460

LAURA MARRERO, answers the Complaint as follows:

1. General Denial; I deny the allegations of the Complaint.

2. I do not owe the money.

3. I WAS BURNED OUT OF THIS APARTMENT RED CROSS PICKED MY FAMILY
   UP AND PUT US IN EMERGANCY SHELTER I HAVE NO IDEA WHY I AM BEING
   SUED AND NEVER FOUND OUT ABOUT THIS UNTIL I STARED BEING
   GARNISHED FROM MY PAY CHECK WHICH IS NOW YEARS LATER AFTER
   LIVING THEIR.

4. I have the following counterclaim(s): I WANT WHAT WAS GARNISHED. I am
   seeking $3,000.

Proposed Answer -- Consumer Credit Transaction
      Made using the NYS Courts FREE DIY Forms

Page 1 of 2

## VERIFICATION

State of New York, County of Bronx ss.:

LAURA MARRERO, being duly sworn, deposes and says: I am the Defendant in this action, I have read the Proposed Answer Consumer Credit Transaction and know the contents to be true to my own knowledge, except for those matters alleged to be on information and belief, and as to those matters, I believe them to be true.

_____
Laura Marrero, Defendant

Sworn to before me this MAR 1 0 2015 ___ day
of _____, 20 _____.

_____
Notary Public or Court Clerk

I.D. Presented Type: NYSDL
No I.D. Provided

# EXHIBIT 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 100350/08
File No. 4778

-------------------------------------------------------x

KELLY STREET REALTY, INC.,

                        Plaintiff,                                  AFFIDAVIT

            -against-

LAURA MARRERO,

                        Defendant.

-------------------------------------------------------x

STATE OF NEW YORK     )
                      ) SS
COUNTY OF BRONX       )

        I, Anto Lulaj, being duly sworn deposes and says:

        1.  I am the agent for the Plaintiff, KELLY STREET REALTY, INC., herein and, as such, I am fully familiar with the facts and circumstances of this proceeding as I am responsible for, *inter alia*, leasing of apartments, and overseeing maintenance of the property when required.

        2.  I was the agent during the time in issue of this proceeding.

        3.  The parties executed a lease agreement for the premises known as 928 Kelly Street, Unit 1, Bronx, New York, Plaintiff's building.

        4.  The term of the lease agreement was for two years commencing October 5, 2002 and ending October 14, 2004.

        5.  Almost immediately thereafter, Defendant began to accumulate rental arrears.

        6.  As such, Plaintiff commenced a nonpayment proceeding in Housing Court under the L&T Index No. 2898/2012.

        7.  Defendant vacated the subject premises on or about October 31, 2014 leaving a substantial rental arrears balance.

8. As such, Defendant owes Plaintiff the sum of $22,838.92 representing rental arrears for the May, 2003 balance of $625.70 and for the months of June, 2003 through and including October, 2004 at the agreed monthly rent of $1,306.66.

9. My attorneys have advised me that judgment was entered against the Defendant and that we have been collecting on an income execution since December, 2012.

WHEREFORE, your deponent respectfully requests that the instant motion be granted in all respects and for such other and further relief as to this Court may seem just and proper.

Sworn to before me this
7th day of April, 2015

_____
Notary Public

_____
Anto Lulaj

GARY KAVULICH
Notary Public, State of New York
No. 02KA6205615
Qualified in Westchester County
Commission Expires May 11, 2017

# EXHIBIT 3

CONSUMER CREDIT TRANSACTION. THIS IS AN ATTEMPT TO COLLECT A DEBT
AND ANY INFORMATION OBTAINED WILL BE USED TO COLLECT THIS DEBT.
CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X

Kelly Street Realty, Inc.,
          Plaintiff,

                                  INDEX NO.
                                  FILE NO. 4778

-against-

                                  SUMMONS
                                  Place of Venue is Plaintiff's
                                  place of business:

Laura Marrero,

                                  928 Kelly Street
                                  Bronx, NY 10459

                Defendant(s)

-----------------------------------------------------------X
To the above named defendants(s):

   YOU ARE HEREBY SUMMONED to appear at the CIVIL COURT OF THE CITY OF
NEW YORK, COUNTY OF BRONX at the office of the clerk of the said Court at 851 Grand
Concourse, Bronx, NY 10451, in the COUNTY OF BRONX, State of New York, within the
time provided by law as noted below and to file an answer to the below complaint with the
clerk: upon your failure to answer, judgment will be taken against you for the sum of
$23,338.92 with interest thereon from May 1, 2003 together with costs of this action.

DATED: October 22, 2008

                                  By: Gary Kavulich, Esq.,
                                  Kavulich & Associates, P.C.
                                  Attorney for Plaintiff
                                  30 Church Street
                                  Suite 26
                                  New Rochelie, NY 10801
                                  (914) 355-2074

Defendant's Address:
 Laura Marrero
2303 Belmont Avenue, Apt. 5
Bronx, NY 10458-8343

Note: The law provides that: (a) If the summons is served by its delivery to you personally
within the City of New York, you must appear and answer within TWENTY days after such
service; or (b) If the summons is served by any means other than personal delivery to you
within the City of New York, you must appear and answer within THIRTY days after proof of
service thereof is filed with the Clerk of this Court.

## COMPLAINT

FIRST ACTION: Plaintiff seeks to recover damages from defendant(s) for breach of a lease agreement in the sum of $22,838.92 representing rental arrears for the months of May, 2003 balance of $625.70; June, 2003 through and including October, 2004 at the agreed monthly sum of $1,306.66 for the premises known as 928 Kelly Street, Apt.#1 Bronx, NY 10459 together with costs and disbursements of this action and for such other and further relief as the court may deem just.

SECOND ACTION: Plaintiff seeks to recover damages from the defendant in the sum of $0.00 representing damages together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

THIRD ACTION: Plaintiff seeks to recover damages from the defendant in the sum of $500.00 representing reasonable attorneys fees together with costs and disbursements of this action and for such other further relief as the Court may deem just.

WHEREFORE, Plaintiff demands judgment (A) on the First Action, in the sum of $22,838.92 plus interest from  May 1, 2003 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (B) on the Second Action, in the sum of  0.000 plus interest from May 1, 2003 together with costs and disbursements of this action and for such other and further relief as the Court may deem just, (C) on the Third Action, in the sum of $500.00 together with costs and disbursements of this action and for such other and further relief as the Court may deem just.

The Plaintiff in this action is NOT required to be licensed by the New York City Department of Consumer Affairs.

# AFFIDAVIT OF SERVICE

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Index No. 100350/08
Filed: _____

Attorneys: Kavulich & Associates, P.C.
Address: 30 Church Street, Suite 26, New Rochelle, NY 10801   File No. 4778

KELLY STREET REALTY INC.

vs.

LAURA MARRERO.

State of New York County of Nassau SS:

Aston G. Evans II, being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age. On November 8, 2008 at 6:41p.m.
At: 2303 Belmont Avenue, Apt. 5, Bronx, NY 10458 served the within Summons and Complaint
on: LAURA MARRERO. Defendant therin named

| | |
|---|---|
| Individual [] | By delivering a true copy of each to said recipient deponent knew the person served to be the person described as said person therein. |
| Corporation [ ] | By delivering to and leaving with _____ and that deponent knew the person so served and authorized to accept service on behalf of the Corporation |
| Suitable Age Person [] | By delivering a true copy of each to a person of suitable age and discretion Said premises is recipients [ ] actual place of business [] dwelling house within the state. |
| Affixing to Door [X] | By affixing a true copy of each to the door of said premises, which is recipients [ ] actual place of business   [X] dwelling house (place of abode) within the state |
| Mail Copy [X] | On November 10, 2008 deponent completed service under the last two sections by depositing a copy of the Summons and Complaint to the above address in a 1st Class properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. |

Deponent was unable, with due diligence to find the recipient or a person of suitable age and discretion having called thereat:

On the 5th day of November, 2008  at 9:45a.m.
On the 7th day of November, 2008  at 4:20p.m.
On the 8th day of November, 2008  at 6:41p.m.

Description  A description of the Defendant, or other person served on behalf of the Defendant
[] Sex: __ Color of skin: ____ Color of Hair: _____ Age: _____ Height: _____ Weight: ____

Military Svsc  Deponent asked person spoken to whether the recipient was presently in military
[X]  service of the United States Government or of the State of New York and was
informed that the recipient is not. Recipient wore civilian clothes and no military uniform

Other
[X]"John Doe" neighbor stated that the Defendant is not in the military.

Sworn to before me on this 10 day of 11/08

_____
Aston G. Evans II
LIC# 1230069

# EXHIBIT 4

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

Court Index No. 100950/09

File No.     4778.0

Kelly Street Realty, Inc.,

Plaintiff,

Against

INCOME EXECUTION

Laura Marrero,

Defendant(s).

The People of the State
of New York

The following judgment was duly entered in favor of the plaintiff (judgment creditor) in the office of the clerk of the within court

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|---|
| CIVIL COURT OF THE CITY OF NEW YORK AM COUNTY OF BRONX | 2/26/2009 12:00:00 AM $33,318.67 | | $33,318.67 | 2/26/2009 12:00:00 |

The judgment was recovered against        Laura Marrero
And transcripted with the county clerk(s) of        Bronx        defendant (judgment debtor)

WHEREAS, this execution is issued against        Laura Marrero        defendant (judgment debtor)
Whose last known address is:    2503 Belmont Avenue
                                 Apt. 6   Bronx, NY   10458-4543
and said defendant (judgment debtor) is receiving or will receive from the Employer whose name and address is :
Allied Barton Security Services LLC   161 Washington Street, Ste. 600 8 Tower Bridge
Conshohocken, PA 19428   ATTN: Payroll

More than $        per week, to wit $ 5        to be paid weekly installment of $        as the
Title or position        Soc Sec. and prudos No.        harms Office or Subdivision        Index
No        0976

You are directed to satisfy the judgment with interest together with your fees and expenses, out of all monies now and hereafter due owing to the judgment debtor from the Employer pursuant to CPLR § 5231 & 16 U.S.C 1671, et Seq
Directive to Judgment Debtor: You are notified and commanded within 20 days to start paying to the Enforcement Officer serving a copy of this Income Execution on your installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income execution are fully paid and satisfied, and if you fail to do so this Income Execution will be served upon the Employer by the Enforcement Officer.
Directive to the Employer: You are commanded to withhold and pay over to the Enforcement Officer serving a copy of this Income Execution on your installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to judgment debtor until the judgment with interest and fees and expenses of this Income Execution are fully paid and satisfied.

Dated
9/26/2012

Gary Kavulich Esq.
Kavulich & Associates, P.C.
181 Westchester Avenue, Suite 5002
Port Chester, NY 10573
(914) 355-2074

* "Employer," herein, includes any payor of money to Judgment Debtor.

## Important Statement

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules § 5231 and 16 United States Code § 1671 et seq.

I.    Limitation on the amount that can be withheld

A.   An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

B.  If a judgment debtor' weekly disposable earnings are less than thirty (30) times the current federal minimum wage ($5.85 per hour), or $175.8* — No deduction can be made from the judgment debtor's earnings under this income execution.

C.  A judgment debtor's weekly disposable earnings cannot reduced below the amount arrived at by multiplying thirty (30) times the current federal minimum wage ($5.85* per hour), or $175.50* under this income execution.

D. If deductions are being made from a judgment debtor's earnings under any order for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent(25%) of the judgment debtor's disposable earnings, no deduction can be made from the judgment debtor's earning under this income execution.

E. If deductions are being made from a judgment debtor's earning under any order for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five percent(25%) of the judgment debtor's disposable earnings, deductions may be ma de from the judgment debtor's earnings under this income execution. However, the amount arrived at by adding the deductions from earnings made under this execution to the deductions made from earning under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent(25%) of the judgment debtor's disposable earnings.

NOTE: Nothing in this notice limits the proportion or amount, which may be deducted under any order for alimony, support or maintenance for family members or former spouses.

II. Explanation of Limitations
Definitions

Disposable Earnings – Disposable earning are the part of an individuals earnings after deduct those amounts that are required to be withheld (for example, taxes, social security and unemployment insurance, but not deducting for union dues, insurance ..., etc.)

Gross Income– Gross income is salary, wages or other income, including any and all overtime earnings, commissions, and income from trusts, before any deductions are made from such income.

Illustrations regarding earnings:

| If disposable earnings is: | Amount to pay or deduct from earning under this income execution |
| --- | --- |
| (a) 30 times federal minimum wage is: ($175.50*) or less | No payment or deduction allowed |
| (b) More than 30 times federal minimum Wage ($175.50* ) and less than 40 times federal minimum wage ($234.00* ) | The less of the excess over 30 times the federal minimum wage ($175.50* ) in disposable earnings, or 10% of gross earnings. |
| (c) 40 times the federal minimum wage ($234.00* ) or more | The less of 25% o disposable earnings or 10% of gross earnings. |

III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR% 5231 (i) and CPLR% 5240

If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment.
If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged

CPLR % 5231 (i) Modification.At any time, the judgment debtor may make a option to a court for an order modifying an income execution.

CPLR % 5240 Modification or protective order: supervision of enforcement At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post judgment enforcement procedure, including the use of income executions.
*Based upon $4.25 minimum hourly wage. Recalculate and insert correct figures if the minimum hourly wage changes.
Endorsement:
Date and Time execution received:

_____ Installments paid to _____ have satisfied the judgment to the extent of $_____

Principal and $_____ interest.
_____   _____
Levying officer                        County

Return to the judgment creditor or his attorney on _____ because of inability to

Find garnishee in the county.
_____   _____
Levying officer                        County

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34
-------------------------------------------X

INDEX NO. 100350/08
FILE NO. 4778

KELLY STREET REALTY, INC.,

                   Plaintiff,

      -against-

LAURA MARRERO,

                 Defendant.

-------------------------------------------X

## AFFIRMATION OF SERVICE

Gary Kavulich, Esq., an attorney duly admitted to practice law before the courts of the State of New York hereby affirms the following under the penalty of perjury.

On April 10, 2015, I served the within Affirmation in Opposition upon the movant in this action, by depositing a true copy in a post-paid envelope addressed to:

                Laura Marrero
          1468 Bryant Ave., Apt. 4B
             Bronx, NY 10460

in an official depository under the exclusive dominion and control of the United States Postal Service within the State of New York via regular first class mail.

_____
Gary Kavulich, Esq.



INDEX NO. 100350/08

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 34

KELLY STREET REALTY, INC.,

Plaintiff,

- against -

LAURA MARRERO,

Defendant.

AFFIRMATION IN OPPOSITION

Signature Rule 130-1.1-a

Print Name Beneath –                                    Matthew Kasper, Esq.

Kavulich & Associates, P.C.
Attorneys for Plaintiff
181 Westchester Ave., Suite 500C
Port Chester, NY 10573
(914) 355-2074



EXHIBIT 5

4778

Civil Court of the City of New York
County of _____ Bronx _____
Part 34

Kelly Sheet Realty, Inc

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Laura Marrero

Defendant(s)/Respondent(s)

Index Number  Cv 100350-65 BX

**DECISION/ORDER**

Defendant moves the court seeking to vacate the default
judgment entered against her.

Defendant argues that she never received notice of the lawsuit
and that she vacated the ~~apartment~~ subject premises due to
a fire which resulted in her being placed in an emergency
shelter by the Red Cross and being ultimately relocated.

Defendant further argues that she does not owe the debt in
question because the tenancy at issue was subsidized by Section
8.

Plaintiff opposes the motion on the ground that defendant knowingly
disregarded execution measures and lacks an excusable default and
meritorious defense.

It is well-settled that courts favor disposition on the merits.
While the court is not unmindful of the length of time which has

Date                                    Judge, Civil Court

page 1 of 3

CIV-GP-41 (January, 1998)

Page 170

(4778)

Civil Court of the City of New York
County of _____ Bronx
Part 34

Kelly Street Realty, Inc

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Laura iMarino

Defendant(s)/Respondent(s)

Index Number _01 100350 17 BX_

**DECISION/ORDER**

elapsed since the judgment was entered, serious questions are
raised regarding whether the debt here to wit, Rental
arrears, are attributable to the defendant. Aside from the
obvious troubling issue of a fire allegedly decimating the
subject premises. Section 8 rules prohibit the tenant being
charged for more than his/her "tenant-share" of the rent.
Accordingly, the court is satisfied that the defendant has
come forward with an excusable default and meritorious defense.
The warrant granting the instant order to show cause.

The judgment is vacated and any and all income or wage
garnishments, bank restraints and execution (sheriff or marshal
levies are vacated. Any monies collected in connection with the
judgment shall be returned forthwith.

The answer annexed to the defendant's order to show cause

Date _____

CIV-GP-49 (January, 1990)

_____ Judge, Civil Court

pg 2/3

4778)

**Civil Court of the City of New York**
County of _Bronx_

Part _34_

Kelly Strut Realty, Inc

Index Number _CV  100250-08 BX_

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Laura Marrero

Defendant(s)/Respondent(s)

**DECISION/ORDER**

It denie filed and interposed in this matter and the defendant may amend same within 20 days of the date of this order.

The matter is restored to the calendar for a pre-trial conference July 8, 2015 at 9:30 A.M. Defendant is to subpoena Section 8.

Defendant shall serve a copy of this order with notice of entry within 10 days by 1st class mail with certificate of mailing.

This constitutes the decision and order of the Court.

ENTERED
BRONX COUNTY

MAY 1 2 2015

Civil Court
of the
City of New York

5/7/15
Date

Judge, Civil Court
HON. VERNA L. SAUNDERS

CIV-U7-41 (January, 1991)

Page 172

INDEX NO: 100350/08

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

KELLY STREET REALTY, INC.,

Plaintiff,

- against -

LAURA MARRERO,

Defendant.

ORDER TO SHOW CAUSE

Signature Rule 130-1.1-a

_____    _____
Print Name Beneath                Matthew Kasper, Esq.

Kavulich & Associates, P.C.
Attorney for Plaintiff
181 Westchester Ave., Suite 500-C
Port Chester, NY 10573
(914)355-2074

## CASE SUMMARY

| | |
|---|---|
| Court: | Bronx County Civil Court |
| Index Number: | CV-100350-08/BX |
| | |
| Case Type: | Civil |
| Filed Date: | 10/30/2008 |
| Classification: | Consumer Credit |
| Status: | Disposed |
| | |
| Disposed Date: | 02/26/2009 |
| Disposed Reason: | Judgment(1)-Default Judgment |

Plaintiff(s):
KELLY STREET REALTY INC.

vs.

Defendant(s):
LAURA MARRERO

Cause(s) of Action: Breach of Contract or Warranty in the amount of $23,338.92 with interest from 05/01/2003

(P) KELLY STREET REALTY INC.
Karulich & Associates PC - 181 Westchester Avenue, Suite 500C, Port Chester, NY 10573, (914) 355-2074 ext:

(D) LAURA MARRERO - 2303 BELMONT AVENUE, APT 5, BRONX, NY 10458

### PAPERS RECORDED

| | |
|---|---|
| 10/30/2008 | Summons and Complaint (Attorney). Filed By: (P) KELLY STREET REALTY INC. |
| 02/23/2009 | Judgment (Default Judgment), Seq 1, Filed Date: 02/23/2009, Total Judgment: $33,318.67, Entered Date: 02/26/2009 Status: Entered (02/26/2009). Creditor(s): (P) KELLY STREET REALTY INC., Debtor(s): (D) LAURA MARRERO |

This report reflects information recorded as of 03/10/2015 03:34 PM. Users should verify the accuracy of information by consulting original court records or sources. The Unified Court System is not responsible for consequential use of this data.

Page 1 of 1

# Civil Court of the City of New York

County of ___Bx___ __11__

Part

Index Number CV – 100350 - 08/BX

Motion Cal. # _____ Motion Seq. # _____

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

Kelly Street Realty, Inc.

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Laura Marrero

Defendant(s)/Respondent(s)

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | |
| Order to Show Cause and Affidavits Annexed..... | |
| Answering Affidavits ................................. | |
| Replying Affidavits................................... | |
| Exhibits ............................................... | |
| Other................................................... | |

Upon the foregoing cited papers, the Decision/Order on this Motion to _____

_____ is as follows:

Plaintiff has failed to appear for trial. Case dismissed for nonappearance.

In accordance with J. Verna Saunder's order, dated May 12, 2015, all monies collected in connection with the now vacated judgment shall be returned to defendant forthwith.

ENTERED
BRONX COUNTY,
FEB 10 2016
Civil Court
of the
City of New York

___2/10/16___
Date

Judge, Civil Court

HON. SHAW _____

CIV-GP-95 (Revised September 1999)

Civil Court of the City of New York

CV 100350 -08

CV-100350-08/BX

KELLY STREET REALTY INC.

-against-

LAURA MARRERO

| Comments | Notes |
|---|---|

**Civil Court of the City of New York**
**851 Grand Concourse**
**Bronx, New York 10451**

Laura Warren
1468 Bryant Ave
Bronx New York 10460

CIV-GP-78 (Replaces 43-1006A)  100350 08

## PLEASE PRINT

Index No. CV-1003-50-08 Year ....

# Civil Court of the City
# of New York

County of .............................

---

## NOTICE

**Filed papers may not be taken from this office and must be returned to the requisition counter.**

PENAL LAW, Sections 175.20 and 175.25 provide a penalty of imprisonment or fine for unlawful removal or alteration of a public record.

---

*against—*

---

## REQUISITION

SEND TO:

_____

_____

_____

FOR:

_____

_____

Name Laura Marrero

Address 1468 Bryant ave #4B

Date 3-10-2015